UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHARON L. NUSKEY,

Plaintiff,

v.

JAMES H. LAMBRIGHT,

Defendant.

Civil Action No.: 06-1573 (PLF)

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM**

Defendant, James H. Lambright, Director, United States Export-Import Bank, respectfully moves for summary judgment, pursuant to Rule 56, on the basis of statute of limitations. Plaintiff brings this employment case under Title VII and the Age Discrimination in Employment Act ("ADEA"), alleging discrimination, harassment and retaliation in her work at the Export-Import Bank. Through counsel, she filed her action in District Court 93 days after issuance of the agency's final agency decision. Because that decision was received two days after it was issued, she filed her complaint in this Court one day too late. A statement of material facts is attached hereto, along with a supporting declaration and exhibits.

**Factual background**

The agency issued its Final Agency Decision ("FAD") on June 7, 2006. See Ex. B to Dec. of Demetrice Bess (copy of the FAD); accord Complaint ¶ 13 (noting that FAD was dated June 7, 2006); Answer ¶ 13. The agency mailed the FAD via certified mail to Plaintiff's home address on that same day. See Bess Dec. ¶¶ 3-5 and Ex. A thereto. The FAD was received by Plaintiff or someone at her residence two days later on June 9, 2006. See id. ¶ 6 and Ex. C thereto; cf. Complaint ¶ 13 ("On June 12, 2006, Plaintiff received a copy of the FAD[.]").

**Standard of Review**

Summary judgment is appropriate when the record shows that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986); Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994). In determining whether a genuine issue of material fact exists, the trier of fact must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587. The mere existence of a factual dispute, however, will not defeat summary judgment. The non-moving party must show that the dispute is genuine and material to the case. That is, the factual dispute must be capable of affecting the substantive outcome of the case and supported by sufficiently admissible evidence that a reasonable trier of fact could find for the non-moving party. Anderson, 477 U.S. at 247-48; Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987). If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial[,] [and] [t]he moving party is 'entitled to judgment as a matter of law.'" Celotex Corp., 477 U.S. at 323 (citations omitted).

Similarly, mere conclusory allegations are not enough to survive a motion for summary judgment. See, e.g., Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993); Thrash v. Library of Congress, 2006 U.S. Dist. LEXIS 9988 at *20 (D.D.C. Feb. 24, 2006); Rowland v. Riley, 5 F. Supp. 2d 1,3 (D.D.C. 1998); Benn v. Unisys Corp., 176 F.R.D. 2 (D.D.C. 1997). Likewise, an affidavit which merely recites conclusory allegations will not defeat summary judgment. See Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990) ("The object of [Rule 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.") As the Supreme Court has instructed: "the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Per Rule 56(b), a defendant may file for summary judgment "at any time" against any or all of plaintiff's claims.

**Argument**

Plaintiff's Complaint should be dismissed because she filed it after the applicable limitations period had expired. The deadline for filing her complaint in federal court is set by statute at ninety days after plaintiff or her representative receives the final adverse decision from the agency:

> within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint, may file a civil action as provided in section 2000e-5 of this title[.]

42 U.S.C. § 2000e-16(c); see also 29 C.F.R. § 1614.103(a). Plaintiff or someone at her residence received the FAD on June 9, 2006, but Plaintiff failed to file a Federal suit within the ninety day statute of limitations period. See 29 C.F.R. § 1614.407. Although this deadline is not jurisdictional, compliance with the deadlines in Title VII and the ADEA is a necessary predicate to a suit and the Supreme Court has made plain that missing the deadline by a few days generally merits dismissal. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148-50 (1984).

This Court has routinely applied the ninety-day requirement to bar late-filed employment discrimination claims, absent compelling reasons for equitable tolling, even where the deadline was missed by a day or a few days. See, e.g., DePippo v. Chertoff, --- F. Supp. 2d ---, 2006 WL 2686758 (D.D.C. Sep. 20, 2006) (Urbina, J.) (dismissing Title VII case filed one day too late); Smith v. Dalton, 971 F. Supp. 1, 2-3 (D.D.C. 1997) (dismissing as untimely *pro se* Title VII complaint filed on the 91st day); see also Jackson v. Snow, No. 05-1266 (CKK), 2006 WL 212136 (D.D.C. Jan. 27, 2006) (Title VII, one day too late); Colbert v. Potter, No. 04-996 (HHK) (D.D.C. July 28, 2005) (Title VII, two days too late), appeal docketed, No. 05-5330 (D.C. Cir. Aug. 31, 2005); Tyler v. Henderson, No. 00-60 (RWR), 2001 WL 194930 (D.D.C. Feb. 22,

2001) (Title VII claims filed on 94th day), aff'd, No. 01-5085, 2001 WL 1297501 (D.C. Cir. Sep. 12, 2001).

The D.C. Circuit Court of Appeals routinely affirms such dismissals. See, e.g., Tyler, *supra*; Smith-Haynie v. District of Columbia, 155 F.3d 575 (D.C. Cir. 1988) (affirming summary judgment where Title VII action was filed on the 92nd day). Finally, it bears noting that the Supreme Court has also instructed:

> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980), '[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'"

Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984). Plaintiff here missed the ninety-day deadline for filing her lawsuit. Accordingly, unless she can show that she is entitled to equitable tolling of the limitations period, the Court should dismiss her case.

Equitable tolling of the 90-day time limit is permissible only in narrow circumstances. In Irwin, the Supreme Court explained: "Federal courts have typically extended equitable relief only sparingly. . . . We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." Id. at 96. See also Smith-Haynie v. District of Columbia, 155 F.3d 575, 580 (D.C. Cir. 1998) (equitable tolling is "exercised only in extraordinary and carefully circumscribed instances."); Mondy v. Secretary of the Army, 845 F.2d 1051, 1057 (D.C. Cir. 1988). Cf. Bowden v. United States, 106 F.3d 433, 438 (D.C. Cir. 1997) (permitting equitable tolling). None of the factors supporting equitable tolling are apparent. Therefore, Plaintiff's case should be dismissed as untimely.

November 6, 2006

Respectfully submitted,

____________________________________
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

OF COUNSEL:
Faisal Siddiqui
Office of the General Counsel
Export-Import Bank of the United States

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHARON L. NUSKEY, | ) | |
| Plaintiff, | ) | Civil Action No.: 06-1573 (PLF) |
| v. | ) | |
| JAMES H. LAMBRIGHT, | ) | |
| Defendant. | ) | |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant, James H. Lambright, Director, United States Export-Import Bank, respectfully submits the following statement of material facts not in genuine dispute, pursuant to Local Rules 7(h) and 56.1.

1. On June 7, 2006, the United States Export-Import Bank ("Ex-Im Bank") issued a Final Agency Decision ("FAD") in Plaintiff's administrative complaint for employment discrimination. See Dec. Demetrice Bess and Ex. B thereto.
2. On June 7, 2006, the Ex-Im Bank mailed a copy of the FAD, via certified mail, to Plaintiff's home address. See id. ¶¶ 3-5 and Ex. A thereto (sender's receipt).
3. On June 9, 2006, the FAD was received by Plaintiff or someone at her residence. See id. ¶ 6 and Ex. C thereto (Postal Service confirmation of delivery time and date).
4. On September 8, 2006, Plaintiff filed her complaint in the instant civil action. See Complaint at 1.

November 6, 2006

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/

ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

**OF COUNSEL:**
Faisal Siddiqui
Office of the General Counsel
Export-Import Bank of the United States