IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON L. NUSKEY,<br>2900 Connecticut Avenue, N.W., #126<br>Washington, D.C. 20008,<br><br>Plaintiff,<br><br>v. | Civil Action No: 1:06CV01573 |
| JAMES H. LAMBRIGHT,<br>Chairman and President<br>Export-Import Bank of the United States<br>811 Vermont Avenue, N.W.<br>Room 1215<br>Washington, D.C. 20571-0002,<br><br>Defendant. | Judge Paul L. Friedman |

DECLARATION OF SHARON L. NUSKEY

I, Sharon L. Nuskey, declare as follows:

1. On Thursday, June 8, 2006, I left my residence at approximately 8:00 a.m. to go to work. That evening, I left work and traveled (without returning to my apartment) to the home of my sister and brother-in-law, Dawn and James Steinbauer, in Leesburg, Virginia. On the next morning, Friday, June 9, 2006, the three of us drove together to Montauk, New York. I stayed at the "Driftwood on the Ocean" Hotel for two nights – Friday, June 9th and Saturday, June 10th – while attending a wedding and related activities. Attached to the brief for which I am providing this declaration is a copy of the check cashed by the hotel, which I certify is a representation of the payment that I made for the hotel stay.

EXHIBIT
3

tabbies

2. I checked-out of the hotel on Sunday morning, June 11th, and returned to my apartment in Washington, D.C. at approximately 8:00 p.m. on that same evening. I went to the general mail room in the lobby of my apartment building that evening to retrieve any mail that may have been delivered when I had been out of state because it is my general practice to check and/or retrieve my mail sent to my residence on a daily basis, and this was only the second weekend that I had traveled out of town in the past year. On the evening of Sunday, June 11, 2006, I retrieved the mail in my individual mailbox. There was no certified mail enclosing the final agency decision ("FAD") from the agency with my mail. There was no notice left in my box that any certified mail had been sent to me or that any other packages had been held for me. I did not see that any certified mail addressed to me was left for me to retrieve anywhere else in the general mail room. Because of this, I had no knowledge of the existence of the FAD or that any certified mail had been sent to me by the agency which enclosed the FAD.

3. I went to work on the morning of Monday, June 12, 2006, and accessed the general mail room in the lobby of my apartment building when I returned from work later that evening. At that time, I saw and retrieved a large manila envelope from the Export-Import Bank that was addressed to me, which was lying on a table in the mail room. This was the first time that I saw the certified mail envelope or was otherwise aware of its existence.

4. The envelope indicated that it was sent via the U.S. Postal Service by certified mail, but did not include a delivery date, time or signature. There was no indication that anyone had "accepted the delivery" of the certified mail envelope on my behalf. Furthermore, the Domestic Return Receipt (green card) postcard that was addressed to me remained attached to the envelope, without being signed or dated by anyone. The other side of the attached postcard

had a stamped return address for the agency. No directions were left with the envelope instructing me to complete and mail the "green card" to the agency or to otherwise return it to the U.S. Postal Service and, therefore, I did not complete and send in the card on my own.

5. I have not given my apartment building management or anyone else authorization to sign for or receive packages that are sent to me, including articles of U.S. Postal Service certified mail. I have a co-tenant on the lease for my unit, but neither she nor any other person other than myself has lived in the apartment unit since the spring 2005. Moreover, no one was in my apartment unit between Thursday, June 8th and Sunday, June 11th. The agency did not provide me with advance notice of when the FAD would be sent to me and, therefore, I had no expectation that the FAD would arrive at my residence while I was out of state for the long weekend.

6. On the evening of Monday, June 12, 2006, I called one of my attorneys, Lisa A. Bernstein at Shaw, Bransford, Veilleux & Roth, P.C. and left a voice mail message stating that I had received the FAD that same evening. I confirmed this fact during a subsequent teleconference call with Ms. Bernstein on the following day.

7. I was not aware of any issue regarding when the FAD was "received" by me or the timeliness of the filing of my civil Complaint until after I received and reviewed the agency's Motion for Summary Judgment on Monday, November 6, 2006. At all pertinent times, I have contended and continue to contend that it was my intent to abide by the applicable law and that I have timely filed my civil Complaint in federal district court. I do not know for a fact whether the FAD arrived at my apartment building on June 9, 2006 as the agency contends in its Motion. However, I can unequivocally state that I did not personally receive it until Monday, June 12,

2006. Also, there was no evidence on the FAD envelope that anyone signed for receipt of the FAD on an earlier date, and I have not authorized anyone to accept certified mail on my behalf.

8. I have at all times diligently acted on issues relating to my EEO complaint. I have been conscientious of all of the prior deadlines during the administrative processing of my EEO complaint. I also fully cooperated during the during the administrative processing and completed all requirements that were imposed on me by the agency.

9. After I received the FAD on Monday, June 12, 2006, on my behalf, my counsel attempted for a second time to negotiate settlement with the agency prior to preparing and filing the civil Complaint. Since, despite my best efforts, I have not been able to obtain full-time, non-intermittent permanent employment since my termination from the Export-Import Bank, I have also had to garner resources for this litigation prior to the filing of my civil Complaint.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.

Executed on: 15 November 2006 By: Sharon L. Nuskey
Date Sharon L. Nuskey