UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON L. NUSKEY,<br><br>Plaintiff,<br><br>v.<br><br>JAMES H. LAMBRIGHT,<br><br>Defendant. | Civil Action No.: 06-1573 (PLF) |

**DEFENDANT'S REPLY IN SUPPORT OF SUMMARY JUDGMENT**

Defendant, James H. Lambright, Director, United States Export-Import Bank, files this reply memorandum in support of its motion for summary judgment on the basis of statute of limitations in this employment case under Title VII and the Age Discrimination in Employment Act ("ADEA"). Plaintiff does not dispute that the Final Agency Decision ("FAD") was "delivered" to her residential address on June 9, 2006, see Plf. Opp. at 9, but only that it was delivered without being "received," id., by her or "any person acting on her behalf," id. at 11. As explained more below, the difference between "delivered" and "received" is simply not a material dispute of fact and is not sufficient to defeat summary judgment for the Bank.

In her opposition, Plaintiff explains that when the FAD was delivered, the Postal Service somehow left the green return receipt attached to the envelope, without requiring anyone at her address to sign for it. See Opp. at 4, and Ex. 2 thereto (showing green card still attached to envelope). Plaintiff provides a detailed explanation for her absence from her apartment for several days around that time, and notes that she did not personally receive the FAD until June 12, 2006. See id. at 3-5, and Ex. 3 thereto (Plaintiff's declaration).

1. None of this makes any material difference to the statute of limitations issue before the Court. First, Plaintiff cannot dispute that the FAD was delivered on June 9, 2006, to the address *she* provided the agency in the administrative processing of her discrimination complaint. Accord Plf. Opp. at 6 ("Plaintiff does not know for a fact whether the FAD arrived at

her apartment building on June 9, 2006, as the Agency contends in its motion."). Second, Plaintiff has produced no evidence to suggest that the proof of delivery offered by the Bank was incorrect. See Ex. C to Def. Mot. Sum. J. (Postal Service response to inquiry regarding delivery of serial no. Z 319 717 039). Delivery to her correct address is sufficient; quibbling about what arrangements Plaintiff may or may not have made for someone else to pick up her mail at her given address, and when they might have done so, are immaterial and are precisely the sort of factual disputes that the courts have wisely sought to avoid in the context of Title VII statute of limitations. See, e.g., Irwin v. Dep't Veterans Affairs, 498 U.S. 89, 93 (1990) ("The practical effect of a contrary rule would be to encourage factual disputes about when actual notice was received, and thereby create uncertainty in an area of the law where certainty is much to be desired.").

Moreover, the case law, starting from Irwin itself, is clear that delivery is the touchstone, not receipt. In Irwin, the agency decision was delivered to the addresses of the employee and the employee's attorney, and the latter arrived first, four days after mailing. The attorney was out of the country at the time and did not return for a couple weeks, id. at 91, but the Court squarely rejected the employee's argument "that the clock does not begin until the claimant himself has notice of his right to sue," id. at 92. See also Jackson v. Snow, No. 05-1266 (CKK), 2006 WL 212136, *3 (D.D.C. Jan. 27, 2006) ("It is well settled that notice of final action is 'received' when the agency *delivers* its notice to a claimant or a claimant's attorney-whichever comes first.") (emphasis added).

2. Nothing in the case law cited by Plaintiff requires or even suggests a different analysis. First, nothing in the court's discussion in Threadgill v. Moore U.S.A., Inc., 269 F.3d 848 (7th Cir. 2001), cert. denied, 535 U.S. 970 (2002), focused on the distinction between delivery to the employee's address and actual receipt by the employee thereafter. Instead, the employee in that case admitted actual receipt on a particular date. See id. at 849 & 850. The language quoted by Plaintiff--"Two types of receipt . . . can start running the 90-day limitation

period," Plf. Opp. at 11 (quoting from 269 F.3d at 850)--is not meant to require actual receipt by the employee and reject all other ways for the limitation period to begin. Instead, the gist of the decision in Threadgill was its rejection of the employee's simplistic argument that she was entitled to equitable tolling on the basis of the much later receipt of the FAD by her attorney because the Court in Irwin also relied on the date of receipt by the employee's attorney. See 296 F.3d at 850-51. The Seventh Circuit rejected this argument in short order, and then noted in conclusion: "While Threadgill's failure to understand the implications of the right-to-sue notice elicits sympathy, '[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.'" 296 F.3d at 850 (quoting Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984)).

Similarly, in Smith v. Dalton, 971 F. Supp. 1 (D.D.C. 1997), this Court entered judgment for the agency on the basis of expiration of the 90-day deadline to file a Title VII case. The employee argued that the time of filing the case in court--i.e., the *end* of the limitations period--should have been taken as a day earlier. See id. at 3. This is totally beside the point that Plaintiff is trying to establish here--that actual receipt by the employee is the rule for the *beginning* of the limitations period. It is not the rule and nothing in Smith provides any support for Plaintiff.

Next, Plaintiff hints that Jackson v. Snow, *supra*, somehow requires proof in the form of the green return receipt, since that evidence was heard in Jackson. See Plf. Opp. at 11 ("The agency produced signed certified mail receipts to the court[.]") (emphasis in original). Again, the decision in the Jackson case provides no support for the key proposition that Plaintiff seeks to advance here. Instead, the decision rejected the employee's argument that she was entitled to actual notice and that receipt by her attorney would not suffice. See 2006 WL 212136 at *3-4.

Similarly, in Colbert v. Potter, No. 04-996 (HHK), 2006 WL 3273571 (D.D.C. July 28, 2005) (dismissing Title VII case as two days too late), appeal docketed, No. 05-5330 (D.C. Cir. Aug. 31, 2005), the agency produced both the white receipt and the front of the green return

receipt, showing delivery to the employee's attorney. See 2006 WL 3273571 at *4. The employee argued that she never received the FAD and that the agency's statute of limitations defense should fail because the agency did not produce a copy of both sides of the green return receipt and relied instead on the side with the dated post-mark. See id. The Court rejected that argument, expressly noting the failure of the employee to produce *evidence* that would rebut the agency's proffered date of delivery. Id.

Similarly, Plaintiff's discussion of Tyler v. Henderson, No. 00-60, 2001 WL 194930 (D.D.C. 2001), aff'd, Fed. Appx. 4 (D.C. Cir. 2001), implicitly relies on receipt as the touchstone, but that is purely a product of Plaintiff's wishful thinking, and not based on anything in Tyler. Again the Court expressly noted the failure of the employee to come forward with evidence to rebut the date of delivery. See id. at *5. Like the employees in Tyler and Colbert, Plaintiff in this case has failed to come forward with evidence to rebut the date of delivery. Instead, she has effectively admitted delivery on June 9, 2006 by explaining that she does not know when it was delivered. See Plf. Opp. at 6.

3. Contrary to Plaintiff's argument, see id. at 16-17, the three-day presumption for delivery does not apply where there is proof of delivery. First, Plaintiff argues that "the instant case is much more analogous to Powell v. Washington Metropolitan Area Transit Authority, 238 F. Supp. 2d 160, 163 n.4 (D.D.C. 2002)." Plf. Opp. at 14-15. The gist of that decision was that, in a case where the agency sent the FAD via regular mail with the unsurprising result that the agency had no evidence whatsoever indicating when delivery or receipt occurred, the courts apply a three-day presumption. See id. at 163 n.4 (citing Baldwin County Welcome Ctr., 466 U.S. at 148 n.1). Here, by contrast, there is ample and undisputed evidence of delivery on June 9, 2006, to the address Plaintiff provided. Accord Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 526 (2d Cir. 1996) (noting that three-day presumption is "not dispositive" and relying instead on evidence in the form of postmarks); cf. Plf. Opp. at 17 (citing Sherlock). Again, it comes back to Plaintiff's failure to produce evidence to dispute delivery on June 9, 2006, to the

address she provided.

4. Finally, Plaintiff's alternative assertion of equitable tolling cannot satisfy the pertinent standards. See Irwin, 498 U.S. at 96. First, Plaintiff cannot show that the Bank mislead her by using certified mail, by sending the FAD to the address she provided or by doing anything else incorrectly. Indeed, the agency's actions in serving Plaintiff with the FAD were completely without mistake. Nor can Plaintiff show that she was diligent in preserving her legal rights for the simple reason that nothing prevented her or her attorneys from consulting the Postal Service website and, by using the Certified Mail serial number (just as Bank counsel did in this case), inquiring as to when the envelope was delivered. It is quite easy and quick to do and was available to her long ago, presumably not long after June 9, 2006. That simple act alone would have eliminated all reasonable doubt as to what Plaintiff's deadline was. Therefore, Plaintiff cannot claim equitable tolling.

November 20, 2006

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

OF COUNSEL:
Faisal Siddiqui
Office of the General Counsel
Export-Import Bank of the United States