UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHARON L. NUSKEY,

Plaintiff,

v.

Civil Action No. 06-1573 (PLF)

JAMES H. LAMBRIGHT,
Chairman, Export-Import Bank
of the United States,

Defendant.

MEMORANDUM OPINION AND ORDER

Plaintiff Sharon L. Nuskey brought this action against her former employer, the Export-Import Bank of the United States ("Bank" or "Agency"), for prohibited age and sex discrimination and reprisal for engaging in protected EEO activity. This matter is before the Court on defendant's motion for summary judgment [9] ("Mot."). Upon careful consideration of the motion, plaintiff's opposition ("Opp."), and defendant's reply, the Court will deny the motion.

As she was required to do, plaintiff contacted an EEO counselor and went through the administrative process for the filing of a discrimination complaint. See Complaint ¶¶ 5-13; Mot. at 1. The agency's EEO office issued a final agency decision ("FAD") on plaintiff's complaint dated June 7, 2006. See Complaint ¶ 13; Mot. at 1; Answer ¶ 13. The FAD found that "[a] preponderance of evidence in the investigative record does not support [Plaintiff's] allegation that [she was] subjected to disparate treatment and harassment based upon sex, age

and reprisal, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA")." Complaint ¶ 13 (alterations in original).

An employment discrimination action against the federal government may only be filed after the complainant has exhausted administrative remedies. Furthermore, under Title VII's time limitations, the complainant must file the civil action within 90 days of receipt of notice of the final agency action on his or her administrative complaint. 42 U.S.C. § 2000e-16(c) provides: "Within 90 days of receipt of notice of final action taken by a[n] . . . agency . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action . . . ." 42 U.S.C § 2000e-16(c).[1] The 90-day time limit is not jurisdictional, but is akin to an affirmative statute of limitations defense. See Colbert v. Potter, 471 F.3d 158, 165 (D.C. Cir. 2006). Failure to file within the limitations period generally results in a loss of the right to sue.[2]

Defendant moves for summary judgment on the grounds that plaintiff's complaint was untimely. See Mot. at 1. Plaintiff filed the complaint in this action on September 8, 2006. Defendant alleges that "plaintiff or someone at her residence" received the FAD on June 9, 2006. See Mot. at 1. Defendant provides an internet printout of a United States Postal Service "Track

---

[1] Similarly, the Code of Federal Regulations provides: "A complainant who has filed an individual complaint, an agent who has filed a class complaint or a claimant who has filed a claim for individual relief pursuant to a class complaint is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court . . . [w]ithin 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed[.]" 29 C.F.R. § 1614.407.

[2] In extraordinary circumstances, the 90-day time limit is subject to equitable tolling. See Irwin v. Veterans Admin., 498 U.S. 89, 95-96 (1990).

& Confirm" receipt in support of this proposition. See Declaration of Demetrice Bess, Exh. C. If plaintiff had received the FAD on June 9, 2006, as defendant argues, her complaint was required to have been filed no later than 90 days thereafter, or on or before September 7, 2006. Instead it was filed on September 8, 2006, the 91st day thereafter, and therefore would be untimely.

Plaintiff alleges, however, that she did not receive the FAD until June 12, 2006. See Complaint ¶ 13; see also Declaration of Sharon L. Nuskey ¶¶ 2-3. Despite defendant's "Track & Confirm" printout, no one at plaintiff's residence ever signed and returned the return receipt indicating when the certified mail delivery of the FAD was received. See Declaration of Sharon L. Nuskey ¶ 4. As such, defendant does not have evidence – the actual signed certified mail receipt – to be able to *prove* when plaintiff received the FAD, which is its burden to do. See Colbert v. Potter, 471 F.3d at 165 (requiring appellate record to be supplemented with the original signed post office Domestic Return Receipt with both the front and back sides of the form showing before affirming grant of summary judgment for defendant); see also Woodruff v. Peters, 482 F.3d 521, 525 (D.C. Cir. 2007) (defendant's affirmative defense of untimely filing fails when defendant fails to submit "hard proof" of the date of receipt of notice).

As plaintiff notes in her opposition, see Opp. at 16-17, both the Supreme Court and this Court have held that in the absence of competent evidence, courts will presume that the date of receipt of an EEOC decision or notice is three days after its issuance. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 n.1 (1984) (per curiam) (citing Fed. R. Civ. P. 6(e)); Powell v. Washington Metropolitan Area Transit Authority, 238 F. Supp. 2d 160, 163 n. 3 (D.D.C. 2002). As such, plaintiff will be deemed to have received her FAD on June 10,

2006. Her complaint in this action was filed on the 90th day thereafter, and therefore was timely. Accordingly, it is hereby

ORDERED that defendant's motion for summary judgment [9] is DENIED; it is

FURTHER ORDERED that the parties' Local Civil Rule 16.3 Joint Report is due on or before June 22, 2007; and it is

FURTHER ORDERED that there will be a status conference on June 29, 2007 at 9:30 a.m.

SO ORDERED.

___________/s/____________________
PAUL L. FRIEDMAN
United States District Judge

DATE: May 30, 2007