UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHARON L. NUSKEY, Plaintiff, v. JAMES H. LAMBRIGHT, Defendant. | ) | Civil Action No.: 06-1573 (PLF) |

**DEFENDANT'S MOTION TO REVISE DECISION**

Defendant, James H. Lambright, Director, United States Export-Import Bank, respectfully moves for reconsideration, pursuant to Rule 54(b), of the Court's denial of its motion for summary judgment. Plaintiff brings this employment case under Title VII and the Age Discrimination in Employment Act. Defendant sought summary judgment on the grounds that Plaintiff filed suit one day after expiration of the ninety-day limitations period. The Court's opinion denying summary judgment errs by rejecting Defendant's fully admissible, competent, and completely uncontested evidence of the date of delivery. A memorandum in support of this motion is attached.

June 7, 2007

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W., Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

OF COUNSEL:
Faisal Siddiqui
Office of the General Counsel
Export-Import Bank of the United States

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHARON L. NUSKEY, Plaintiff, | ) | Civil Action No.: 06-1573 (PLF) |
| v. | ) | |
| JAMES H. LAMBRIGHT, Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO REVISE DECISION**

Defendant, James H. Lambright, Director, United States Export-Import Bank, respectfully moves for reconsideration, pursuant to Rule 54(b), of the Court's denial of its motion for summary judgment. Plaintiff brings this employment case under Title VII and the Age Discrimination in Employment Act. Defendant sought summary judgment on the grounds that Plaintiff filed suit one day after expiration of the ninety-day limitations period. The Court's opinion denying summary judgment errs by rejecting Defendant's fully admissible, competent, and completely uncontested evidence of the date of delivery. The Supreme Court recently clarified that summary judgment is not to be denied on the basis of factual conclusions at odds with the record, and that is precisely the situation here.

Alternatively, if the Court nevertheless deems more is needed to establish admissibility of Defendant's evidence, the proper course is to fashion narrow proceedings to resolve the technical--and exceedingly narrow--issue of the trustworthiness of Defendant's evidence regarding the delivery date.

**Standard of Review**

Reconsideration under Rule 54(b) is permitted in the absence of a final judgment, see Fed. R. Civ. Pro. 54(a) (defining judgment) and (b) ("In the absence of such determination . . . the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims[.]"), and is appropriate "when the Court has 'patently misunderstood a

party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.'" Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (Lamberth, J.). "Errors of apprehension may include a Court's failure to consider '*controlling* decisions or *data* that might reasonably be expected to alter the conclusion reached by the court.' Id. (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995)) (emphasis added).

Note that the required showing for reconsideration under Rule 54(b) is less than that required for reconsideration of a final judgment under Rule 59(e) or 60(b). See, e.g., Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (standards for reconsideration under Rule 59(e)); APCC Serv., Inc. v. AT & T Corp., 281 F. Supp. 2d 41, 44 (D.D.C.2003) (explaining that Rule 60(b) requires a showing of manifest injustice whereas an interlocutory order may be revised under Rule 54(b) "as justice requires") (Huvelle, J.), rev'd on other grounds, 418 F.3d 1238 (D.C. Cir. 2005); Lewis v. United States, 290 F. Supp. 2d 1, 3 (D.D.C. 2003) (Oberdorfer, J.); M.K. v. Tenet, 196 F. Supp. 2d 8, 12 (D.D.C. 2001) (Urbina, J.).

## **Argument**

1. The Court errs by rejecting the undisputed evidence of delivery on June 9, 2006. The printout from the U.S. Postal Service website is fully admissible evidence as a business record under Federal Rule of Evidence 803(6) and as a public record under Rule 803(8)(A). The Postal Service provides website verification of delivery as a service to its customers who have purchased delivery services entailing proof of delivery, including certified mail. See www.usps.com/send/waystosendmail/extraservices/certifiedmailservice.htm. Accordingly, the website verification is a business record, relied upon by both the Postal Service and its customers, and constitutes a business record under 803(6) as a data compilation kept in the regular course of business, pursuant to the Postal Service's regular practice. There is nothing about the website, or Defendant's use of it in this case that suggests any hint of "lack of

trustworthiness" within the meaning of the Rule. See Chapman v. San Francisco Newspaper Agency, No. 01-2305, 2002 WL 31119944, at *2 (N.D. Cal. Sept. 20, 2002) (holding that computer printout of a Postal Service website sufficiently reliable source to establish date of delivery to be admissible public record under Rule 803(8)).

Similarly, it is admissible under Rule 803(8)(A) as a public record because it is a "record[], report[], statement[], or data compilation[], in any form, of public offices or agencies, setting forth (A) the activities of the office or agency."

Moreover, in the absence of either any objection to its admissibility, or any apparent reason to doubt its reliability, the printout is also admissible under Rule 807. Under Rule 807, the "Residual Exception" to the hearsay rule, hearsay evidence with "guarantees of trustworthiness" equivalent to those reflected by the express exceptions in Rule 803 or 804 may be admitted if it meets three criteria:

> (A) the statement is offered as evidence of a material fact;
> (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and
> (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

Fed. R. Evid. 807. First, the website printout is offered here as a material fact. Second, the printout is more probative than any other evidence reasonably procurable by Defendant because, as Plaintiff herself explained, she retained the green return card, see Plf. Opp. at 4 & Ex. 2 thereto (showing green card still attached to envelope), and so it is patently unreasonable to place the burden on Defendant to produce the green card in this case. The printout is probative because, as explained above, it represents the Postal Service's publicly touted and accessible method of verifying delivery of certified mail. For this reason, the printout also provides the necessary "guarantees of trustworthiness" and it is in the interest of justice to treat the evidence as admissible.[1]

---

[1] Of course, at this stage of the proceedings, it is not necessary for Defendant to move successfully for admission of the printout into evidence. It is only necessary for the evidence to be of an admissible kind. See Fed. R. Civ. Pro. 56(e) ("as would be admissible in evidence");

Furthermore, the interests of justice are not served by permitting the sort of cat-and-mouse gamesmanship that Plaintiff is relying on here. If the Postal Service's failure to return the green card had somehow prevented Plaintiff from having knowledge of the date of delivery, the outcome may well be different, but that is indisputably not the case here. The date the FAD was actually delivered was available to Plaintiff, Defendant, and anyone else with the particular serial number on the certified mail envelope, weeks before her deadline actually ran. This is not a case where Plaintiff was hindered somehow from discovering the date, much less hindered by the actions of Defendant.[2]

And this is precisely the sort of situation "where certainty is much to be desired" in the words of Irwin v. Dep't Veterans Affairs, 498 U.S. 89, 93 (1990) ("The practical effect of a contrary rule would be to encourage factual disputes about when actual notice was received, and thereby create uncertainty in an area of the law where certainty is much to be desired."). Indeed, the lesson from Irwin is that the rule for when the limitations period begins to run should not be controlled by a standard that permits one party to control the necessary evidence or access to the evidence. That is precisely why, in Irwin, the Supreme Court rejected the notion that the FAD needed to be delivered into the hand of the employee, as opposed to her mailbox or her attorney's mailbox. There is no requirement that the employee witness the actual delivery of the FAD into her hand or mailbox, and the purpose of using certified mail is precisely to generate evidence of the date of delivery--evidence that is not subject to creative interpretation, gamesmanship, or arguments about being on vacation, as Plaintiff has offered here. (Indeed, the parallels between Plaintiff's defense and that rejected by the Supreme Court in Irwin are striking.)

Moreover, the printout is self-authenticating, pursuant to Rule 901(a) and (b)(7). See,

---

Gleklen v. Democratic Congressional Campaign Com., 199 F.3d 1365, 1369 (D.C. Cir. 2000) ("While a nonmovant is not required to produce evidence in a form that would be admissible at trial, the evidence still must be capable of being converted into admissible evidence.").

[2] Unlike the situation in Colbert v. Potter, 471 F.3d 158 (D.C. Cir. 2006), here the Postal Service is not the Defendant, and so has no apparent bias or interest in the outcome.

e.g., Parikh v. Premera Blue Cross, 2006 WL 2841998 (W.D. Wash. Sep 29, 2006) (documents on Government websites, such as GAO Reports and Health and Human Services' Reports qualify under Fed. R. Evid. 902(5) as self-authenticating); EEOC v. E.I. Du Pont de Nemours & Co., 2004 WL 2347559, at *2 (E.D. La. Oct.18, 2004), rev. in part on other grounds, EEOC v. E.I. Du Pont de Nemours & Co., 480 F.3d 724 (5th Cir. 2007); Hispanic Broad. Corp. v. Educational Media Found., 2003 WL 22867633, at *5 n. 5 (C.D. Cal. Oct.30, 2003). In any event, it should be clear that the information in the printout is subject to verification at any time by anyone with access to the internet, so there is no substantial basis for challenging the authenticity of the printout to be what it purports to be. For these reasons, there is no factual basis nor legal foundation for excluding the uncontested evidence of delivery of the FAD on June 9, 2006.

In response to this evidence, Plaintiff produced no conflicting evidence of any kind. Instead, Plaintiff admitted that she did not know when the FAD was delivered, Plf. Opp. at 6 ("Plaintiff does not know for a fact whether the FAD arrived at her apartment building on June 9, 2006, as the Agency contends in its motion."), and so is necessarily incapable of providing competent testimonial evidence to dispute delivery on June 9, 2006.

2. The Court's evidentiary standard is inconsistent with the Supreme Court's recent analysis in Scott v. Harris, --- U.S. ---, 127 S. Ct. 1769, 1776 (2007) (in deciding summary judgment, "a court should not adopt [a] version of the facts" that "is blatantly contradicted by the record[.]"). As the Scott decision emphasized, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" based on "the record taken as a whole[.]" Id. Here, the record taken as a whole indicates that the Postal Service delivered the FAD via certified mail to Plaintiff's correct address, and although it inexplicably did not return the green card to the agency, the Postal Service did record the delivery date in its computerized system as reflected by the website printout, and its web-accessible system is held out as a reliable method for certified mail customers to verify the date of delivery. See www.usps.com, *supra*. There is no reason in the record to doubt the trustworthiness of the

June 9, 2006, delivery date, nor has Plaintiff offered any evidence--competent or otherwise--suggesting any other delivery date.

3. The Court's reliance on Colbert v. Potter, 471 F.3d 158 (D.C. Cir. 2006), is misplaced, for it does not establish any requirement that a party using certified mail must produce the date-stamped green card in order to establish the date of delivery. This follows first from the simple fact that the government moved for leave, unopposed by the employee, to file both sides of the green card and did so prior to receipt of the Court's same-day order. See id. at 160-61, 166 ("no real dispute"). Moreover, unlike this case, in Colbert there was no evidence presented by either side from the Postal Service's website, and there was evidence produced by the employee to dispute the delivery date urged by the government. See id. at 163. Each of these distinctions suffices, separately, to demonstrate that the reasoning and holding in Colbert do not support the proposition that the decision "requir[ed] the original signed post office Domestic Return Receipt with both the front and back sides of the form showing" in order to affirm summary judgment, per this Court's Memorandum Opinion at 3.[3] Colbert resolved an evidentiary dispute based on the evidence in the record, as supplemented by the parties, in that case. In this case, the parties have established a materially different record, one in which Defendant produced admissible hearsay evidence of delivery on June 9, 2006, and Plaintiff has produced nothing to dispute that date. Thus, it is error to apply the presumptive rule of delivery after three days, because that presumption applies only where there is no evidence on point.[4]

It bears emphasizing that this is not a case involving an equitable issue like tolling of the limitations period, and indeed, the Supreme Court has repeatedly instructed:

> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we

---

[3] It bears noting that the concurring opinion of Judge Sentelle in Colbert would affirm without permitting filing of the additional evidence with the appellate court. See id. at 169.

[4] Similarly, nothing in Woodruff v. Peters, 482 F.3d 521 (D.C. Cir. 2007), requires a different result because in that case the defendant produced nothing whatsoever showing the date of delivery. See id. at 525.

> stated in Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980), '[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'"

Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984). This lesson--and quoted language--was most recently repeated, albeit in a slightly different context, in Ledbetter v. Goodyear Tire & Rubber Co., --- U.S. ---, No. 05-1074, 2007 WL 1528298 (May 29, 2007).

4. In addition, the procedural outcome in Colbert--affirming without remand for consideration of further evidence--illustrates the proper weight to be assigned to judicial economy where a simple factual dispute will resolve an entire case. In Colbert, the D.C. Circuit took the unusual step of looking at evidence not in the record in District Court, contrary to the usual appellate rule, in order to save the parties and the trial court the time and expense of a remand for consideration of the "ministerial task" of reviewing the dispositive evidence. Id. at 166. Here, the judicial economy concerns are weightier than in Colbert, where the parties faced only the burden of remand for a "ministerial" determination, because in this case the Court has ordered this case to proceed in the normal course, presumably on a normal track for full discovery of all issues. Thus, if the Court is not persuaded by the arguments above regarding admissibility, the Court should follow the example set by Colbert and conduct appropriately tailored proceedings necessary to resolve the narrow factual question of the date of delivery of the FAD. It is far better to resolve that narrow factual issue now than presumptively to force the parties to bear the considerable expense of full discovery.

## Conclusion

The Court's reasoning depends on the finding that Defendant has produced zero competent evidence, which is the only basis for application of the three-day presumption of delivery. The record is clear, however, that Defendant's evidence is competent, admissible, probative, and reliable. Plaintiff has neither challenged the competency of that evidence, nor produced any evidence herself suggesting a different delivery date. Summary judgment is proper based on this record. But even if there were some technical defect in Defendant's evidence, the

better course would be to permit Defendant a brief opportunity to attempt to cure that technical defect. For the foregoing reasons, Defendant respectfully requests reconsideration of the Court's May 30, 2007, decision, and entry of judgment in Defendant's favor.

June 7, 2007

Respectfully submitted,

______________________________
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

OF COUNSEL:
Faisal Siddiqui
Office of the General Counsel
Export-Import Bank of the United States