UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON L. NUSKEY,<br><br>Plaintiff,<br><br>v.<br><br>JAMES H. LAMBRIGHT,<br>CHAIRMAN AND PRESIDENT,<br>EXPORT-IMPORT BANK OF<br>THE UNITED STATES,<br><br>Defendant. | Civil Action No.: 06-1573 (PLF) |

**JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE AND REQUEST TO RESCHEDULE THE JUNE 29, 2007 STATUS CONFERENCE WITH THE COURT**

Pursuant to the rules of this Court, counsel for the parties in the above-styled matter submit this joint report. Further, a proposed Scheduling Order incorporating the parties' suggestions is attached. Additionally, as noted in Paragraph No. 14 below, the parties also request that the Court reschedule the June 29, 2007 status conference to another date and time during the week of July 9, 2007 (but not Friday, July 13, 2007).

This case involves claims of employment discrimination, brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, and the Civil Rights Act of 1991 (42 U.S.C. § 1981a). In sum, Plaintiff alleges that she was subjected to discrimination and harassment on the basis of her sex and age, and in reprisal for her protected EEO activity, which culminated in her termination from her employment with the U.S. Export-Import Bank of the United States. The Bank believes that Plaintiff was terminated for legitimate non-discriminatory reasons.

1. Status of Dispositive Motions: Defendant believes that this case will be resolved by the Court's ruling on its statute of limitations defense, as presented in Defendant's pending motion to revise the May 30, 2007 Memorandum Opinion and Order of this Court denying summary judgment in this case. Alternatively, Defendant believes this case will be resolved by summary judgment after the close of discovery. In contrast, Plaintiff believes that her civil Complaint has been timely filed, has opposed Defendant's pending motion, and does not believe that this case will be disposed of by means of the motion. Plaintiff also does not believe that this case will be resolved by summary judgment after discovery or at any other time, and instead believes that a trial on the merits is necessary. Defendant believes that commencement of discovery should be stayed until resolution of the pending statute of limitations issue, as the factual issues therein are so narrow. Plaintiff has no objection to staying discovery until resolution of the Defendant's pending motion.

2. Amended Pleadings: The parties do not anticipate that it will be necessary to join any third parties, or that they will need to amend the pleadings at the time of this report. At the close of discovery, the parties agree that will be a good time to discuss whether any of the factual or legal issues can be narrowed and will inform the Court if any modifications are agreed upon.

3. Assignment to Magistrate Judge: The parties do not consent to assignment of the case to a Magistrate Judge.

4. Settlement Possibility: The parties do not believe that there is a realistic possibility of settlement at this time, but the subject may be revisited after a decision is issued on Defendant's pending motion.

5. Alternative Dispute Procedures: Plaintiff will not agree to ADR, but she is open

to direct settlement negotiations through the parties' counsel. Defendant will not rule out ADR, but believes it is not likely to be productive in this case.

6. Dispositive Motions: Defendant believes that this case will be resolved by a motion for summary judgment, as mentioned above in Paragraph No. 1. Plaintiff disagrees, as indicated in Paragraph No. 1. The parties jointly propose that any summary judgment motions be due within 30 calendar days after the close of discovery, oppositions due within 30 calendar days thereafter, and replies due within 20 calendar days thereafter.

7. Initial Disclosures: Plaintiff prefers to dispense with initial disclosures since a report of investigation of Plaintiff's EEO complaint was compiled by Defendant and because Defendant issued a final agency decision ("FAD") on that complaint, and much of the information required by rule for initial disclosures is already available to each party. Defendant will not stipulate to dispense with initial disclosures because Defendant is interested in obtaining Plaintiff's list of potential witnesses and computation of damages. According to Rule 26(a), the court will need to rule on Plaintiff's objection noted in this proposed discovery plan before any initial disclosures are required to be exchanged.

8. Discovery: The parties jointly request 120 calendar days to conduct and complete discovery in this case. The parties also recommend that discovery commence after the Court's resolution of Defendant's pending motion to revise the Court's decision on summary judgment. The parties will follow the Federal Rules of Civil Procedure with respect to the number of depositions (10) and interrogatories (25). Additionally, the parties will follow the Federal Rules of Civil Procedure with respect to requests for the production of documents (no limitation), and requests for admissions (no limitation). Counsel for Defendant has indicated to counsel for

Plaintiff that Defendant may seek a protective order in this case, but the parties will need to discuss this issue further before there might be any stipulated agreement.

Electronically Stored Information. Counsel for the parties are continuing to negotiate on provisions regarding ESI and intend to supplement this 16.3 Report at least several days prior to the rescheduled Initial Scheduling Conference.

9. Experts: The parties do not anticipate the use of expert witnesses, but nevertheless agree that the requirements of Rule 26(a)(2) should not be modified except as follows: A party proposing to use an expert witness shall designate any experts (and serve expert reports) 30 calendar days before the end of discovery, and the opposing party shall name responsive experts within 30 calendar days thereafter. Depositions of experts may be taken within 45 calendar days of service of their reports.

10. Class Action Procedures: Not applicable.

11. Bifurcation of Discovery or Trial: The parties do not now see any need for bifurcation in this case.

12. Proposed Date For The Pretrial Conference: The parties agree that a pretrial conference should not be scheduled until the Court has decided all dispositive motions, and until after discovery (if necessary).

13. Trial Date: The parties agree that, if necessary, a trial date should be set at the pretrial conference.

14. The parties have no objection to proceeding with the initial status conference with the Court. However, the parties' counsel are unavailable on the date on which the conference was scheduled by the Court (Friday, June 29, 2007, at 9:30 a.m.) in its May 30, 2007

Memorandum Opinion and Order. Lead counsel for Plaintiff is out of the country on travel through Monday, July 2, 2007, and counsel for Defendant will be out of the office Friday, June 29, 2007. Accordingly, the parties request that the status conference be rescheduled for the week of July 9, 2007 (any day and time except for Friday, July 13, 2007, in which counsel for Defendant will be unavailable). If the Court has not yet issued a decision on Defendant's pending motion by the time of the status conference and if the Court deems that any argument on Defendant's pending motion be necessary at the forthcoming status conference, the parties can discuss that with the Court at that time.

June 22, 2007

Respectfully submitted,

/s/
DIANA J. VEILLEUX, D.C. Bar #418292
LISA A. BERNSTEIN, D.C. Bar #466215
Shaw, Bransford, Veilleux & Roth, PC
1100 Connecticut Avenue, NW, Suite 900
Washington, DC 20036
(202) 463-8400
dveilleux@shawbransford.com
lbernstein@shawbransford.com

Counsel for Plaintiff

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON L. NUSKEY,<br><br>Plaintiff,<br><br>v.<br><br>JAMES H. LAMBRIGHT,<br>CHAIRMAN AND PRESIDENT,<br>EXPORT-IMPORT BANK OF<br>THE UNITED STATES,<br><br>Defendant. | Civil Action No.: 06-1573 (PLF) |

**INITIAL SCHEDULING ORDER**

UPON CONSIDERATION of the Report of Local Rule 16.3 Conference and the entire record herein, this _____ day of ___________ 2007, hereby

ORDERED that the status conference with the Court is rescheduled for July ____, 2007 at _________ a.m./p.m.;

ORDERED that the discovery shall be stayed until resolution of the statute of limitations issue, as presented in Defendant's pending motion;

ORDERED that Discovery, if necessary, shall last 120 calendar days and shall commence upon subsequent order of the Court;

ORDERED that the parties may each take up to 10 depositions; propound up to 25 interrogatories; requests for the production of documents (no limitation); and requests for admissions (no limitation).

ORDERED that expert witness reports shall be exchanged in accordance with Fed R. Civ. P. 26(a)(2), except that designations and expert reports shall be due 30 calendar days prior to the

close of discovery and rebuttal desigations and reports 30 calendar days thereafter, and depositions of any experts shall occur prior to 45 calendar days after service of their respective reports; and it is further

ORDERED that any summary judgment motions be due within 30 calendar days after the close of discovery, oppositions due within 30 calendar days thereafter, and replies due within 20 calendar days thereafter.

Date ________________

______________________________
PAUL L. FRIEDMAN
United States District Court Judge

cc:

Diana J. Veilleux
Lisa A. Bernstein
Shaw, Bransford, Veilleux & Roth, P.C.
1100 Connecticut Ave., N.W., Suite 900
Washington, D.C. 20036

Alan Burch
Assistant United States Attorney
555 Fourth Street, N.W., 10th Floor
Washington, D.C. 20530