UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHARON L. NUSKEY, | ) | |
| Plaintiff, | ) | Civil Action No.: 06-1573 (PLF) |
| v. | ) | |
| JAMES H. LAMBRIGHT, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO REVISE DECISION**

Defendant, James H. Lambright, Director, United States Export-Import Bank, respectfully files this reply memorandum in support of his motion for reconsideration of the Court's denial of its motion for summary judgment. Plaintiff brings this employment case under Title VII and the Age Discrimination in Employment Act. Defendant sought summary judgment on the grounds that Plaintiff filed suit one day after expiration of the ninety-day limitations period. After the Court denied Defendant's motion, Defendant filed the instant motion, and Plaintiff opposed, raising several arguments. Plaintiff continues to misstate the law as requiring delivery into the hands of herself or her authorized agent. Moreover, the disclaimer language she cites does not undermine the admissibility of Defendant's evidence of delivery, which is properly admissible under any of three exceptions to the hearsay rule.

1. Plaintiff first argues that the rule from Irwin v. Dep't Veterans Affairs, 498 U.S. 89 (1990), is that the 90-day clock starts to run only when the final agency decision ("FAD") is placed into the hands of either the employee, her attorney, or some authorized person, for example, at the attorney's office. Plf. Opp. at 6. The "more complete context" of the Court's decision, id., however, reveals that delivery in hand is sufficient but not necessary. The very next sentences after those quoted by Plaintiff make this very point:

> Federal Rule of Civil Procedure 5(b) also permits notice to a litigant to be made by *delivery of papers to the litigant's attorney's office.* The practical effect of a contrary rule would be to encourage factual disputes about when actual notice was received, and thereby create uncertainty in an area of the law where certainty is much to be desired.

498 U.S. at 93 (emphasis added). It was not by accident that the Supreme Court cited Rule 5 in this context, even though Rule 5 deals with service of motions and other papers within a civil action, as opposed to service of an initial summons and complaint under Rule 4. Rule 5 is explicit that "leaving it at a person's office with a clerk or other person in charge, *or if no one is in charge leaving it in a conspicuous place in the office*." Fed. R. Civ. Pro. 5(b)(2)(A)(iii). That same Rule also provides that service may be made by "[m]ailing a copy to the last known address of the person served. Service by mail is complete on mailing." Fed. R. Civ. Pro. 5(b)(2)(B). Thus, the "more complete context" of <u>Irwin</u> reveals that delivery into the hands of a person is sufficient but not required to start the 90-day clock. Delivery to the last known address suffices.

Indeed, the harms of a "contrary rule" are perfectly illustrated by Plaintiff's position here, which would necessarily require litigation into when a person authorized by Plaintiff first laid hands on the FAD. This is precisely the sort of "uncertainty"--subject to verification by only one of the interested parties--that <u>Irwin</u> cautions against and properly so. It bears repeating that this is not an issue of equitable interests like tolling, but rather one where "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" <u>Baldwin County Welcome Ctr. v. Brown</u>, 466 U.S. 147, 152 (1984).

2. Plaintiff points to disclaimer language in the Postal Service website to attack the reliability of the delivery date information it provides. Plf. Opp. at 10. The disclaimer language, however, attempts to protect the USPS against suits for negligent delivery of the mail and so relates to a different legal standard than the question presented here. The website is reliable enough for the printout to be admissible under the hearsay catch-all, Federal Rule of Evidence 807. Moreover, Plaintiff's reliability arguments do not undermine admissibility under the other hearsay rules regarding public records and business records kept in the regular course of business, i.e., Rules of Evidence 803(6) and Rule 803(8)(A). To the extent that the Court may still deem it appropriate to require further proof of reliability prior to consideration of the website information, Defendant respectfully submits that a brief discovery period, perhaps 30 to 45 days,

would suffice to permit Defendant to obtain appropriate declarations from the Postal Service.

3. Plaintiff's remaining arguments lack merit. For example, there is nothing talismanic about either the green card or its return that is necessary for the 90-day clock to start to run under Title VII. If Defendant had used a different delivery service, which similarly recorded the date of its delivery, it should be clear that it is irrelevant whether Plaintiff was at home on the date of delivery or on vacation, and if the latter, whether someone was at her apartment authorized to accept her deliveries. Defendant's arguments remain valid.

## Conclusion

Rule 1 aims for the "just, speedy, and inexpensive determination of every action" and each of those admonitions favors Defendant's position here. Defendant's evidence of delivery is admissible and Plaintiff has failed to produce any evidence suggesting a different delivery date. Summary judgment is therefore proper. But even if there were some technical defect in Defendant's evidence, the better course would be to permit Defendant a brief opportunity to attempt to cure that technical defect. Defendant respectfully requests reconsideration.

June 25, 2007

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

OF COUNSEL:
Faisal Siddiqui
Office of the General Counsel
Export-Import Bank of the United States