UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SHARON L. NUSKEY, | ) |
| Plaintiff, | ) Civil Action No.: 06-1573 (PLF) (JMF) |
| v. | ) |
| JAMES H. LAMBRIGHT, | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION (1) FOR ORDER OF MENTAL EXAMINATION AND (2) TO COMPEL PRODUCTION OF MEDICAL RECORDS AND SUPPORTING MEMORANDUM**

Defendant respectfully requests an Order requiring Plaintiff (1) to submit to an independent mental examination, Pursuant to Rule 35(a), and (2) to produce her medical records, pursuant to Rule 37(a). Counsel for Defendant has conferred with Plaintiff's counsel to attempt to resolve these issues without the Court's intervention, but to no avail, and Plaintiff's counsel does not consent to this motion.

**I.    The Need for an Independent Medical Examination.**

Compensatory damages under Title VII are intended to compensate victims of discrimination and/or retaliation, and deter employers from such conduct. Nyman v. Chairman, FDIC, 967 F. Supp. 1562, 1572 n.7 (D.D.C. 1997) (citing H.R. 1, 102nd Cong. § 2(b)(2)(1991)). However, "compensatory damages must be proven and cannot be presumed." Peyton v. DiMario, 287 F.3d 1121, 1126 (D.C. Cir. 2002) (quoting Carey v. Piphus, 435 U.S. 247, 263-64 (1978)); Nyman, 967 F. Supp. at 1571 (same). Thus, awards of compensatory damages must be "supported by evidence, and . . . not shock the conscience, or . . . not [be] inordinately large so

as to be obviously unreasonable." Id. at 1127.  See also Gipson v. Wells Fargo Bank, N.A., 460 F. Supp. 2d 12, 12-13 (D.D.C. 2006) (permitting evidence to show which emotional and physical injuries were caused by the employer's conduct and which were not).  Once a plaintiff has introduced evidence of recoverable damages, the defendant remains free to challenge the amount of a damages award, or to establish an affirmative defense that a plaintiff failed to mitigate his damages.  Barbour v. Merrill, 48 F.3d 1270, 1279-80 (D.C. Cir. 1995), cert. dismissed, 516 U.S. 1155 (1996).  Failure of a defendant to present relevant evidence to challenge a plaintiff's evidence of compensatory damages or a causal connection between the injuries alleged and the employer's actions may severely limit, or even bar, a defendant from challenging the amounts requested.  See, e.g., Nyman, 967 F. Supp. at 1572.

Rule 35(a) provides for an independent medical examination ("IME"), if the movant can show (1) that the "mental or physical condition" of the person "is in controversy," and (2) good cause exists for the IME.  See, e.g., Roberson v. Bair, 242 F.R.D. 130, 137 (D.D.C. 2007); Doe v. District of Columbia, 229 F.R.D. 24, 26 (D.D.C. 2005).  Accord Benham v. Rice, No. 03-1127 (HHK) (D.D.C. Sept. 14, 2007) (copy attached) (overruling 238 F.R.D. 15, 28 (D.D.C. 2006) (Facciola, M.J.), and noting that plaintiff did not seek damages for psychological harm allegedly caused by discriminatory treatment).

In this case, Plaintiff has put her mental and physical condition in controversy.  First, her complaint seeks "compensatory damages up to $300,000," Complaint at 19, and alleges that Plaintiff, *inter alia*, "suffered humiliation, pain and embarrassment," id. at 18, as a result of the alleged discrimination.  In response to discovery, Plaintiff further alleges that she "has been clinically depressed and has suffered loss of enjoyment of life as a result of her EEO complaint

and her termination." See Plf. Response to First Interrog. at 4, attached as Ex. 1 hereto. The discovery response provides additional detail and also claims the cost of "her therapy for the matters related to her EEO complaint" which she indicates "will need to continue up to the next two years[.]" Id. at 2. By making this allegation and requesting this relief, Plaintiff has put her mental condition squarely in controversy and has provided good cause for an examination to determine the existence, extent, and cause of such alleged damages. See Benham; Smith v. Koplan, 215 F.R.D. 11 (D.D.C. 2003); see also Handy v. Shaw, Bransford, Veilleux & Roth, No. 00-2336 (CKK), 2006 WL 3791387 (D.D.C. Dec. 22, 2006) (noting that defendants are "entitled" to Rule 35 IME of plaintiff "because Plaintiff's . . . Complaint seeks anticipatory damages for future medical treatment[.]").

Defendant contends that Plaintiff's own testimony on this issue is self-serving and unreliable and her credibility is a major issue on this point. Without the opportunity for an IME, Defendant will be unable to counter Plaintiff's opinions regarding her mental condition.

A Notice of Examination, specifying a proposed date, time, place and examining psychiatrist, accompanies this motion. The examination will be conducted by Carole T. Guinta, Ph.D., a clinical psychologist. Her curriculum vitae, attached here as Ex. 2, demonstrates that she is well qualified to conduct the independent mental examination. The manner of the examination will be interview and psychological testing. Dr. Guinta's usual practice for such forensic examinations is to schedule two days, in case the second day is necessary, although usually it is not. Dr. Guinta will prepare a report of her examination.

Wherefore, Defendant respectfully requests that the Court order Plaintiff Sharon L. Nuskey to submit to the IME, as set forth in the attached proposed Order of Examination.

**II.     Defendant's Need for Plaintiff's Medical Records.**

The federal rules authorize this Court to compel production of documents that are requested but improperly withheld. See Fed. R. Civ. P. 37(a)(2)(B) & (a)(3). Moreover, the rules allow wide freedom in discovery. A party is entitled to information sought in discovery as long as it is "relevant to the subject matter involved in the pending action." See Fed. R. Civ. P. 26(b)(1). "Relevant" is defined quite broadly: the information sought need not be admissible at trial, but must merely be "reasonably calculated to lead to the discovery of admissible evidence." Id.; see also Wright & Miller, 8 Federal Practice & Procedure § 2008, at 108-09 (1994 & 1999 Supp.) ("[A] request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.") (emphasis added).

On August 21, 2007, Defendant served the Plaintiff's counsel with what can only be described as routine discovery requests. See Ex. 3 (Def. 2d Disco. Requests) . Among other information, Defendant requested that Plaintiff provide information about her medical and psychiatric care, see id. (Interrog. 20, Doc. Req. 20), and sign waivers to permit Defendant to make direct requests to all her health care providers "in the last ten years" for their records of Plaintiff's care, see id. (Doc. Req. 20). In response to Request No. 20, Plaintiff indicated that she would "provide copies of the medical information that may be responsive to Request No. 21 once she receives it from her health care providers and an . . . appropriate Protective Order is signed by the parties." See Ex.1. Defendant's Request No. 21 is limited to documents which relate to Plaintiff's claims of "compensable physical or emotional damages as a consequence of any action by Defendant." See id. Hence, Plaintiff, who has not yet provided all the information she indicated she would, is screening which medical records she thinks relate to her damages claims

4

and which do not. Thus far, Plaintiff has only provided a few summary medical records from three of her four listed medical providers.

As with the IME discussed above, Plaintiff placed her medical condition in controversy by claiming its relevance to her claims for damages. In addition, in refusing the stipulations suggested by Defendant in lieu of compelling this discovery, Plaintiff is attempting to reserve the right to call her own treating professionals as witnesses to testify about her condition and an alleged causal connection to her EEO claims. Surely Defendant is entitled to probe the strength of this evidence, not only with respect to causation, but also severity and mitigation. It is only fair that Defendant should get this discovery under these circumstances.

The only fair alternative would be a series of stipulations or rulings that effectively take the issue off the table. These limitations include:

1. Plaintiff may not call her treating physician or any other expert witness to testify about her stress, depression, treatment, mental state, or damages in any respect.

2. Plaintiff and her counsel may not refer at trial to her treatment by any of her therapists or other professional for stress or depression or medical condition allegedly caused, worsened or prolonged by the alleged actions of the agency.

3. Plaintiff would not be entitled to receive damages, based on her mental or physical condition, for anything beyond "garden variety stress."

4. The Court would include in its jury instructions a specific instruction limiting damages from stress to those included in a "garden variety" stress claim.

In the absence of any of these limiting conditions, Defendant will not have an equal and fair opportunity to discover relevant evidence to rebut Plaintiff's damages claims.

Moreover, Plaintiff's stance leaves Defendant no room to test or probe either her screening of the information she chooses to disclose or, more importantly, to assess the merits of her underlying damages claims. Certainly Plaintiff's unilateral views should not control when it comes to what information is relevant to the issues of multiple causation, mitigation, pre-existing condition, etc., of her alleged stress-related damages. All of these are areas that should be fair game for discovery in light of Plaintiff's claims.

It also bears noting that Defendant agreed to place the medical records under the protections of a protective order or take other reasonable steps to minimize the number of persons with access to Plaintiff's medical records. In light of Defendant's need for the information, and the lack of other reasonably effective alternatives, Defendant has shown good cause for this order.

Wherefore, Defendant requests an order for Plaintiff to execute waivers for release of her medical records to Defendant and produce all of medical records in her possession.

January 23, 2008                    Respectfully submitted,

                                    _____
                                    JEFFREY A. TAYLOR, D.C. BAR # 498610
                                    United States Attorney

                                      /s/
                                    _____
                                    RUDOLPH CONTRERAS, D.C. Bar # 434122
                                    Assistant United States Attorney

                                      /s/
                                    _____
                                    ALAN BURCH, D.C. Bar # 470655
                                    Assistant United States Attorney
                                    555 4th St., N.W., Civil Division
                                    Washington, D.C.  20530
                                    (202) 514-7204

OF COUNSEL:
Faisal Siddiqui
Office of the General Counsel
Export-Import Bank of the United States