UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHARON L. NUSKEY, | ) | |
| Plaintiff, | ) | Civil Action No.: 06-1573 (PLF) |
| v. | ) | |
| JAMES H. LAMBRIGHT, | ) | |
| Defendant. | ) | |

**DEFENDANT'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant James H. Lambright, Chairman and President, Export-Import Bank of the United States ("Ex-Im Bank"), by and though the undersigned counsel, hereby requests that Plaintiff produce the documents specified below for inspection and copying by Alan Burch, Assistant United States Attorney, 555 Fourth Street, N.W., Washington D.C., 20001. Alternatively, legible, accurate, and complete copies of the documents requested may be served within 30 days of service hereof upon Alan Burch, Assistant United States Attorney, 555 Fourth Street, N.W., Washington, D.C. 20001, instead of production of originals for inspection. Defendant, however, reserves the right to review the originals at a time and place agreed on by the parties.

**INSTRUCTIONS**

1. All documents produced shall be organized and labeled to correspond to the numbered requests to which they respond.
2. If a request is made for production of documents that are no longer in Plaintiff's possession, custody and/or control, state when such documents were most recently in

Plaintiff's possession, custody and/or control and what dispositions were made of them, including the identity of the person believed to be presently in possession, custody and/or control of the documents. If a document has been destroyed, state when such document was destroyed, identify the person who destroyed the document, the person(s) who directed that the document be destroyed and the reasons the documents were destroyed. Each document of which the Plaintiff has knowledge or information, but which is not in Plaintiff's possession, custody or control, shall be identified in the manner set forth in Paragraph 3.

3. Any document called for herein which Plaintiff claims to be privileged against discovery on any ground shall be identified by providing sufficient factual detail to enable the Court to determine whether or not such document is truly privileged, including: (a) the date of the document; (b) the name, position and address of each person who participated in the communication or the preparation of the document; (c) the name, position, and address of each person to whom the document was addressed; (d) the name and address of each person, other than the addressee, to whom the document, or the substance thereof, have been disclosed in any way; (e) the general subject matter of the document; (f) the present location of the document; and (g) the basis or bases for the claim of privilege.

4. Documents that are already contained in the Report of Investigation prepared by William R. Taylor, US Investigations Services, need not be produced, ***provided that*** Plaintiff provides a written explanation, for each Request for Production, which references the Exhibit or Tab number for each document already contained in the ROI.

**DEFINITIONS**

1. The words "Plaintiff," "you," and "your" refer to the plaintiff identified in the caption, Sharon L. Nuskey, and all persons or agents acting or purporting to act on her behalf, including, but not limited to her consultants, accountants, investigators, employees, representatives, family members, friends, and attorneys.

2. The word "Defendant" refers to James H. Lambright, Ex-Im Bank, or any management employees of Ex-Im Bank.

3. The words "complaint," "claim," "matter," and "action," in the singular or plural, refer to the above-captioned complaint.

4. "Identify" means to indicate the following: (1) the type of document (for example, letter, e-mail, record, list, chart, memorandum, report, etc.); (2) date of creation and issuance or communication; (3) title; (4) subject matter; (5) author and/or all persons who assisted in preparation of the document; (6) recipient; and (7) any other information necessary to locate the document.

5. The word "document" is used in the broad and liberal sense and means any written, electronic, typed, printed, recorded or graphic matter, however produced or reproduced, of any kind and description, whether sent, received, or neither, and all copies which differ in any way from the original (whether by interlineation, stamped received, notation, indication of copy sent or received, draft, or otherwise) regardless of whether designated confidential, privileged or otherwise and whether an original, master, copy, or draft, including, but not limited to:

> papers, notes, account statements or summaries, ledgers, pamphlets, periodicals, books, advertisements, objects, letters, memoranda, notes or notations of conversations, contracts, agreements, information stored on a

computer or data storage device (such as a diskette or hard drive), drawings, telegrams, tape recordings, communications, inter-office and intra-office memoranda, delivery tickets, bills of lading, invoices, quotations, claims documents, reports, records, studies, work sheets, working papers, corporate records, minutes of meetings, circulars, bulletins, notebooks, bank deposit slips, bank checks, canceled checks, check stubs, diaries, diary entries, appointment books, desk or other calendars, data processing cards and/or tapes, computer software, photographs, transcriptions or sound recordings, charts, outlines, drafts, e-mails, instant or text message, blog entries, electronic documents of any kind or any other things similar to any of the foregoing.

6. The word "communication" means any words heard, spoken, written, or read, regardless of whether designated confidential, privileged or otherwise, and including, without limitation, words spoken or heard at any meeting, discussion, interview, encounter, conference, speech, conversation or other similar occurrence, and words written or read from any document(s) as described above. For example, "communications" includes telephone calls, letters, e-mail, instant or text messages, blog entries, video transmissions, facsimiles, and any other written, electronic, oral, or other form of communication.

7. The phrase "describe in detail" calls for a complete description of all facts known to you relating to the document, act, occurrence or event in question, including, where applicable, the date, time, place, circumstances, nature, substance, description or explanation of the document, act, event or occurrence, and the identity of all persons or entities involved with the document, act, event or occurrence, or having knowledge or information about the document, act, event or occurrence.

8. The words or phrases, "explaining," "describing," "defining," "concerning," "reflecting," or "relating to" when used separately or in conjunction with one another, mean directly or indirectly mentioning, pertaining to, involving, being logically or factually connected

with, embodying in any way, or tending to make more or less likely to any degree the referenced subject matter.

9. The word "exhibit" means any document to be used at a deposition, trial or hearing.

10. The word "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof (including by relationship to other events).

11. The word "person" means individuals or entities of any type, including, but not limited to, natural persons, governments (or any agencies thereof), quasi-public entities, corporations, partnerships, groups, mutual or joint ventures and other forms of organizations or associations.

12. The words "and" and "or" are not intended as words of limitation.

13. Any singular noun shall also be taken in the plural, and vice versa, in order for the request to have the broadest scope.

14. Any verb in the present tense shall also be taken in the past, imperfect and future tenses, and vice versa, in order for the request to have the broadest scope.

15. Any pronoun in the masculine gender shall also be taken in the feminine gender and vice versa, in order for the request to have the broadest scope.

16. The words "include," "includes," and "including" are meant to provide only illustrative examples of responsive materials, and do not imply either an exhaustive list of responsive materials or any limitation on the scope of the request.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Any and all documents that relate to the claims or issues in this action.

2. Any and all documents that relate or refer in any way to your employment with

Defendant, including but not limited to, documents relating to descriptions of work performed, résumés, performance evaluations, warnings or other disciplinary or adverse actions.

3. Any and all statements provided by any potential witness in this matter.

4. Any and all documents that contain communication from Defendant to you, from you to Defendant, from Defendant to any third person or entity, or from you to any third person or entity regarding allegations complained of in your Complaint.

5. Any and all logs, dairies, calendars, files, personal records, notes, or correspondence maintained in any form (paper, electronic or otherwise) or location, prepared by you or in your possession, pertaining to your employment with Defendant, the claims or issues in this action, and/or your request for damages.

6. Any and all recordings, photographs, videotape or statements taken by you, overtly or covertly, of any of Defendant's past or present employees, agents, or representatives.

7. Any and all documents in your possession removed from Defendant's premises by you or at your direction or request either during or after your employment with Defendant.

8. Any and all complaints, grievances or notifications that you have ever filed with any organization, body, entity or court concerning any discrimination, harassment or retaliation you ever experienced by anyone or any entity.

9. Any and all sworn testimony you provided in any matter, complaint, grievance, charge or suit against an employer or involving an allegation (by anyone) of discrimination, harassment or retaliation.

10. Any and all documents that you have given to, or received from, an expert witness

retained by you in this case.

11. Any and all documents or tangible things you intend to use as exhibits in this case.

12. Any and all documents or tangible things which you or your counsel intend to use for any demonstrative purpose at trial.

13. Any and all documents you intend to introduce at trial under Rule 404 of the Federal Rules of Evidence.

14. Any and all electronically stored information on active online data computer systems (i.e., emails and attachments, electronic databases, word processing, electronic calendars, etc.) and offline storage (i.e., computer disks, CDS, thumb drives, handheld/personal information managers, blackberry devices, etc.) which relates in any way to your employment with Defendant, to include communications held via instant or text message, documents stored on any e-mail account as an attachment to an e-mail, and blog entries made by you on any website.

15. Any and all documents relating to any and all criminal charges filed and/or convictions rendered against Plaintiff.

16. Any and all documents relating to any and all damages claimed in your Complaint and termed “lost past, present and future wages, salary, and benefits.”

17. Any and all documents relating to any and all damages claimed in your Complaint and termed “loss of professional standing, career opportunities, career advancement, harm to [your] ability to secure other equivalent permanent employment, and other damages.”

18. Any and all documents relating to any and all damages claimed in your Complaint and termed “humiliation, pain and embarrassment.”

19. Any and all documents that refer, reflect or relate to your consultation or treatment with any health care provider in the last ten years.

20. Sign and provide fully executed valid medical release and consent forms for each and every health care provider you identified in your answers to Defendant's Interrogatories. (Proposed releases are attached as Attachments 1(a) and 1(b)).

21. If you are claiming that you suffered compensable physical or emotional damage as a consequence of any action by Defendant, any and all documents which relate in any way whatsoever to such physical or emotional damage.

22. Any and all documents relating to any and all damages you claim in this suit not covered by Paragraphs 17-22 above.

23. Any and all documents and things which relate in any way whatsoever to your efforts to find employment after your employment with Defendant to include all inquiries made, resumes drafted, applications submitted and correspondence with potential or actual employers.

24. Any and all applications for employment, resumes, CVs, or similar documents identifying your qualifications and work history) you have prepared or used in the past ten years.

25. A copy of your Federal and state income tax returns for the years 2004 through 2007.

26. Any and all documents which reflect your income for calendar years 2004 through the date on which you respond to these requests.

27. Any and all documents identified in response to Defendant's Interrogatories.

28. Any and all documents you referenced, used, relied upon, or consulted in preparing your responses to Defendant's Interrogatories in this case. Please identify or mark each

document with the number of the Interrogatory to which it corresponds.

29. Provide all documents that support, contradict, or are related to any answer that you gave in response to Defendant's Interrogatories in this case. Please identify or mark each document with the number of the interrogatory to which it corresponds.

30. All documents, other than those requested in numbers 1-30 above, that relate to your claims in this case.

31. Any and all documents you consulted, reviewed or relied upon to answer these Requests for Production of Documents or any of Defendant's Interrogatories.

32. To the extent not covered by the requests above, any and all statements obtained by any means by any person in connection with this matter.

July 25, 2007

Respectfully,

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

OF COUNSEL:
Faisal Siddiqui
Office of the General Counsel
Export-Import Bank of the United States

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Defendant's Second Requests for Production of Documents was served upon counsel for plaintiff by first class mail addressed to:

Diana J. Veilleux, Esq.
Lisa Bernstein
Shaw, Bransford, Veilleux & Roth
1000 Connecticut Avenue, N.W.
Suite 900
Washington, DC 20036

on this 25th day of July 2007.

ALAN BURCH
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHARON L. NUSKEY, Plaintiff, v. JAMES H. LAMBRIGHT, Defendant. | ) | Civil Action No.: 06-1573 (PLF) |

**DEFENDANT'S SECOND SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Defendant James H. Lambright, Chairman and President, Export-Import Bank of the United States ("Ex-Im Bank"), through his undersigned attorneys, requests that plaintiff Sharon L. Nuskey answer, under oath, fully, separately, and in writing, the following interrogatories within thirty (30) days of service hereof.

**INSTRUCTIONS**

1. Each interrogatory shall be answered separately and fully in writing and under oath, with the answers signed by the person making them. See Fed. R. Civ. Proc. 33(b). Each interrogatory should be identified and quoted immediately preceding your answer.

2. For each interrogatory, identify all persons who have provided the facts upon which the answers are based, or if a document is relied upon, identify the document.

3. In answering the interrogatories, you are to furnish all information available to you, including information known to all persons or agents acting or purporting to act on your behalf, including, but not limited to, information in the possession of your consultants, accountants, investigators, employees, representatives, family members, friends, and

attorneys.

4. If any interrogatory cannot be answered in full after exercising due diligence to obtain the information, the interrogatory is to be answered as fully as possible. If you are entirely unable to answer any interrogatory, fully explain the reasons for your inability to answer. If you lack the information necessary to answer any interrogatory, please describe the efforts made by you, or anyone on your behalf, to ascertain the information and state as definitely as possible when you anticipate obtaining the information and supplementing your response.

5. If you object to any interrogatory in part, you are to answer any portion of the interrogatory not objected to.

6. If any interrogatory is not answered fully under claim of privilege, work product, or for any other reason, state the basis for your refusal to answer and identify all allegedly privileged oral and written communications containing information requested by the interrogatory. Provide sufficient factual detail to enable the Court to determine whether or not such document or communication is truly privileged, including (a) the date of the communication or document; (b) the name, position and address of each person who participated in the communication or the preparation of the document; (c) the name, position, and address of each person to whom the communication or document was addressed; (d) the name and address of each person, other than the addressee, to whom the communication or document, or the substance thereof, have been disclosed in any way; (e) the general subject matter of the document or communication; (f) the present location of the document; and (g) the basis or bases for the claim of privilege.

7. Under the Federal Rules, you have a continuing obligation to update your answers and serve supplementary answers if you obtain further or different information before trial.

**DEFINITIONS**

1. The words "Plaintiff," "you," and "your" refer to the Plaintiff identified in the caption, Sharon L. Nuskey, and all persons or agents acting or purporting to act on her behalf, including, but not limited to, information in the possession of your consultants, accountants, investigators, employees, representatives, family members, friends, and attorneys.

2. The word "Defendant" refers to James H. Lambright, Ex-Im Bank, or any management employees of Ex-Im Bank.

3. The words "complaint," "claim," "matter," and "action," in the singular or plural, refer to the above-captioned complaint.

4. "Identify" means:

   a. When referring to a natural person, state (1) his/her full name; (2) present or last known business and residence addresses in full; (3) present or last known business, residence and mobile phone numbers; (4) present or last known business and personal e-mail addresses; (5) present or last known business affiliation; and (6) position and business affiliation at the time of the event or matter in question.

   b. When referring to any entity other than a natural person, state its full name, the address of its principal place of business, and a contact phone number.

   c. When referring to a document, indicate the following: (1) the type of document (for example, letter, e-mail, record, list, chart, memorandum, report, etc.); (2) date

of creation and issuance or communication; (3) title; (4) subject matter; (5) author and/or all persons who assisted in preparation of the document; (6) recipient; and (7) any other information necessary to locate the document.

d. When referring to an oral communication: (1) state the date and place thereof; (2) identify each person making the communication, the person to whom it was made, and each person who was present (in any manner) or witnessed the communication when it was made; (3) state the subject and substance of the communication; and (4) specify each document relating to the communication or that was prepared or made during the course thereof or as a consequence thereof.

5. The word "document" is used in the broad and liberal sense and means any written, electronic, typed, printed, recorded or graphic matter, however produced or reproduced, of any kind and description, whether sent, received, or neither, and all copies which differ in any way from the original (whether by interlineation, stamped received, notation, indication of copy sent or received, draft, or otherwise) regardless of whether designated confidential, privileged or otherwise and whether an original, master, copy, or draft, including, but not limited to:

> papers, notes, account statements or summaries, ledgers, pamphlets, periodicals, books, advertisements, objects, letters, memoranda, notes or notations of conversations, contracts, agreements, information stored on a computer or data storage device (such as a diskette or hard drive), drawings, telegrams, tape recordings, communications, inter-office and intra-office memoranda, delivery tickets, bills of lading, invoices, quotations, claims documents, reports, records, studies, work sheets, working papers, corporate records, minutes of meetings, circulars, bulletins, notebooks, bank deposit slips, bank checks, canceled checks, check stubs, diaries, diary entries, appointment books, desk or other calendars, data processing cards and/or tapes, computer software,

photographs, transcriptions or sound recordings, charts, outlines, drafts, e-mails, instant or text message, blog entries, electronic documents or any other things similar to any of the foregoing.

6. The word "communication" means any words heard, spoken, written, or read, regardless of whether designated confidential, privileged or otherwise, and including, without limitation, words spoken or heard at any meeting, discussion, interview, encounter, conference, speech, conversation or other similar occurrence, and words written or read from any document(s) as described above. For example, "communications" includes telephone calls, letters, e-mail, instant or text messages, blog entries, video transmissions, facsimiles, and any other written, electronic, oral, or other form of communication.

7. The phrase "describe in detail" calls for a complete description of all facts known to you relating to the act, occurrence or event in question, including, where applicable, the date, time, place, circumstances, nature, substance, description or explanation of the act, event or occurrence, and the identity of all persons or entities involved in the act, event or occurrence, or having knowledge or information about the act, event or occurrence.

8. The words or phrases, "explaining," "describing," "defining," "concerning," "reflecting," or "relating to" when used separately or in conjunction with one another, mean directly or indirectly mentioning, pertaining to, involving, being logically or factually connected with, embodying in any way, or tending to make more or less likely to any degree the referenced subject matter.

9. The word "exhibit" means any document to be used at a deposition, trial or hearing.

10. The word "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof (including by relationship to other events).

11. The word "person" means individuals or entities of any type, including, but not limited to, natural persons, governments (or any agencies thereof), quasi-public entities, corporations, partnerships, groups, mutual or joint ventures and other forms of organizations or associations.

12. The words "and" and "or" are not intended as words of limitation.

13. Any singular noun shall also be taken in the plural, and vice versa, in order for the request to have the broadest scope.

14. Any verb in the present tense shall also be taken in the past, imperfect and future tenses, and vice versa, in order for the request to have the broadest scope.

15. Any pronoun in the masculine gender shall also be taken in the feminine gender and vice versa, in order for the request to have the broadest scope.

16. The words "include," "includes," and "including" are meant to provide only illustrative examples of responsive materials, and do not imply either an exhaustive list of responsive materials or any limitation on the scope of the request.

**INTERROGATORIES**

1. Identify each and every person whom you believe may have knowledge of any relevant fact or allegation pertaining to this lawsuit.

2. Identify all persons whom you believe will support your allegations of discrimination, harassment, or retaliation in this case.

3. Identify every person you expect to call as a witness on your behalf at a prospective trial on this matter.

4. For each person identified in the previous Interrogatory, describe in detail the substance

of each person's expected testimony.

5. If you claim that any present or former agent, employee, or representative of Defendant made any admission regarding the subject matter of this lawsuit, identify the date each alleged admission was made; the person who made the admission; the person to whom the admission was made; where the admission was made; each person present at the time the admission was made; and the contents of the admission (and if in writing, attach a copy).

6. Identify, with complete description, any written or recorded statements (obtained overtly or covertly) from any employee, former employee, agent or representative of Defendant, concerning the subject matter of this case including, but not limited to, the name, home and business addresses (including street, street number, city, state and zip code) and home, business and mobile telephone numbers of the custodian of each statement, the name of the person from whom the statement was obtained, the date and manner each statement was taken, the names of any witnesses present when the statement was taken and the matters addressed in the statement.

7. If you have or believe to exist any notes, minutes, tape or other recordings in written or electronic format relating to the events and the matters alleged in your Complaint, identify the custodian of each statement, the name of the person from whom the statement was obtained, the date and manner each statement was taken, the names of any witnesses present when the statement was taken and the matters addressed in the statement.

8. If you intend to offer any evidence at trial under Rule 404 of the Federal Rules of Evidence, describe the nature of the evidence you intend to offer and identify any person

with knowledge of the facts you intend to offer into evidence under Rule 404.

9. List every current or former Ex-Im Bank employee you believe discriminated, harassed, and/or retaliated against you.

10. You allege that you opposed discriminatory conduct taken against you by Ex-Im Bank employee(s). Describe what actions constitute each such opposition, including for each, the date(s) of your action(s), any persons you spoke to, and any documents generated as a result of such opposition.

11. For each action of yours described above in response to no. 10, describe fully what actions you allege were taken by any Ex-Im Bank employee in retaliation for each of your actions.

12. You allege that you participated in protected EEO activity and were subjected to retaliation because of said activity. Describe what actions constitute such activit(ies), including for each, the date(s) of your action(s), any persons you spoke to, and any documents generated as a result of such opposition.

13. For each action of yours described above in response to no. 12., describe fully what actions you allege were taken by any Ex-Im Bank employee in retaliation for your participation in EEO-protected activity.

14. State whether any individual ever employed by Defendant has ever made a comment in your presence, whether speaking or in writing, that you perceived as discriminatory or reflecting sex, age or retaliatory bias. If so, describe each comment, including the identity of each and every individual who made the comment, the contents of the comment, when and where it occurred, why you believe the comment(s) was discriminatory or retaliatory,

and all individuals involved in, responsible for or with personal knowledge of the alleged comment(s).

15. State whether you have ever been a party to or participant in a complaint, grievance, appeal, suit or legal proceeding (including formal or informal proceedings, civil or criminal, state or Federal, administrative or judicial) other than the present action. If so, identify where and when the complaint or proceeding suit was lodged or filed (including court and case number, if any); the nature and extent of the remedies sought; the names of all the parties; when and where you provided any sworn statements under oath; and give the result of the suit, including any settlement or judgment awarded. If you have copies of any sworn testimony you provided under oath, attach such copies to this response.

16. Identify every employer with whom you have attempted to obtain employment since your departure from Defendant, describing fully the nature of the position, its title, grade (if applicable) and salary, and the outcome of your attempt to obtain employment.

17. State, in complete detail, your employment history after May 20, 2005, including the identity of each employer for whom you worked, the dates for which you worked for that employer(s), and monetary compensation received including the starting salary; the amount and date of all salary increases; any commission, bonus or other form of incentive remuneration; how such commission, bonus or other incentive remuneration was calculated and paid; the employment benefits you received, including the dates on which you received each benefit, the provision of each benefit and whether you paid any amount for each benefit; and the amount and form of any other monetary compensation.

18. Identify all sources of income you received after your employment with Defendant.

19. Describe in detail any assistance you received from any individual in the preparation of your responses to Defendant's discovery requests to include Requests for Admissions, Interrogatories, and Document Production Requests, including the identity of that individual, the individual's relationship to you, and the extent of the assistance provided by that individual.

20. Identify each provider you have seen, consulted, or paid, within the last ten years, of medical, therapeutic, psychiatric, or counseling services, including the name of the professional, the name of the group or clinic (if any), the address, and telephone number.

July 25, 2007

Respectfully,

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

OF COUNSEL:
Faisal Siddiqui
Office of the General Counsel
Export-Import Bank of the United States

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Defendant's Second Set of Interrogatories was served upon counsel for Plaintiff by first class mail addressed to:

Diana J. Veilleux, Esq.
Lisa Bernstein
Shaw, Bransford, Veilleux & Roth
1000 Connecticut Avenue, N.W.
Suite 900
Washington, DC 20036

on this 25th day of July 2007.

______________________________
ALAN BURCH
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov