UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON L. NUSKEY,<br><br>Plaintiff,<br><br>v.<br><br>JAMES H. LAMBRIGHT,<br>CHAIRMAN AND PRESIDENT,<br>EXPORT-IMPORT BANK OF<br>THE UNITED STATES,<br><br>Defendant. | Civil Action No.: 06-1573 (PLF)<br><br>Judge Paul L. Friedman<br><br>Dated: August 24, 2007 |

PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Plaintiff, Sharon L. Nuskey, by and through her undersigned counsel, hereby submits her First Set of Requests for the Production of Documents, pursuant to Fed.R.Civ.P. Rule 34 and the Court's Scheduling Order, dated Monday, July 9, 2007. The Export-Import Bank of the United States ("Ex-Im," "Bank," or "agency") should serve its written responses, signed under oath by the individual(s) with personal knowledge of the facts that constitute the substance of the responses, to the law offices of Shaw, Bransford, Veilleux & Roth, P.C. within thirty (30) calendar days of receipt of this discovery request.[1]

[1] Since these written discovery requests are being served to the agency by email and by facsimile, this means the agency's written answers to Plaintiff's Requests for the Production of Documents on or before Monday, September 24, 2007 (The actual 30th calendar day is on Sunday, September 23, 2007, and the following business day is on Monday, September 24, 2007).

## DEFINITIONS AND INSTRUCTIONS

1. These Requests are continuing in nature, so as to require that the responses provided be updated and supplemented as new or additional information is discovered by the agency.

2. "Identify," where the name or identity of a person is requested, means the full name, gender, age, current title, grade and step level, office, current business address, work/cell telephone(s) number and email address(es), if known. If the person is no longer employed by the agency, please provide the last known home address and telephone number(s) for that person.

3. The term "you" or "agency" refers to the Export-Import Bank of the United States, its Chairman and President, Vice Chair, agents, including the agency and its divisions, departments, subsidiaries (including but not limited to the International Business Development Division ("IBD")), affiliates, predecessors, employees and representatives, and all other persons acting or purporting to act on the agency's behalf.

4. As used herein, the term "person" or "persons" means natural persons, institutions, proprietorships, corporations, partnerships, joint venturers, groups, associations and organizations, committees, federal, state and local, quasi-governmental or independent agencies, departments or committees, and/or trusts of any other entity.

5. As used herein, "and" and "or" shall be considered conjunctively or disjunctively as necessary to make these Interrogatories inclusive rather than exclusive.

6. As used herein, "any" and "all" shall each be considered to mean "any and all" as necessary to make these Interrogatories inclusive, rather than exclusive.

7. As used herein, "documents" and/or "records" means any written, recorded or graphic matter, however stored, produced or reproduced, and whatever the medium on which it

is stored, produced or reproduced, whether on paper, cards, punch cards, print sheets, tapes, disks, belts, charts, files, film, fiche, videotapes, applications, computer hard drives or servers, e-mail or by other electronic means, USB/thumb drives, cds, handheld/personal information managers, blackberry devices, databases, spreadsheets, graphic files, word processing data, emails, attachments, metadata, tapes or printouts, backup, tape recordings, phonograph records, cassettes or other types of voice recordings or transcriptions (including but not limited to voice mail), pictures, photographs, slides or any other medium, or any other tangible item or thing of readable, recorded or visual material of whatever nature, and any other type of material within the scope of the Federal Rules of Civil Procedure. This instruction should also be read to include copies of each document which varies from the original of such document (i.e., because of handwritten notes, underlining, electronic tracking, meta data, or different versions)) which is in your actual or constructive possession, custody or control. The term "document" and/or record includes, but is not limited to, each and every draft of a document or record in any and every form, whether in hard copy, typewritten, electronic, deleted or otherwise altered, or handwritten.

8. As used herein, the term "application" means a collection of one or more related software programs that enable a user to enter, store, view, modify or extract information from files or databases. The term is commonly used in place of "program," or "software." Applications may include word processors, Internet browsing tools and spreadsheets.

9. As used herein, the term "backup" means to create a copy of data as a precaution against the loss or damage of the original data. Most users backup some of their files, and many computer networks utilize automatic backup software to make regular copies of some or all of the data on the network. Some backup systems use digital audio tape ("DAT") as a storage medium. Backup Data is information that is not presently in use by an organization and is

routinely stored separately upon portable media, to free up space and permit data recovery in the event of disaster.

10. As used herein, the term "deleted data," is data that, in the past, existed on any of the agency's computers or other electronic storage systems as live data and which has been deleted by the computer system or end-user activity.

11. If any document or other record is destroyed, deleted or otherwise missing, then a written explanation for the absence of each and every record or document should be provided, along with a written description of the title and/or subject of the record or document, the author(s), any and/all recipient(s), any and all subsequent exchanges on the record or document (i.e., chain email communications), the date it was created, modified and/or destroyed, and the reason why it was destroyed, deleted or is otherwise absent.

12. As used herein, "communications" means the act or fact of communication, whether by correspondence, telephone, cell phone, voice mail, meeting, telex, wire, email, other electronic/computer means, or any occasion of joint or mutual presence, as well as the transfer or transmission of any document and/or record from one person to another.

13. As used herein, the term "relating to" means and includes: with respect to, referring to, relating to, purporting, involving, concerning, embodying, establishing, evidencing, comprising, connected with, commenting on, responding to, prepared in connection with, prepared as a result of, showing, discussing, describing, analyzing, reflecting, memorializing, presenting or constituting.

14. If any response called for by these Requests is withheld under a claim of privilege, please identify the communication and each person having knowledge of the

communication for which the privilege is claimed and the date(s) upon which the communication occurred, please identify any communication, document or other record containing the information for which the privilege is claimed, a description of the subject matter of the communication, document or other record, the name(s) and address(es) of each person who were privy to the communication, document or other record, viewed the communication, document or other record, and a statement of the basis upon which the privilege is claimed.

## DOCUMENT REQUESTS

1. Produce each and every document or other record that was identified, relied upon or referred to in responding to any or all of Ms. Nuskey's Interrogatories and/or which are referenced in the agency's responses thereto, stating the Interrogatory number to which each document or other record is responsive.

2. Produce each and every document or other record that the agency provided to the EEO investigator during the investigation of Ms. Nuskey's EEO complaint, but which the investigator did not include in his report of investigation and which "returned to the Export-Import Bank for its records, under separate cover" (see ROI at Exhibit E(20), Memorandum to the Record by the EEO Investigator, dated February 26, 2006).

3. Produce a complete copy of any and all application materials that Mr. Nuskey submitted to the agency for the vacant Business Development Specialist/Officer position.

4. Produce a complete copy of any and all documents referred to, relied upon and/or were used in support of the agency's decision to select Ms. Nuskey as a Business Development Specialist/Officer.

5. Produce copy of any and all documents that were relied upon or referred to in support of the agency's decision to hire Ms. Nuskey with a "Superior Qualifications" rating.

6. Produce the complete file and any and all other records that Mr. Michael Forgione, Mr. Craig O'Connor, Mr. John Emens, Mr. Jeffrey Miller, Mr. John McAdams, the agency's EEO office, and/or the agency's Human Resources office has created and/or maintained on Ms. Nuskey's initial contact with the EEO office, her informal EEO complaint, her formal EEO complaint, the investigation of her formal EEO complaint, and/or her civil court complaint.

7. Produce a complete copy of any and all information, documents, and communications (i.e., handwritten, typewritten, and/or electronic) from August 1, 2004 to the present pertaining or relating to any communication to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Miller, Mr. Emens, Mr. McAdams, Ms. Patrease Jones Brown, Ms. Patricia Guzman, Mr. Gregory D'Adamio, and/or any other person about any aspect of Ms. Nuskey's gender and/or age.

8. Produce a complete copy of any and all information, documents, records (i.e., handwritten, typewritten, and/or electronic) pertaining or relating to any aspect of Ms. Nuskey's verbal, written and/or email complaints of discrimination that she raised with Mr. Forgione, Mr. O'Connor, Mr. John Emens, Mr. Jeffrey Miller, Ms. Jones Brown, and/or any other person while she was employed by the agency.

9. Produce a complete copy of any and all information, documents, communications, and other records (i.e., handwritten, typewritten, and/or electronic) from August 1, 2004 to the present pertaining or relating to any aspect of Ms. Nuskey's verbal, written and/or email

complaints of discrimination that she raised with Mr. Forgione, Mr. O'Connor, Mr. John Emens, Mr. Jeffrey Miller, Ms. Jones Brown, Ms. Sherry Beyers, Ms. Linda Conlin, Ms. April Foley and/or any other person while Ms. Nuskey was employed by the agency.

10. Produce a complete copy of any and all information, documents, records (i.e., handwritten, typewritten, and/or electronic) from August 1, 2004 to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, Ms. Beyers, Mr. J.T. McMullen, and/or any other person from August 1, 2004 to the present pertaining or relating to Ms. Nuskey's contact with the agency's EEO office, her initiation of EEO counseling, her formal EEO complaint, the investigation of her EEO complaint (see, e.g., ROI, Vol. I, Tab D(6)(A), Email from Mr. Forgione to Margaret Kostic, dated November 11, 2005), and/or her civil Complaint and litigation in federal district court.

11. Produce a complete copy of all agency rating criteria, policies, procedures, guidelines, handbooks, and/or training materials that relate, pertain or otherwise apply to the performance and/or conduct of probationary employees of the agency.

12. Produce a complete copy of the Official Personnel File(s) and any and all other human resources, personnel and/or informal/formal supervisory files maintained on Ms. Nuskey relating or pertaining to her performance and/or conduct, including, but not limited to, all position descriptions, performance plans, mid-year and annual performance appraisals, evaluations, awards, and disciplinary actions taken, proposed, or under consideration.

13. Produce a complete copy of any and all information, documents, communications, and/or any other records (i.e., handwritten, typewritten, and/or electronic) pertaining or relating

to any time that Ms. Nuskey was counseled or admonished about any issues relating to her performance and/or conduct at any time during her employment with the agency.

14. Produce a complete copy of any and all information, documents, communications, and/or complaints (i.e., handwritten, typewritten, and/or electronic) at any time from August 1, 2004 to the present to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Taylor, Ms. Jones Brown, Ms. Nuskey, other current or former agency managers and employees, members of the agency's EEO and/or Human Resources offices, and/or any other person pertaining or relating to Ms. Nuskey's performance and/or conduct.

15. Produce a complete copy of the Official Personnel Files and any and all other human resources, personnel and/or informal/formal supervisory files maintained on Mr. Charles Barnett, Mr. William Hess, Mr. Brian Sant Angelo, Mr. Ricardo Michel and/or any other Business Development Specialist from August 1, 2004 to the present pertaining or relating to their performance and/or conduct, including, but not limited to, all position descriptions, performance plans, mid-year and annual performance appraisals, evaluations, awards, and disciplinary actions taken, proposed, or under consideration.

16. Produce a complete copy of any and all information, documents, communications, and/or any other records (i.e., handwritten, typewritten, and/or electronic) pertaining or relating to any time that Mr. Barnett, Mr. Hess, Mr. Sant Angelo, Mr. Ricardo Michel, and/or any other Business Development Specialist/Officer hired from July 15, 2004 to the present has been counseled or admonished about any issues relating to their performance and/or conduct at any time during their employment with the agency from August 1, 2004 to the present.

17. Produce a complete copy of any and all information, documents, communications, any other records, and/or complaints (i.e., handwritten, typewritten, and/or electronic) to or from, by and/or between Mr. Forgione, Mr. O'Connor, John Emens, Mr. Miller, Ms. Jones Brown, other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office, and/or any other person pertaining or relating to the performance and/or conduct of Mr. Barnett, Mr. Hess, Mr. Sant Angelo, Mr. Michel, and/or any other Business Development Specialist/Officer at any time from August 1, 2004 to the present.

18. Produce a complete copy of any and all information, documents, and other records (i.e., handwritten, typewritten, and/or electronic) pertaining or relating to any and all communications to, from, by and/or between Mr. Forgione, Mr. Paul Tumminia and/or any other person regarding the preparation and/or issuance of the annual performance appraisal for Mr. Hess for the year 2005 (see, e.g., ROI, Vol. I, Tab D(8), Tumminia EEO Aff. at ¶ 2, stating that "In several emails, which were threatening, nasty and inappropriate, [Mr. Forgione] instructed me to change the appraisal to "excellent. . . .").

19. Produce a complete copy of the Official Personnel Files and any and all other human resources, personnel and/or informal/formal supervisory files maintained on Mr. Forgione, Mr. O'Connor, Mr. Emens, and Mr. Miller from August 1, 2002 to the present pertaining or relating to their performance and/or conduct, including, but not limited to, all position descriptions, performance plans, performance appraisals, evaluations, awards, and disciplinary actions taken, proposed, or under consideration.

20. Produce a complete copy of any and all information, documents, and communications (i.e., handwritten, typewritten, and/or electronic) pertaining or relating to any

time that Mr. Forgione, Mr. O'Connor, Mr. Emens, and/or Mr. Miller have been counseled or admonished about any issues relating to their performance and/or conduct at any time during their employment with the agency from August 1, 2002 to the present.

21. Produce a complete copy of any and all information, documents, communications, any other records, and/or complaints (i.e., handwritten, typewritten, and/or electronic) to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Mr. McAdams, Ms. Jones Brown, other current or former agency managers and employees, members of the agency's EEO and/or Human Resources offices, and/or any other person pertaining or relating to the performance and/or conduct of Mr. Forgione, Mr. O'Connor, Mr. Miller and/or Mr. Emens at any time from August 1, 2002 to the present.

22. Produce any and all informal and formal EEO complaints, civil court complaints or appeals, formal grievances, union grievances, Office of Special Counsel complaints, Office of Inspector General complaints and/or any other complaints that have been filed against Mr. Forgione, Mr. O'Connor, Mr. Emens, and/or Mr. Miller at any time from August 1, 2002 to the present on the basis of discrimination on gender, age or reprisal.

23. Produce a copy of any and all written decisions on the complaints or appeals referenced in Request No. 22, and any and all admonishments, counselings and disciplinary actions that were proposed and/or taken against Mr. Forgione and/or Mr. O'Connor, Mr. Emens, Mr. Miller in connection with those complaints or appeals.

24. Produce a complete copy of any and all information, documents, communications, and other records (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, Ms. Nuskey,

other current or former agency managers and employees, members of the agency's EEO and/or Human Resources offices, and/or any other person relating or pertaining to any alleged complaints, criticisms, problems or accolades about Ms. Nuskey's job performance and/or conduct while she was employed by the agency.

25. Produce a complete copy of any and all information, documents, communications, and other records (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, other current or former agency managers and employees, members of the agency's EEO and/or Human Resources offices, and/or any other person relating or pertaining to any alleged complaints, criticisms, problems or accolades about the job performance and/or conduct of Mr. Barnett, Mr. Hess, Mr. Sant Angelo, and/or any other Business Development Specialist/Officer who has been hired by the agency from July 15, 2004 to the present at any time while each of them have been employed by the agency.

26. Produce a complete copy of any and all information, documents, and communications (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, Ms. Nuskey, and/or any other person which indicates that Ms. Nuskey was invited to attend any meeting or was otherwise notified of any meeting at any time during her employment with the agency.

27. Produce a complete copy of any and all information, documents, communications and other records (i.e., handwritten, typewritten, and/or electronic) that were referred to or were relied upon by Mr. Forgione, Mr. O'Connor and/or any other person to prepare and/or issue the Memorandum, dated November 23, 2005, Subject: "Activities of Sharon Nuskey January 27-

May 20, 2005 . . .," that was appended to Mr. O'Connor's Declaration in the report of investigation on Ms. Nuskey's EEO complaint. See ROI, Vol. I, Tab D(3)(A).

28. Produce a complete copy of any and all information, documents, communications and other records (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, and/or any other person in which Mr. Barnett, Mr. Hess, Mr. Sant Angelo, and/or any other Business Development Specialist/Officer were invited to attend any IBD departmental and/or staff-wide meetings or were otherwise notified of any meeting for an area in their responsibility from August 1, 2004 to the present.

29. Produce a complete copy of the desk and/or electronic calendars of Mr. Forgione, Mr. O'Connor, Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo, and/or any other Business Development Specialist/Officer in which any and all of their meetings for agency business were or have been scheduled at any time from August 1, 2004 to the present.

30. Produce a complete copy of any and all information, documents, other records, communications (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor in which any and all work and other opportunities to support of any of the Bank's Directors on the Board of Directors and/or their staff were proposed or assigned to Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo, and/or any other Business Development Specialist/Officer at any time from August 1, 2004 to the present.

31. Produce a complete copy of all agency policies, procedures, regulations, guidelines, handbooks, and/or training materials that relate, pertain or otherwise apply to the travel (international or domestic) for Business Development Specialists/Officers in the IBD in from August 1, 2004 to present)

32. Produce a complete copy of any and all information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, and/or any other person pertaining to any requests or recommendations that were made for Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo, and/or any other Business Development Specialist/Officer to travel (either internationally or domestically) for agency business at any time from August 1, 2004 to the present.

33. Produce a complete copy of any and all information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Mr. McAdams and/or any other person pertaining to any financial restrictions or other limitations for travel (international or domestic) for agency business between August 1, 2004 to the present.

34. Produce a complete copy of any and all information, documents, and communications (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, and/or any other person pertaining to any deliberations or decisions on any of the requests that are the subject of Request No. 32.

35. Produce a complete copy of any documents or other records which list or otherwise show any and all Bank employees who were invited and/or attended the agency's conference held in Bucharest, Romania Conference in the Fall of 2004.

36. Produce a complete copy of any and all information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) which show any assignments, professional opportunities, special projects and/or any other career enhancing work that has been suggested, offered, and/or given to Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant

Angelo, and/or any other Business Development Specialist/Officer at any time from August 1, 2004 to the present.

37. Produce a complete copy of any and all information, documents and communications (i.e., handwritten, typewritten, and/or electronic) to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Mr. McAdams, Ms. Guzman, Mr. D'Adamio, the EEO and/or Human Resources Office, and/or any other person relating or pertaining to any and all inquires, reviews, fact-findings, and/or investigations that were conducted preceding to, leading to, or after the agency's decision to terminate Ms. Nuskey's employment with the agency.

38. Produce a complete copy of any and all information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) which were referred to, relied upon, or were otherwise used to prepare and/or issue the notice of termination to Ms. Nuskey on May 20, 2005.

39. Produce a complete copy of any and all other information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) that were made to or from and/or were exchanged by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, any other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office (including but not limited to Mr. Gregory D'Adamio and/or Ms. Patricia Guzman), and/or any other person pertaining or relating to the decision of whether to terminate Ms. Nuskey's employment with the agency.

40. Produce a complete copy of any and all information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) pertaining or relating to

the meeting held on May 20, 2005 to notify Ms. Nuskey of her termination from her employment with the agency.

41. Produce a complete copy of any and all other information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) that were made to or from and/or were exchanged by and/or between, or were otherwise documented by Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, Ms. Kristen Thomas, any other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office (including but not limited to Mr. D'Adamio), and/or any other person from April 1, 2005 to the present announcing and/or commenting upon Ms. Nuskey's proposed or actual departure from the agency.

42. Produce a complete copy of any and all information, documents and communications (i.e., handwritten, typewritten, and/or electronic) to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office, and/or any other person relating or pertaining to any and all requests that were solicited to provide written comments regarding Plaintiff's performance and/or conduct from April 1, 2005 to the present time.

43. Produce a complete copy of any and all information, documents and communications (i.e., handwritten, typewritten, and/or electronic) to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, Mr. McAdams other current or former agency managers and employees, members of the agency's EEO and/or Human

Resources office, and/or any other person pertaining to responses to the request(s) referenced in Request No. 42.

44. Produce a complete copy of any and all other information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) that were made to or from, by and/or between, or were otherwise documented by Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Mr. McAdams, Mr. John Richter and/or any other person pertaining or relating to any aspect of locating and/or selecting a new Business Development Specialist/Officer after Ms. Nuskey's termination.

45. Produce a complete copy of any and all application materials that Mr. Michel submitted to the agency for the vacant Business Development Specialist/Officer position.

46. Produce a complete copy of any and all documents referred to, relied upon and/or were used in support of the agency's decision to select Mr. Michel as a Business Development Specialist/Officer.

47. Produce a complete copy of and all communications by any agency manager or employee pertaining or relating to Ms. Nuskey's and/or her attorneys' request on the date of her termination and/or at any time thereafter to retrieve copies of emails and/or other records from her computer regarding her work performance, conduct and/or complaints of unlawful discrimination.

48. Produce a copy of any and all additional witness statements, documents and/or other records relating to any of the allegations or claims in Ms. Nuskey's EEO complaint that are not included in the Agency's EEO report of investigation, including but not limited to, any witness statements that were produced from any other inquires or investigations that have been

conducted by any agency office relating to any of the allegations or claims in Ms. Nuskey's EEO complaint and any and all other documents or records collected from any witnesses that has not been included in the report of investigation.

49. Produce copies of any and all documents upon which the agency intends to rely in defense of Ms. Nuskey's civil court complaint.

50. Produce copies of any and all documents not heretofore produced or already part of the report of investigation of this matter which are relevant to the facts at issue in Ms. Nuskey's civil court complaint.

51. Please produce copies of any and all documents the agency may offer as exhibits at the trial in this matter.

Respectfully submitted,

Diana J. Veilleux
D.C. Bar No. 418292
Lisa A. Bernstein
D.C. Bar No. 466215
Shaw, Bransford, Veilleux & Roth, P.C.
1100 Connecticut Avenue, N.W., Suite 900
Washington, D.C. 20036
Tel: (202) 463-8400
Fax: (202) 833-8082

Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Complainant's First Set of Requests for Production of Documents** were sent this 24th day of August, 2007 via email and first-class mail, postage prepaid, to the following counsel for the agency:

Alan Burch, Esq.
Assistant United States Attorney
Office of the U.S. Attorney for
the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Alan.Burch@usdoj.gov

Lisa A. Bernstein