**U.S. Department of Justice**

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*

*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 1, 2007

**VIA E-MAIL FIRST CLASS MAIL**

Diana J. Veilleux
Lisa Bernstein
Shaw, Bransford, Veilleux & Roth
1100 Connecticut Avenue, N.W. Suite 900
Washington, D.C. 20036

Re: Sharon L. Nuskey v. James H. Lambright, No. 06-1573-PLF (D.D.C.)

Dear Ms. Veilleux & Ms. Bernstein:

This letter responds first to your letter dated September 26, 2007, regarding depositions in the above-styled matter. We will make available for depositions the following employees: C. Michael Forgione, Craig O'Connor, John Emens, Margaret Kostic, Gregory DaDamio, Patty Guzman-Evans, and Patrease Jones-Brown. They are available:

1. Forgione - Oct 18, 23, 24, 25, 30, 31
2. O'Connor - Nov 1, 2, 5
3. Emens - Oct 18, 22, 24, 26; Nov 1, 2, 5
4. Kostic - afternoons of Oct 23, 24, 26, 30
5. DaDamio - anytime Oct. 18 to Nov. 6
6. Guzman-Evans - anytime Oct. 18 to Nov. 6
7. Jones-Brown - Oct 25, 30; Nov 1

Furthermore, we also contacted former employee Jeffrey Miller; he is overseas until the end of next week and we hope to provide you his availability upon his return.

Please be advised that we object to the deposition of former Vice-Chair April Foley, after consultation with the Department of State. Former Vice-Chair April Foley currently is the U.S. Ambassador to Hungary. She is a high-ranking government official. She was not a decision-maker and does have any personal knowledge about the matters at issue in this case.

We also object the to deposition of current Vice-Chair Linda Conlin, who also is a high-ranking government official. She was not a decision-maker and does have any personal knowledge about the matters at issue in this case.

Second, this follows up on Defendant's requests for Ms. Nuskey's medical records and an independent medical exam. Her claims for damages do not appear "garden variety" in that she includes a damages claim that the agency's treatment has driven her to therapy and/or depression and she specifically seeks compensation for the cost of therapy. Also, there is nothing apparent that indicates her willingness to foreclose the possibility of calling her treating therapist as a witness. Accordingly, the Ex-Im Bank needs to press on with both these discovery requests and we are prepared to call J. Friedman to discuss it, and file a motion if necessary.

Alternatively, we are also prepared to accept a set of stipulations that would render her claim truly "garden variety." They are:

1. Plaintiff won't call her treating physician or any other expert witness to testify about her stress, depression, treatment, mental state, or damages in any respect.

2. Plaintiff and her counsel would be barred from any reference at trial to her treatment by any her therapist or other professional for stress or depression or medical condition allegedly caused, worsened or prolonged by the alleged actions of the agency.

3. Plaintiff would not be entitled to receive damages, based on her mental or physical condition, for anything beyond "garden variety stress."

4. The Court would include in its jury instructions a specific instruction limiting damages from stress to those included in a "garden variety" stress claim.

These limitations will convert her current position into a true "garden variety" damages claim in which she would be free to assert that she is entitled to compensation for the stress caused by the agency's actions.

Please let me know at your earliest opportunity where you stand on this and, if we cannot agree, when you are available for a call to J. Friedman.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

By: [signature]
Alan Burch
Assistant United States Attorney