**U.S. Department of Justice**

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*

*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 10, 2007

**VIA E-MAIL FIRST CLASS MAIL**

Diana J. Veilleux
Lisa Bernstein
Shaw, Bransford, Veilleux & Roth
1100 Connecticut Avenue, N.W. Suite 900
Washington, D.C. 20036

Re: Sharon L. Nuskey v. James H. Lambright, No. 06-1573-PLF (D.D.C.)

Dear Ms. Veilleux & Ms. Bernstein:

This responds to the several discovery issues in the Nuskey case. First, with respect to the ESI language, it appears that we are at impasse. It is simply too expensive and time-consuming to broaden the search beyond the reasonable time period we've proposed, when you've got nothing other than pure speculation that there might be more out there. Such speculation is always possible, but here it appears especially unlikely to pan out because the agency concluded an evaluation of Nuskey's work, and the male probationary business development specialists for the relevant time period (ie prior to Nuskey's termination) in the time we agreed to search (ie, up to a month past her termination). Accordingly, the only evidence on point indicates it will not likely be fruitful. If plaintiff cares to bear the burden of paying the additional costs, we can revisit it.

Second, with respect to the depositions of the high-ranking officials, there is ample case law supporting our position, and we do not intend to consent to these depositions in light of their limited potential for relevant information.

Third, we need to call the judge regarding plaintiff's refusal to sit for an IME. Similarly, it appears that we will need the court's intervention on the issue of getting complete medical records for plaintiff. I am free next Monday-Wednesday, Oct. 15-17, for the call. If you'll let me know your availability, I am happy to call chambers to set up the call, or we can call together if you like, which also has the advantage of convenience if the court is not available on the dates we offer up.

Fourth, your expert report is obviously deficient because it lacks a report. This is pretty clearly worthy of a motion to strike, but I think the better solution is to extend discovery,

including both your deadline to serve us with an expert report, and our deadline to serve a rebuttal report. (By the way, the court's schedule of two weeks for us to file a responsive report is too tight for us, even if I weren't so busy on other matters.)

Which brings us to #5, extending all discovery deadlines. I am so swamped with appellate matters now that I cannot get to everything I need to on this case on the current schedule. (I am in the middle of a 4-week stretch with 5 oral arguments.) I propose moving all deadlines back 45 days, provided that we get 4 weeks to serve a rebuttal expert report, so this would result in the following new deadlines:

- Proponent's expert reports 11/23 (i.e., your expert re front-pay, and our expert re plaintiff's medical/psychological condition)
- Rebuttal expert reports 12/21
- End of discovery 12/20
- Motion for summary judgment 1/28/08 (I have a week-long trial mid-January)
- Opposition to summary judgment 2/28/08
- Reply 3/27/08

Finally, we would like to take depositions of plaintiff and her treating doctor. Please advise as to their respective availabilities.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

By: ____________________________
Alan Burch
Assistant United States Attorney