UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHARON L. NUSKEY,<br><br>Plaintiff,<br><br>v.<br>JAMES H. LAMBRIGHT,<br>CHAIRMAN AND PRESIDENT,<br>EXPORT-IMPORT BANK OF<br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 06-1573 (PLF) |

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR THE PRODUCTION OF DOCUMENTS

COMES NOW, the Export-Import Bank of the United States (hereinafter "Agency"), by and through its undersigned counsel, and provides the following objections and responses to *Plaintiff's First Set of Requests for the Production of Documents*.

GENERAL OBJECTIONS AND RESPONSES

1. Defendant objects to these requests to the extent they seek information that is immune from discovery under the attorney-client privilege, the attorney work product doctrine and/or other applicable privileges, and all requests have been read to exclude discovery of such privileged information. By responding to a request, Defendant does not waive any applicable privilege as to that request or as to any other, present or future.

2. Defendant objects to any definition or instruction that may modify or alter the plain language of any request; each request has been interpreted in compliance with the rules of and plain English usage.

3. Defendant objects to Plaintiff's requests to the extent that they seek information unrelated to the subject matter of this action, and are not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendant objects to Plaintiff's requests to the extent that they require or purport to require any inquiry of persons who are not Defendant's current employees and are therefore unduly burdensome.

5. Defendant objects to Plaintiff's requests to the extent they seek information already in Plaintiff's possession, or otherwise equally available to Plaintiff as it is Defendant.

6. Defendant objects to Plaintiff's requests to the extent they seek information prior to or following Plaintiff's employment with Defendant and are, thus, overbroad.

7. Defendant objects to Plaintiff's requests to the extent they are vague, ambiguous, overbroad, oppressive or unduly burdensome.

8. Defendant objects to Plaintiff's requests to the extent they seeks private, privileged and confidential commercial and/or propriety business information.

9. Defendant objects to Plaintiff's requests to the extent they call for documents not in Defendant's possession, custody or control.

10. Documents requiring a protective order prior to disclosure have been withheld until said protective order is effective.

11. The foregoing general objections are incorporated into each of the following responses. The stating of specific objections shall not be construed as a waiver of general objections.

<u>OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS</u>

1. Produce each and every document or other record that was identified, relied upon or referred to in responding to any or all of Ms. Nuskey's Interrogatories and/or which are referenced in the agency's responses thereto, stating the Interrogatory number to which each document or other record is responsive.

See generally all exhibits attached hereto and to *Defendant's Answers to Plaintiff's First Set of Interrogatories.*

2. Produce each and every document or other record that the agency provided to the EEO investigator during the investigation of Ms. Nuskey's EEO complaint, but which the investigator did not include in his report of investigation and which "returned to the Export-Import Bank for its records, under separate cover" (see ROI at Exhibit E(20), Memorandum to the Record by the EEO Investigator, dated February 26, 2006).

See Exhibit 1 attached hereto.

3. Produce a complete copy of any and all application materials that Mr. Nuskey submitted to the agency for the vacant Business Development Specialist/Officer position.

Defendant objects to this request on the basis that the information sought is not relevant to the claims or defenses of either party. Subject to and without waiving the foregoing objection to this request, see ROI Tab D(1)(a) and Exhibit 2 attached hereto.

4. Produce a complete copy of any and all documents referred to, relied upon and/or used in support of the agency's decision to select Ms. Nuskey as a Business Development Specialist/Officer.

Defendant objects to this request on the basis that the information sought is not relevant to the claims or defenses of either party. Subject to and without waiving the foregoing objection

to this request, see answer to request no. 3 above.

5. Produce copy of any and all documents that were relied upon or referred to in support of the agency's decision to hire Ms. Nuskey with a "Superior Qualifications" rating.

Defendant objects to this request on the basis that the information sought is not relevant to the claims or defenses of either party. Subject to and without waiving the foregoing objection to this request, see answer to request no. 3 above.

6. Produce the complete file and any and all other records that Mr. Michael Forgione, Mr. Craig O'Connor, Mr. John Emens, Mr. Jeffrey Miller, Mr. John McAdams, the agency's EEO office, and/or the agency's Human Resources office has created and/or maintained on Ms. Nuskey's initial contact with the EEO office, her informal EEO complaint, her formal EEO complaint, the investigation of her formal EEO complaint, and/or her civil court complaint.

Defendant objects to this request to the extent it requests documents protected by the attorney/client privilege and the attorney work product privilege. Furthermore, this request is irrelevant with regard to John McAdams who was Senior Vice-President, Credit and Risk Management, during Plaintiff's tenure and not in Plaintiff's chain-of-command. Subject to and without waiving the foregoing objection to this request, see the ROI and Exhibit 3, attached hereto.

7. Produce a complete copy of any and all information, documents, and communications (i.e., handwritten, typewritten, and/or electronic) from August 1, 2004 to the present pertaining or relating to any communication to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Miller, Mr. Emens, Mr. McAdams, Ms. Patrease Jones Brown, Ms. Patricia Guzman, Mr. Gregory DaDamio, and/or any other person about any aspect of Ms. Nuskey's

gender and/or age.

Defendant objects to this request on the basis that it is vague and ambiguous with regard to "any aspect of Ms. Nuskey's gender and/or age." Defendant also objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Furthermore, this request is irrelevant with regard to John McAdams who was Senior Vice-President, Credit and Risk Management, during Plaintiff's tenure and not in Plaintiff's chain-of-command. Subject to and without waiving the foregoing objection to this request, Defendant has no documents responsive to this request.

8. Produce a complete copy of any and all information, documents, records (i.e., handwritten, typewritten, and/or electronic) pertaining or relating to any aspect of Ms. Nuskey's verbal, written and/or email complaints of discrimination that she raised with Mr. Forgione, Mr. O'Connor, Mr. John Emens, Mr. Jeffrey Miller, Ms. Jones Brown, and/or any other person while she was employed by the agency.

Defendant objects to this request on the basis that it is vague, ambiguous and overbroad with regard to "any and all information . . . pertaining or relating to any aspect of Ms. Nuskey's verbal, written or e-mail complaints of discrimination." Subject to and without waiving the foregoing objection to this request, see the ROI and Exhibits 1 and 3, attached hereto.

9. Produce a complete copy of any and all information, documents, communications, and other records (i.e., handwritten, typewritten, and/or electronic) from August 1, 2004 to the present pertaining or relating to any aspect of Ms. Nuskey's verbal, written and/or email complaints of discrimination that she raised with Mr. Forgione, Mr. O'Connor, Mr. John Emens, Mr. Jeffrey Miller, Ms. Jones Brown, Ms. Sherry Beyers, Ms. Linda Conlin, Ms. April Foley

and/or any other person while Ms. Nuskey was employed by the agency.

Defendant objects to this request on the basis that it is vague, ambiguous and overbroad with regard to "any and all information . . . pertaining or relating to any aspect of Ms. Nuskey's verbal, written or e-mail complaints of discrimination." Defendant also objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this request, see the response to request no. 8 above, for documents dated up to one month after Plaintiff's termination.

10. Produce a complete copy of any and all information, documents, records (i.e., handwritten, typewritten, and/or electronic) from August 1, 2004 to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, Ms. Beyers, Mr. J.T. McMullen, and/or any other person from August 1, 2004 to the present pertaining or relating to Ms. Nuskey's contact with the agency's EEO office, her initiation of EEO counseling, her formal EEO complaint, the investigation of her EEO complaint (see, e.g., ROI, Vol. I, Tab D(6)(A), Email from Mr. Forgione to Margaret Kostic, dated November 11, 2005), and/or her civil Complaint and litigation in federal district court.

Defendant objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this request, see the response to request no. 8 above, for documents dated up to one month after Plaintiff's termination.

11. Produce a complete copy of all agency rating criteria, policies, procedures, guidelines, handbooks, and/or training materials that relate, pertain or otherwise apply to the

performance and/or conduct of probationary employees of the agency.

Defendant objects to this request on the basis that it is overly broad. Furthermore, Defendant states that no responsive documents exist that apply specifically to probationary employees. Certain Federal laws and regulations apply specifically to probationary employees and are followed by Defendant. However, Defendant does not maintain any responsive documents specific to the Agency that apply to probationary employees. See Exhibit 4, attached hereto for general conduct and discipline policies that apply to all Agency employees.

12. Produce a complete copy of the Official Personnel File(s) and any and all other human resources, personnel and/or informal/formal supervisory files maintained on Ms. Nuskey relating or pertaining to her performance and/or conduct, including, but not limited to, all position descriptions, performance plans, mid-year and annual performance appraisals, evaluations, awards, and disciplinary actions taken, proposed, or under consideration.

See Exhibit 2, attached hereto.

13. Produce a complete copy of any and all information, documents, communications, and/or any other records (i.e., handwritten, typewritten, and/or electronic) pertaining or relating to any time that Ms. Nuskey was counseled or admonished about any issues relating to her performance and/or conduct at any time during her employment with the agency.

See ROI at Tabs E(19) and E(20) and Exhibits 1 and 5, attached hereto.

14. Produce a complete copy of any and all information, documents, communications, and/or complaints (i.e., handwritten, typewritten, and/or electronic) at any time from August 1, 2004 to the present to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Taylor, Ms. Jones Brown, Ms. Nuskey, other current or former agency managers and employees,

members of the agency's EEO and/or Human Resources offices, and/or any other person pertaining or relating to Ms. Nuskey's performance and/or conduct.

Defendant objects to this request on the basis that it is vague, ambiguous and over broad with regard to "pertaining or relating to Ms. Nuskey's performance and/or conduct." Furthermore, the disclosure of the requested information would be unnecessarily intrusive on the privacy interests of employees. Defendant also objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Defendant further objects to this request to the extent it requests documents protected by the attorney/client privilege and the attorney work product privilege. Subject to and without waiving the foregoing objection to this request, see the response to request no. 13 above.

15. Produce a complete copy of the Official Personnel Files and any and all other human resources, personnel and/or informal/formal supervisory files maintained on Mr. Charles Barnett, Mr. William Hess, Mr. Brian Sant. Angelo, Mr. Ricardo Michel and/or any other Business Development Specialist from August 1, 2004 to the present pertaining or relating to their performance and/or conduct, including, but not limited to, all position descriptions, performance plans, mid-year and annual performance appraisals, evaluations, awards, and disciplinary actions taken, proposed, or under consideration.

Defendant objects to this request on the basis that it is vague, ambiguous and over broad with regard to "pertaining or relating to their performance and/or conduct." Defendant also objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett, William Hess, and Brian Sant Angelo were not employees similarly situated to Plaintiff. Furthermore, the disclosure of the

requested information would be unnecessarily intrusive on the privacy interests of employees. This request is also not relevant with respect to Ricardo Michel, who was hired on March 3, 2006 as a GS-13 Business Development Specialist in the Asia, Africa, and Middle East Section of the International Business Development Division; he was not hired as Plaintiff's replacement. Finally, Defendant objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this request, see Exhibit 6 for relevant OPF and EPF documents of probationary male colleagues dated up to one month after Plaintiff's termination. This material will be provided once a protective order has been issued by the Court.

16. Produce a complete copy of any and all information, documents, communications, and/or any other records (i.e., handwritten, typewritten, and/or electronic) pertaining or relating to any time that Mr. Barnett, Mr. Hess, Mr. Sant. Angelo, Mr. Ricardo Michel, and/or any other Business Development Specialist/Officer hired from July 15, 2004 to the present has been counseled or admonished about any issues relating to their performance and/or conduct at any time during their employment with the agency from August 1, 2004 to the present.

Defendant objects to this request on the basis that it is vague, ambiguous and over broad with regard to "any issues relating to their performance and/or conduct." Defendant also objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett, William Hess, and Brian Sant Angelo, were not employees similarly situated to Plaintiff. Furthermore, the disclosure of the requested information would be unnecessarily intrusive on the privacy interests of employees. This request is also not relevant with respect to Ricardo Michel, who, as stated above, was hired after Plaintiff

and not as her replacement. Finally, Defendant objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this request, see Exhibit 7 for documents dated up to one month after Plaintiff's termination.

This material will be provided once a protective order has been issued by the Court.

17. Produce a complete copy of any and all information, documents, communications, any other records, and/or complaints (i.e., handwritten, typewritten, and/or electronic) to or from, by and/or between Mr. Forgione, Mr. O'Connor, John Emens, Mr. Miller, Ms. Jones Brown, other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office, and/or any other person pertaining or relating to the performance and/or conduct of Mr. Barnett, Mr. Hess, Mr. Sant. Angelo, Mr. Michel, and/or any other Business Development Specialist/Officer at any time from August 1, 2004 to the present.

Defendant objects to this request on the basis that it is vague, ambiguous and over broad with regard to "pertaining or relating to the performance and/or conduct." Defendant also objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett, William Hess, and Brian Sant Angelo, were not employees similarly situated to Plaintiff. Furthermore, the disclosure of the requested information would be unnecessarily intrusive on the privacy interests of employees. This request is also not relevant with respect to Ricardo Michel, who, as stated above, was hired after Plaintiff and not as her replacement. Finally, Defendant objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this request,

see answers to requests 15 and 16 above. This material will be provided once a protective order has been issued by the Court.

18. Produce a complete copy of any and all information, documents, and other records (i.e., handwritten, typewritten, and/or electronic) pertaining or relating to any and all communications to, from, by and/or between Mr. Forgione, Mr. Paul Tumminia and/or any other person regarding the preparation and/or issuance of the annual performance appraisal for Mr. Hess for the year 2005 (see, e.g., ROI, Vol. I, Tab D(8), Tumminia EEO Aff. at ¶ 2, stating that "In several emails, which were threatening, nasty and inappropriate, [Mr. Forgione] instructed me to change the appraisal to "excellent. . .").

Defendant objects to this request on the basis that the disclosure of the requested information would be unnecessarily intrusive on the privacy interests of employees. See Exhibit 8, attached hereto. This material will be provided once a protective order has been issued by the Court.

19. Produce a complete copy of the Official Personnel Files and any and all other human resources, personnel and/or informal/formal supervisory files maintained on Mr. Forgione, Mr. O'Connor, Mr. Emens, and Mr. Miller from August 1, 2002 to the present pertaining or relating to their performance and/or conduct, including, but not limited to, all position descriptions, performance plans, performance appraisals, evaluations, awards, and disciplinary actions taken, proposed, or under consideration.

Defendant objects to this request on the basis that it is vague, ambiguous and over broad with regard to "pertaining or relating to their performance and/or conduct." Defendant further objects to this request on the basis that much of the information sought is not relevant to the

claims or defenses of either party because the work performance and conduct of Messrs. Forgione, O'Connor, Emens and Miller is not at issue in this case. Furthermore, the requested Official Personnel Files contain information the disclosure of which would be unnecessarily intrusive on the privacy interests of employees. Defendant also objects to this request on the basis that it is overly broad in that it seeks records from two years preceding Plaintiff's employment to over two years after her termination.

20. Produce a complete copy of any and all information, documents, and communications (i.e., handwritten, typewritten, and/or electronic) pertaining or relating to any time that Mr. Forgione, Mr. O'Connor, Mr. Emens, and/or Mr. Miller have been counseled or admonished about any issues relating to their performance and/or conduct at any time during their employment with the agency from August 1, 2002 to the present.

Defendant objects to this request on the basis that it is vague, ambiguous and over broad with regard to "pertaining or relating to their performance and/or conduct." Defendant further objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party because the work performance and conduct of Messrs. Forgione, O'Connor, Emens and Miller and/or any counseling/admonishments to which they may have been subject, is not at issue in this case. Furthermore, the requested documents may contain information the disclosure of which would be unnecessarily intrusive on the privacy interests of employees. Defendant also objects to this request on the basis that it is overly broad in that it seeks records from two years preceding Plaintiff's employment to over two years after her termination. Finally, Defendant objects to this request to the extent it requests documents protected by the attorney/client privilege and the attorney work product privilege.

21. Produce a complete copy of any and all information, documents, communications, any other records, and/or complaints (i.e., handwritten, typewritten, and/or electronic) to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Mr. McAdams, Ms. Jones Brown, other current or former agency managers and employees, members of the agency's EEO and/or Human Resources offices, and/or any other person pertaining or relating to the performance and/or conduct of Mr. Forgione, Mr. O'Connor, Mr. Miller and/or Mr. Emens at any time from August 1, 2002 to the present.

Defendant objects to this request on the basis that it is vague, ambiguous and over broad with regard to "pertaining or relating to the performance and/or conduct." Defendant further objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party because the work performance and conduct of Messrs. Forgione, O'Connor, Emens and Miller is not at issue in this case. Furthermore, the requested documents may contain information the disclosure of which would be unnecessarily intrusive on the privacy interests of employees. Defendant also objects to this request on the basis that it is overly broad in that it seeks records from two years preceding Plaintiff's employment to over two years after her termination. Furthermore, this request is irrelevant with regard to John McAdams who was Senior Vice-President, Credit and Risk Management, during Plaintiff's tenure and not in Plaintiff's chain-of-command. Finally, Defendant objects to this request to the extent it requests documents protected by the attorney/client privilege and the attorney work product privilege.

22. Produce any and all informal and formal EEO complaints, civil court complaints or appeals, formal grievances, union grievances, Office of Special Counsel complaints, Office of

Inspector General complaints and/or any other complaints that have been filed against Mr. Forgione, Mr. O'Connor, Mr. Emens, and/or Mr. Miller at any time from August 1, 2002 to the present on the basis of discrimination on gender, age or reprisal.

Defendant objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party. Furthermore, the requested documents may contain information the disclosure of which would be unnecessarily intrusive on the privacy interests of employees. Defendant also objects to this request on the basis that it is overly broad in that it seeks records from two years preceding Plaintiff's employment to over two years after her termination. Finally, Defendant objects to this request to the extent it requests documents protected by the attorney/client privilege and the attorney work product privilege.

23. Produce a copy of any and all written decisions on the complaints or appeals referenced in Request No. 22, and any and all admonishments, counselings and disciplinary actions that were proposed arid/or taken against Mr. Forgione and/or Mr. O'Connor, Mr. Emens, Mr. Miller in connection with those complaints or appeals.

See response to request no. 22 above.

24. Produce a complete copy of any and all information, documents, communications, and other records (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, Ms. Nuskey, other current or former agency managers and employees, members of the agency's EEO and/or Human Resources offices, and/or any other person relating or pertaining to any alleged complaints, criticisms, problems or accolades about Ms. Nuskey's job performance and/or conduct while she was employed by the agency.

Defendant objects to this request on the basis that it is vague, ambiguous and over broad with regard to "complaints, criticisms, problems or accolades." Defendant also objects to this request to the extent it requests documents protected by the attorney/client privilege and the attorney work product privilege. Subject to and without waiving the foregoing objection to this request, see the response to requests no. 13-14 above.

25. Produce a complete copy of any and all information, documents, communications, and other records (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, other current or former agency managers and employees, members of the agency's EEO and/or Human Resources offices, and/or any other person relating or pertaining to any alleged complaints, criticisms, problems or accolades about the job performance and/or conduct of Mr. Barnett, Mr. Hess, Mr. Sant. Angelo, and/or any other Business Development Specialist/Officer who has been hired by the agency from July 15, 2004 to the present at any time while each of them have been employed by the agency.

Defendant objects to this request on the basis that it is vague, ambiguous and over broad with regard to "complaints, criticisms, problems or accolades." Defendant also objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett, William Hess, and Brian Sant Angelo were not employees similarly situated to Plaintiff. This request is also not relevant with respect to employees hired after Plaintiff's termination. Defendant also objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this request,

see Exhibit 7 for documents dated up to one month after Plaintiff's termination. This material will be provided once a protective order has been issued by the Court.

26. Produce a complete copy of any and all information, documents, and communications (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, Ms. Nuskey, and/or any other person which indicates that Ms. Nuskey was invited to attend any meeting or was otherwise notified of any meeting at any time during her employment with the agency.

ROI at Tabs D(6)(a), E(12), E(19) and E(20) and RFP Exhibits 1 and 9.

27. Produce a complete copy of any and all information, documents, communications and other records (i.e., handwritten, typewritten, and/or electronic) that were referred to or were relied upon by Mr. Forgione, Mr. O'Connor and/or any other person to prepare and/or issue the Memorandum, dated November 23, 2005, Subject: "Activities of Sharon Nuskey January 27-May 20, 2005. . .," that was appended to Mr. O'Connor's Declaration in the report of investigation on Ms. Nuskey's EEO complaint. See ROI, Vol. I, Tab D(3)(A).

See Exhibits 9 and 10, attached hereto.

28. Produce a complete copy of any and all information, documents, communications and other records (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, and/or any other person in which Mr. Barnett, Mr. Hess, Mr. Sant. Angelo, and/or any other Business Development Specialist/Officer were invited to attend any IBD departmental and/or staff-wide meetings or were otherwise notified of any meeting for an area in their responsibility from August 1, 2004 to the present.

Defendant objects to this request on the basis that much of the information sought is not

relevant to the claims or defenses of either party because Messrs. Charles Barnett, William Hess, and Brian Sant Angelo were not employees similarly situated to Plaintiff. Defendant also objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this request, See Exhibit 11, attached hereto.

29. Produce a complete copy of the desk and/or electronic calendars of Mr. Forgione, Mr. O'Connor, Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant. Angelo, and/or any other Business Development Specialist/Officer in which any and all of their meetings for agency business were or have been scheduled at any time from August 1, 2004 to the present.

Defendant objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett, William Hess, and Brian Sant Angelo were not employees similarly situated to Plaintiff. Defendant also objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this request, see Exhibit 9 attached hereto for the IBD Divisional calendar. Individual employee calendars will be provided once a protective order has been issued by the Court.

30. Produce a complete copy of any and all information, documents, other records, communications (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor in which any and all work and other opportunities to support of any of the Bank's Directors on the Board of Directors and/or their staff were proposed or assigned to Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant. Angelo, and/or any other Business

Development Specialist/Officer at any time from August 1, 2004 to the present.

Defendant objects to this request on the basis that it is vague, ambiguous and over broad with regard to "any and all work and other opportunities to support any of the Bank's Directors on the Board of Directors." All work at Ex-Im Bank is in support of the Bank's Directors. Defendant also objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett, William Hess, and Brian Sant Angelo were not employees similarly situated to Plaintiff. Defendant also objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Defendant objects to this interrogatory as burdensome with regard to William Hess as Mr. Hess and his former supervisor for the majority of his probationary period are no longer employed at Defendant and with regard to other IBD employees Plaintiff does not consider to be similarly situated. Subject to and without waiving the foregoing objection to this request, see Exhibit 11 for requested documents of other male probationary employees, dated up to one month after Plaintiff's termination. With regard to Plaintiff see Exhibits 1 and 9.

31. Produce a complete copy of all agency policies, procedures, regulations, guidelines, handbooks, and/or training materials that relate, pertain or otherwise apply to the travel (international or domestic) for Business Development Specialists/Officers in the IBD in from August 1, 2004 to present)

See Exhibit 12, attached hereto.

32. Produce a complete copy of any and all information, documents, other records, and communications (<u>i.e.</u>, handwritten, typewritten, and/or electronic) made to or from, by

and/or between Mr. Forgione, Mr. O'Connor, and/or any other person pertaining to any requests or recommendations that were made for Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant. Angelo, and/or any other Business Development Specialist/Officer to travel (either internationally or domestically) for agency business at any time from August 1, 2004 to the present.

Defendant objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett, William Hess, and Brian Sant Angelo were not employees similarly situated to Plaintiff. Defendant also objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this request, see Exhibit 13.

33. Produce a complete copy of any and all information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Foregone, Mr. O'Connor, Mr. Emens, Mr. Miller, Mr. McAdams and/or any other person pertaining to any financial restrictions or other limitations for travel (international or domestic) for agency business between August 1, 2004 to the present.

Defendant objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Furthermore, this request is irrelevant with regard to John McAdams who was Senior Vice-President, Credit and Risk Management, during Plaintiff's tenure and not in Plaintiff's chain-of-command. Subject to and without waiving the foregoing objection to this request, see Exhibit 13 for requested documents up to one month following Plaintiff's termination.

34. Produce a complete copy of any and all information, documents, and

communications (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, and/or any other person pertaining to any deliberations or decisions on any of the requests that are the subject of Request No. 32.

See response to request no. 32 above.

35. Produce a complete copy of any documents or other records which list or otherwise show any and all Bank employees who were invited and/or attended the agency's conference held in Bucharest, Romania Conference in the Fall of 2004.

Defendant objects to this request on the basis that it is vague, ambiguous, overbroad, burdensome and much of the information sought is not relevant to the claims or defenses of either party. Subject to and without waiving the foregoing objection to this request, see Exhibit 13.

36. Produce a complete copy of any and all information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) which show any assignments, professional opportunities, special projects and/or any other career enhancing work that has been suggested, offered, and/or given to Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant. Angelo, and/or any other Business Development Specialist/Officer at any time from August 1, 2004 to the present.

Defendant objects to this request on the basis that it is vague, ambiguous and over broad with regard to "any assignments, professional opportunities, special projects and/or any other career enhancing work." Defendant also objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett, William Hess, and Brian Sant Angelo were not employees similarly situated to

Plaintiff. Defendant also objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this interrogatory, see ROI Tab D(6)(a) and Tab E(12), and Exhibits 1 and 11, attached hereto.

37. Produce a complete copy of any and all information, documents and communications (i.e., handwritten, typewritten, and/or electronic) to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Mr. McAdams, Ms. Guzman, Mr. D'Adamio, the EEO and/or Human Resources Office, and/or any other person relating or pertaining to any and all inquires, reviews, fact-findings, and/or investigations that were conducted preceding to, leading to, or after the agency's decision to terminate Ms. Nuskey's employment with the agency.

Defendant objects to this request on the basis that it is over broad with regard to the scope of documents sought for "any and all inquiries, reviews, fact-findings, and/or investigations." Defendant further objects to this request to the extent it requests documents protected by the attorney/client privilege and the attorney work product privilege. Furthermore, this request is irrelevant with regard to John McAdams who was Senior Vice-President, Credit and Risk Management, during Plaintiff's tenure and not in Plaintiff's chain-of-command. Subject to and without waiving the foregoing objection to this interrogatory, see the ROI and Exhibit 2 for the investigation of Plaintiff's complaint.

38. Produce a complete copy of any and all information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) which were referred to, relied upon, or were otherwise used to prepare and/or issue the notice of termination to Ms.

Nuskey on May 20, 2005.

Defendant objects to this request to the extent it requests documents protected by the attorney/client privilege and the attorney work product privilege. Subject to and without waiving the foregoing objection to this interrogatory, see ROI Tab D(1)(h) and Exhibit 14, attached hereto.

39. Produce a complete copy of any and all other information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) that were made to or from and/or were exchanged by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, any other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office (including but not limited to Mr. Gregory DaDamio and/or Ms. Patricia Guzman), and/or any other person pertaining or relating to the decision of whether to terminate Ms. Nuskey's employment with the agency.

Defendant objects to this request to the extent it requests documents protected by the attorney/client privilege and the attorney work product privilege. Subject to and without waiving the foregoing objection to this interrogatory, see ROI Tab D(1)(h) and Exhibit 14, attached hereto.

40. Produce a complete copy of any and all information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) pertaining or relating to the meeting held on May 20, 2005 to notify Ms. Nuskey of her termination from her employment with the agency.

Defendant objects to this request to the extent it requests documents protected by the attorney/client privilege and the attorney work product privilege. Subject to and without

waiving the foregoing objection to this interrogatory, see ROI Tab D(1)(h) and Exhibit 14, attached hereto.

41. Produce a complete copy of any and all other information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) that were made to or from and/or were exchanged by and/or between, or were otherwise documented by Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, Ms. Kristen Thomas, any other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office (including but not limited to Mr. DaDamio), and/or any other person from April 1, 2005 to the present announcing and/or commenting upon Ms. Nuskey's proposed or actual departure from the agency.

Defendant objects to this request to the extent it requests documents protected by the attorney/client privilege and the attorney work product privilege. Defendant also objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this interrogatory, see ROI Tab D(1)(h) and Exhibit 14 for documents dated to one month after Plaintiff's termination.

42. Produce a complete copy of any and all information, documents and communications (i.e., handwritten, typewritten, and/or electronic) to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office, and/or any other person relating or pertaining to any and all requests that were solicited to provide written comments regarding Plaintiff's performance and/or conduct from April 1, 2005

to the present time.

Defendant objects to this request on the basis that it is vague, ambiguous and over broad with regard to "any and all requests that were solicited to provide written comments regarding Plaintiff's performance and/or conduct." Defendant also objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this request, no responsive documents exist.

43. Produce a complete copy of any and all information, documents and communications (i.e., handwritten, typewritten, and/or electronic) to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, Mr. McAdams other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office, and/or any other person pertaining to responses to the request(s) referenced in Request No. 42.

See response to request no. 43 above. Additionally, this request is irrelevant with regard to John McAdams who was Senior Vice-President, Credit and Risk Management, during Plaintiff's tenure and not in Plaintiff's chain-of-command.

44. Produce a complete copy of any and all other information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) that were made to or from, by and/or between, or were otherwise documented by Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Mr. McAdams, Mr. John Richter and/or any other person pertaining or relating to any aspect of locating and/or selecting a new Business Development Specialist/Officer after Ms. Nuskey's termination.

See Exhibit 15, attached hereto.

45. Produce a complete copy of any and all application materials that Mr. Michel submitted to the agency for the vacant Business Development Specialist/Officer position.

Defendant objects to this request on the basis that the information sought is not relevant to the claims or defenses of either party because Mr. Michel, as stated above, was not hired as Plaintiff's replacement.

46. Produce a complete copy of any and all documents referred to, relied upon and/or were used in support of the agency's decision to select Mr. Michel as a Business Development Specialist/Officer.

See response to request no. 45 above.

47. Produce a complete copy of and all communications by any agency manager or employee pertaining or relating to Ms. Nuskey's and/or her attorneys' request on the date of her termination and/or at any time thereafter to retrieve copies of emails and/or other records from her computer regarding her work performance, conduct and/or complaints of unlawful discrimination.

Defendant objects to this request on the basis that the information sought is not relevant to the claims or defenses of either party.

48. Produce a copy of any and all additional witness statements, documents and/or other records relating to any of the allegations or claims in Ms. Nuskey's EEO complaint that are not included in the Agency's EEO report of investigation, including but not limited to, any witness statements that were produced from any other inquires or investigations that have been conducted by any agency office relating to any of the allegations or claims in Ms. Nuskey's EEO

complaint and any and all other documents or records collected from any witnesses that has not been included in the report of investigation.

Defendant objects to this request to the extent it requests documents protected by the attorney/client privilege and the attorney work product privilege. Subject to and without waiving the foregoing objection to this request, no responsive documents exist.

49. Produce copies of any and all documents upon which the agency intends to rely in defense of Ms. Nuskey's civil court complaint.

See ROI and all exhibits attached hereto and to Interrogatories.

50. Produce copies of any and all documents not heretofore produced or already part of the report of investigation of this matter which are relevant to the facts at issue in Ms. Nuskey's civil court complaint.

Defendant objects to this interrogatory on the grounds that it is overly broad and vague and seeks information that is protected by attorney-client privileged and work product. Subject to and without waiving the foregoing objection to this request, see generally all exhibits attached hereto and to Interrogatories.

51. Please produce copies of any and all documents the agency may offer as exhibits at the trial in this matter.

Defendant objects to this interrogatory on the grounds that it is overly broad and vague and seeks information that is protected by attorney-client privileged and work product. Subject to and without waiving the foregoing objection to this request, Defendant has not yet determined the exhibits he will use at trial.

October 11, 2007 Respectfully,

October 11, 2007

Respectfully,

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

OF COUNSEL:
Faisal Siddiqui
Office of the General Counsel
Export-Import Bank of the United States

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Responses to Plaintiff's First Requests for the Production of Documents was served upon counsel for Plaintiff by courier to:

Diana J. Veilleux, Esq.
Shaw, Bransford, Veilleux & Roth
1000 Connecticut Avenue, N.W.
Suite 900
Washington, DC 20036

on this 11th day of October 2007.

ALAN BURCH
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov