SHAW, BRANSFORD, VEILLEUX & ROTH
ATTORNEYS AT LAW
PROFESSIONAL CORPORATION
1100 CONNECTICUT AVENUE, N.W., SUITE 900
WASHINGTON, D.C. 20036
(202) 463-8400

FAX:
(202) 833-8082

WEB:
www.shawbransford.com

November 27, 2007

VIA EMAIL ONLY

Alan Burch, Esq.
Assistant United States Attorney
Office of the U.S. Attorney for
the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

Re: Sharon L. Nuskey v. James H. Lambright, Chairman and President, Export-Import Bank of the United States, Civil Action No: 1:06CV01573

Dear Mr. Burch:

Pursuant to Federal Rule of Civil Procedure Rule 37, we are writing regarding Defendant's responses (and supplemental responses) to Plaintiff's first set of written discovery requests. Specifically, it is Plaintiff's position that a number of the government's objections are unsupported and that a number of the government's responses are deficient. We detail each of these issues below. In the event that the parties cannot resolve this discovery dispute and the government still refuses to provide all of the responsive information that is requested, we intend to prepare and file a motion to compel with the Court. Therefore, we request that we receive a response to this letter by close of business on Friday, November 30, 2007.[1]

---

[1] Please also provide us by close of business this Friday with at least three dates of availability in the months of mid to late December 2007 and/or January 2008 for each of the ten witnesses who we have previously noticed for depositions, so that we can reschedule their depositions. For planning purposes, the following is an approximation of the amount of time for each of the witnesses' depositions: (1) C. Michael Forgione (full day); (2) Craig O'Connor (full day); (3) John Emens (can include on the same day as another witness); (4) Jeffrey Miller (can include on the same day as another witness); (5) April Foley (can include on the same day as another witness); (6) Linda Conlin (can include on the same day as another witness); (7) Margaret Kostic (can include on the same day as another witness); (8) Gregory DaDamio (probably can stack on the same day as one other witnesses (Evans or Brown), if necessary); (9) Ana Patricia Guzman-Evans (see no. 8); and (10) Patrease Jones Brown (see no. 9).

GOVERNMENT'S GENERAL OBJECTIONS

A. Defendant's General Objections On The Ground That Plaintiff's Requests Seek Information Unrelated To the Subject Matter Of This Action and Are Irrelevant.

Defendant raises this same objection in response to a number of Plaintiff's written discovery requests and we will address those specific requests further below. In sum, Plaintiff contends that this objection by Defendant is unwarranted because all of the information she has requested pertains to or concerns the various claims in her EEO complaint and in her civil court Complaint. Moreover, since Plaintiff's civil Complaint includes a separate basis of harassment for the treatment that she was subjected to and which culminated in her removal, her requests for various information related thereto are reasonably calculated to lead to admissible evidence in support of her claims. Accordingly, Plaintiff contends that the government should provide any responsive information that may have been withheld because of that specific objection.

B. Defendant's General Objections On The Ground That Plaintiff's Requests Are Burdensome Because They Require Defendant To Make An Inquiry Of Former Employees of Defendant.

While we understand that most of the individuals who had some involvement in the facts and circumstances forming the basis of Plaintiff's civil Complaint are still currently employed by the Bank, we also understand that several of those individuals are no longer employed there. The government's general objection gives us the impression that it is possible that former employees might have information that is responsive to Plaintiff's written discovery requests and that the government may have *not* contacted and queried those individuals. Moreover, the government should still be required to produce any responsive information on those individuals that it has in its custody and control (and particular while they were employed by the Bank).

Fed. R. Civ. P. Rule 34 requires that parties undertake reasonable and affirmative efforts to produce documents that are in the parties' possession, custody or control or are reasonably available through employees or others subject to the party's control. The term "control" as used in Rule 34 may not be limited to actual legal ownership or physical custody. Documents are considered to be within a party's control when the party has the legal right to obtain the documents from a third party. Some courts extend that obligation to documents which the party has the practical ability to obtain from a non-party. Under some circumstances, courts have determined that an employer is obligated to obtain company documents from former employees, or at least make a bona fide attempt to do so. For example, in Export-Import Bank of the United States v. Asia Pulp & Paper Co. Ltd., 233 F.R.D. 338, 341-42 (S.D.N.Y. 2005), the court stated that a company must exhaust the practical means at its disposal to obtain documents in the

possession of its former key employees, including asking former employees for requested documents. In McCoy v. Whirlpool Corp., 214 F.R.D. 637, 641 (D. Kan. 2003), the court compelled the defendant to contact former employees identified in document requests to ascertain whether they took responsive documents with them when they left their employment.

As such, Plaintiff contends that the government's objection is unsupported and that any additional responsive information that may be in the possession of its former employees, or documents relating to those individuals that are in the Bank's custody and control, be provided to her during the course of discovery. Therefore, Defendant should be obligated to produce that information to Plaintiff.

C. Defendant's General Objections On The Ground That The Time Frame For The Information Sought By Plaintiff Is Overly Broad.

In the Defendant's general objections to both Plaintiff's Interrogatories and Requests for the Production of Documents (as well as to the parties' pending draft supplement to the Rule 16.3 report), Defendant states that Plaintiff's written requests are overly broad because they seek information for the time period prior to or following her employment with Defendant. The same objection is raised in a large number of the government's responses to specific Interrogatories and Requests for Production of Documents served by Plaintiff. As a result, Defendant has withheld pertinent information that is responsive to a large number of Plaintiff's requests based on that objection.

Plaintiff's position on this issue was previously addressed in our October 5, 2007 email exchange with you, and her position continues to remain that the time frame of her requests are reasonable and that Defendant's objection on this ground is unsupported. First, there could be information that is responsive to Plaintiff's discovery requests through the present time regarding her employment at the Bank. For example, there could be emails and other communications about Plaintiff that were exchanged between management, the EEO office, the Human Resources office, etc. about the removal action after she was terminated and up to the present time; any issues about her alleged performance and conduct leading up to the removal action, but which were documented or communicated about more than one month after she was removed; and discussions about her EEO activity, gender, age, EEO complaint and/or civil Complaint more than one month after she left the Bank, etc. All of that information is entirely relevant and discoverable in this case. Second, we understand that the younger male comparators (Charles Barnett, William Hess and Brian Sant Angelo) continued to work at the Bank for a while after Plaintiff was removed and, therefore, their performance and conduct and how management treated them after she left is relevant for a showing of pretext. Third, since Plaintiff is claiming damages, especially in the form of backpay and frontpay, the complete records in their Official

Personnel Folder through the present time are relevant for the purposes of making that showing. Moreover, Plaintiff's retained expert will be unable to prepare and submit a comprehensive report to Defendant on her estimated calculation of front pay without receiving information on the career progression of Plaintiff's comparators.

Given the fact that there is not a significant period of time between the date Plaintiff was removed from the Bank through the present time (i.e., a two and a half year period), her requests for responsive information through the present time are entirely reasonable and all of the responsive information from the Bank should be provided to her. Moreover, the government has already provided some limited piecemeal documentation with dates through 2006. The government should not be able to pick and choose which records it wants to release for information sought through the present time.

GOVERNMENT'S OBJECTIONS IN RESPONSE TO PLAINTIFF'S SPECIFIC WRITTEN DISCOVERY REQUESTS

PLAINTIFF'S INTERROGATORIES

*Interrogatory #3*

> *Identify any and all informal and formal EEO complaints, civil court complaints or appeals, formal grievances, union grievances, Office of Special Counsel complaints, Office of Inspector General complaints and/or any other complaints that have been filed against Mr. Michael Forgione, Mr. Craig O'Connor, Mr. John Emens and/or Mr. Jeffrey Miller on the basis of discrimination on gender (including allegations of discrimination based on gender and allegations of sexual harassment), age or reprisal than have been filed from August 1, 2002 to the present, and for each complaint, state the date it was filed, the nature of the complaint, the disposition of the complaint, and whether or not any disciplinary action was proposed and/or taken against Mr. Forgione and/or Mr. O'Connor in connection with the complaint.*

Defendant has objected to this Interrogatory on a number of different grounds, and did not provide a response over its objections. Plaintiff contends that the government's objections are unsupported and that it should provide the information that is requested. First, Plaintiff contends that the information requested is indeed relevant to her claims because it may show a pattern of discrimination by the above-identified management officials against present or former employees who are female, over the age of 40 years old, and/or who may have protected EEO activity in order to support her own claims. Second, the parties entered into a protective order

that was signed by the Court, which overrides the government's objection on the basis of privacy. With regard to the government's objection to the time frame of the request, see Plaintiff's responses to the Government's General Objections section of this letter, supra. Accordingly, Defendant should answer the Interrogatory as requested.

*Interrogatory #8*

> *Identify in detail any and all communications (verbal, written and/or electronic) from August 1, 2004 to the present that were made to or from, exchanged by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, Ms. Nuskey, other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office, and/or any other person pertaining to any alleged complaints, criticisms, problems or accolades about any aspect of Ms. Nuskey's job performance and/or conduct at any time during her employment at the agency, and state the date, location, participants, whether the communication was verbal, written or electronic, and provide a detailed synopsis of each and every communication.*

The government answered this Interrogatory without waiving its objections, which included the overly broad time frame of the request. If any additional information is being withheld because of the time frame, Plaintiff believes that she is entitled to receive it for the reasons described in the section of this letter regarding Plaintiff's responses to the Government's General Objections.

*Interrogatory #9*

> *Identify in detail any and all communications (verbal, written and/or electronic) from August 1, 2004 to the present that were made to or from, exchanged by and/or between Mr. Forgione, Mr. O'Connor, John Emens, Mr. Miller, Ms. Jones Brown, any other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office, and/or any other person pertaining to any alleged complaints, criticisms, problems or accolades about any aspect of Mr. Forgione's, Mr. O'Connor's, Mr. Miller's and/or Mr. Emens' job performance and/or conduct from August 1, 2002 to the present, and state the date, location, participants, whether the communication was verbal, written or electronic, and provide a detailed synopsis of each and every communication.*

Defendant has objected to this Interrogatory on a number of different grounds, and did not provide any response over its objections. Plaintiff contends that the government's objections are unsupported and that it should provide the information that is requested. First, Plaintiff contends that there may be a history of complaints and problems about each of these managers that may not have culminated in an EEO complaint, but could still include conduct that was inappropriate and having a bearing on gender, age or EEO activity. Second, the parties entered into a protective order that was signed by the Court, which overrides the government's objection on the basis of privacy. With regard to the government's objection to the time frame of the request, see Plaintiff's responses to the Government's General Objections section of this letter, supra. Accordingly, Defendant should answer the Interrogatory as requested.

*Interrogatory #10*

*Identify each and every occasion when Mr. Forgione, Mr. O'Connor, and/or any other agency manager counseled (verbal, written and/or electronic) Ms. Nuskey about any issues relating to her performance and/or conduct at any time during her employment with the agency.*

In response to this Interrogatory, the government responded by reference to its response to Interrogatory #8. As such, Plaintiff's position on the government's response to that Interrogatory is reincorporated herein.

*Interrogatory #11*

*Identify each and every occasion when Mr. Forgione, Mr. O'Connor, and/or any other agency manager counseled (verbal, written and/or electronic) Mr. Charles Barnett, Mr. William Hess, Mr. Brian Sant Angelo and/or any other Business Development Specialist/Officer hired to work at the Bank from July 15, 2004 to present about any issues relating to his performance and/or conduct at any time from August 1, 2004 to the present, and state the date, location, name of the participants, their gender, age and date of birth, whether the counseling was verbal, written or electronic, and provide a detailed synopsis of each and every counseling.*

The government answered this Interrogatory without waiving its objections, which included the overly broad time frame of the request. Reference was made to the government's response to #7 of Plaintiff's Requests for the Production of Documents (provided to Plaintiff in

the government's supplemental responses on November 8, 2007), but there are only 13 pages of emails therein, none of which post date April 2006. If any additional information is being withheld on the ground of the period of time for which it is sought, Plaintiff believes that she is entitled to receive it for the reasons described the section of this letter, supra, regarding Plaintiff's responses to the Government's General Objections.

Moreover, the government objected to this Interrogatory on the ground that Messrs. Barnett, Hess and Sant Angelo are not similarly situated to Plaintiff and, therefore, the information sought is not relevant to the claims or defenses of either party. Whether or not Plaintiff is similarly situated to those three individuals is not a valid ground in support of an objection. Rather, it is a legal issue in the case with regard to whether Plaintiff can meet her burden of proving a prima facie case of gender and age discrimination. Of course, Plaintiff disagrees with the government's contention that the three younger males are not similarly situated to her, and this is described in part in her responses to the government's Requests for Admissions. Although some information (13 pages of emails) was provided, if there is any other responsive information that is being withheld (and in particular, regarding any deficiencies in their performance or conduct) on this separate basis, Plaintiff is entitled to receive it for these reasons.

*Interrogatory #12*

> *Identify each and every outside IBD departmental meeting and/or staff-wide meeting from August 1, 2004 that Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo and/or any other Business Development Specialist/Officer hired to work at the Bank from July 15, 2004 to the present have been invited to and/or attended during their employment with the agency, and for each meeting, state the date, location, participants, subject matter, how and when they were notified of the meeting, and if there were any notes or minutes of the meeting to document the persons who attended those meetings.*

Plaintiff believes that Defendant's objections on the grounds of the time period of the Interrogatory and that the three younger males identified in the request are not similarly situated are not supported for the same reasons described above for Interrogatory #11. Although Defendant responded to this request without waiving its objections by stating that there were no outside meetings and making reference to its response to Document Request #9, if any additional responsive information is still being withheld, then it should be provided to Plaintiff.

Moreover, with regard to Document Response #9 (provided with the government's supplemental discovery responses), only the paper calendar for Mr. O'Connor from December 2004 to January 2006 has been provided (which has many non-entries), and we do not have the electronic version where additional items may be listed, especially because we have seen emails from Mr. Forgione in the government's document responses instructing the IBD staff to use their electronic calendars. Moreover, the government's response is deficient because it does not include the calendar entries for Mr. O'Connor from August 1, 2004 to December 1, 2004, and from February 2006 to the present, as requested.

Although the electronic calendars for Messrs. Barnett and Sant Angelo have been provided, the electronic calendars for Ms. Nuskey and Mr. Hess have not been provided.

Additionally, only excerpts of the calendar for Mr. Barnett were provided and the following calendar entries are missing for the weeks in 2004: 11/22, 29; 12/27. Calendar entries for Mr. Barnett are also missing for the following weeks in 2005: 1/17, 24, 31; 2/7, 21; 3/7, 14, 28; 5/23, 30; and 6/13. Moreover, the government failed to produce other calendars for Mr. Barnett from August 2004 to November 15, 2004, and from June 26, 2005 to the present.

No calendars were provided for Mr. Sant Angelo prior to August 2005. Thus, the government needs to produce those records from August 2004 through August 2005.

Please provide us with copies of all of those records.

*Interrogatory #14*

> *State in detail any and all work assignments and other opportunities that Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo and/or any other Business Development Specialist/Officer were given from August 1, 2004 to the present in which he/she was directed to perform work in support of any of the Bank's Directors and/or their staff.*

Plaintiff believes that Defendant's objections on the grounds of the time period of the Interrogatory and that the three younger males, etc. identified in the request are not similarly situated are not supported for the same reasons described above for Interrogatory #11. Although Defendant responded to this request without waiving its objections, if any additional responsive information is still being withheld on these grounds, then it should be provided to Plaintiff.

<u>*Interrogatory #16*</u>

> *State in detail each and every occasion in which Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo and/or any other Business Development Specialist/Officer were either recommended for, invited to or were otherwise assigned to travel (either internationally or domestically) for the agency from August 1, 2004 to the present, and for each travel opportunity, state the date(s) that the employee was notified of the travel, the date(s) when the travel was to take place, the destination(s) of the travel, the purpose of the travel, the person(s) who proposed that the employee travel, the person(s) who approved the travel, the total amount of the cost of the travel, who paid for the travel, and whether all or part of the travel was on official time or if the employee had to use leave.*

Plaintiff believes that Defendant's objections on the grounds of the time period of the Interrogatory and that the three younger males identified in the request are not similarly situated are not supported for the same reasons described above for Interrogatory #11. Although Defendant responded to this request without waiving its objections (and in particular, provided responsive information about the travel for the three younger males and others), if any additional responsive information is still being withheld on these grounds, then it should be provided to Plaintiff.

We also request that the government give clarification on one part of its response to this Interrogatory as it pertains to the recommendation for Mr. Barnett to travel to Bahrain and Egypt in March 2005, and Algeria and India in August 2005. The government stated that neither trip occurred, but it is not clear whether or not his travel was approved before the trips were to take place (<u>i.e.</u>, and they so happened to not occur after they were already approved). Since the government provided this information in the remainder of its responses to this Interrogatory, we request clarification on this point.

<u>*Interrogatory #17*</u>

> *State in detail each and every occasion in which any request or other recommendation for Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo and/or any other Business Development Specialist/Officer to travel for bank business (either internationally or domestically) was denied from August 1, 2004 to the present, and for each travel opportunity, state the date(s) that the employee was notified of the travel, the date(s) when the travel was to take place, the destination(s) of the travel, the purpose of the travel, the person(s) who proposed*

*that the employee travel, the person(s) who denied the travel request, the total amount of the cost of the proposed travel, and a detailed synopsis of why the travel request or recommendation was denied.*

In response to this Interrogatory, the government responded by reference to its response to Interrogatory #16. As such, Plaintiff's position on the government's response to that Interrogatory is reincorporated herein.

Interrogatory #19

*Identify in detail any and all communications (verbal, written and/or electronic) from August 1, 2004 to the present that were made to or from, exchanged by and/or between Mr. Forgione, Mr. O'Connor, John Emens, Mr. Miller, Ms. Jones Brown, any other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office, and/or any other person pertaining or relating to travel that Ms. Nuskey requested, and state the date, location, participants, whether the communication was verbal, written or electronic, and provide a detailed synopsis of each and every communication.*

Plaintiff believes that Defendant's objections on the grounds of the time period of the Interrogatory is not supported for the same reasons described, supra, regarding Plaintiff's responses to the Government's General Objections. Although Defendant responded to this request without waiving its objection, if any additional responsive information is still being withheld on the ground specified, then it should be provided to Plaintiff. She believes that Defendant has likely withheld responsive information, and the following example illustrates that point. For example, there was no mention in the government's response about the exchange between Patrease Jones Brown, J.T. McMullen, and/or Mr. Forgione about Plaintiff's complaint regarding her travel. However, there is a brief email exchange about this same issue in the ROI.

Interrogatory #20

*Identify in detail any and all additional duties, assignments, professional opportunities, special projects and/or any other career enhancing work that has been offered to or given to Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo and/or any other Business Development Specialist/Officer from August 1, 2004 to the present, and state the date it was offered or assigned, who offered the opportunity or work assignment, the nature of the work, the person(s) who approved or offered the work, and provide a detailed synopsis of each and every*

*reason the work was assigned to the employee.*

Plaintiff believes that Defendant's objections on the grounds of the time period of the Interrogatory and that the three younger males identified in the request are not similarly situated are not supported for the same reasons described above for Interrogatory #11. Although Defendant responded to this request without waiving its objections, if any additional responsive information is still being withheld on these grounds, then it should be provided to Plaintiff. Furthermore, since no information was provided with respect to Messrs. Michel and Vranich, that information should be provided as well.

*Interrogatory #20*

*Identify in detail any and all additional duties, assignments, professional opportunities, special projects and/or any other career enhancing work that has been offered to or given to Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo and/or any other Business Development Specialist/Officer from August 1, 2004 to the present, and state the date it was offered or assigned, who offered the opportunity or work assignment, the nature of the work, the person(s) who approved or offered the work, and provide a detailed synopsis of each and every reason the work was assigned to the employee.*

Plaintiff believes that Defendant's objections on the grounds of the time period of the Interrogatory and that the three younger males identified in the request are not similarly situated are not supported for the same reasons described above for Interrogatory #11. Although Defendant responded to this request without waiving its objections, if any additional responsive information is still being withheld on these grounds, then it should be provided to Plaintiff. Furthermore, since no information was provided with respect to Messrs. Michel and Vranich, that information should be provided as well.

*Interrogatory #22*

*Identify in detail any and all communications (verbal, written and/or electronic) that were made to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, Mr. D'Adamio, Ms. Guzman, any other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office, and/or any other person pertaining or relating to the decision of whether to terminate Plaintiff's employment with the agency, and*

*state the date, location, participants, their gender whether the communication was verbal, written or electronic, and provide a detailed synopsis of each and every communication.*

The government objected to this Interrogatory on the grounds of attorney-client privilege and work product. Without waiving its objection, reference was made to a particular section in the report of investigation and one of the government's document responses, which includes little in the way of documents. We remind the government that if any communications were made by and/or between any of the individuals identified above without the inclusion of the government's counsel, then they are not protected by the attorney-client privilege or work product and Plaintiff is entitled to that information. As such, that responsive information should be provided to Plaintiff in response to her request.

*Interrogatory #23*

*Identify in detail any and all communications (verbal, written and/or electronic) that were to or from, were exchanged by and/or between, or were otherwise documented by Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, Mr. D'Adamio, Ms. Guzman, any other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office, and/or any other person from April 1, 2005 to the present announcing and/or commenting upon Ms. Nuskey's proposed or actual departure from the agency, and state the date, location, participants, whether the communication was verbal, written or electronic, and provide a detailed synopsis of each and every communication.*

The government objected to this Interrogatory on the grounds of attorney-client privilege and work product. Without waiving its objection, reference was made to the government's response to Interrogatory #22. We remind the government that if any communications were made by and/or between any of the individuals identified above without the inclusion of the government's counsel, then they are not protected by the attorney-client privilege or work product and Plaintiff is entitled to that information. As such, that responsive information should be provided to Plaintiff in response to her request, notwithstanding the government's separate objection on the ground of the time frame of the request, which is addressed, supra, regarding Plaintiff's responses to the Government's General Objections.

*Interrogatory #24*

> *Identify in detail each and every person including, but not limited to management employees, Mr. John Richter, Human Resources employees, recommending officials, selecting officials, applicants (including but not limited to Mr. Ricardo Michel), and/or any other person with whom Mr. Forgione or Mr. O'Connor communicated with concerning or relating to any aspect of locating and/or selecting a Business Development Specialist/Officer(s) at any time after Ms. Nuskey's removal, and provide the date, place, names of the participants, their gender and ages, and a detailed synopsis of the each and every one of the identified communications.*

Although the government answered this Interrogatory over its objections by making reference to its response to Document Request #15, Plaintiff contends that the objections are not supported. With regard to the time frame of the request, see Plaintiff's responses to the Government's General Objections, supra. As to the separate objection that the information sought is not relevant to the claims or defenses of either party, Plaintiff disputes this objection because the subject of the Interrogatory supports her claims of disparate treatment and retaliation. If any male business development specialists were hired after she was removed, this may support a showing of discriminatory and/or retaliatory animus and motive. As such, if there is any other responsive information that is being withheld because of the objections, Plaintiff believes that she is entitled to receive it.

## PLAINTIFF'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS

*Document Request #2*

> *Produce each and every document or other record that the agency provided to the EEO investigator during the investigation of Ms. Nuskey's EEO complaint, but which the investigator did not include in his report of investigation and which "returned to the Export-Import Bank for its records, under separate cover" (see ROI at Exhibit E(20), Memorandum to the Record by the EEO Investigator, dated February 26, 2006).*

In response to this Request, the government provided numerous documents, mostly consisting of emails, in Exhibit 1. However, a number of those emails appear to be duplicates, are incomplete (i.e., the entire chain of emails was not provided and/or a header is missing), or are missing the attachments to those emails. It is not clear to Plaintiff whether those absent

materials were also not provided to the EEO investigator. However, since those materials are responsive to other of Plaintiff's discovery requests[2], Plaintiff believes that she is entitled to that information. If the government is willing to provide those complete materials to Plaintiff, she can provide under a separate letter the specific emails that are at issue in order to make it more efficient and less burdensome for government to produce them.

*Document Request #6*

> *Produce the complete file and any and all other records that Mr. Michael Forgione, Mr. Craig O'Connor, Mr. John Emens, Mr. Jeffrey Miller, Mr. John McAdams, the agency's EEO office, and/or the agency's Human Resources office has created and/or maintained on Ms. Nuskey's initial contact with the EEO office, her informal EEO complaint, her formal EEO complaint, the investigation of her formal EEO complaint, and/or her civil court complaint.*

The government objected to this Request on the grounds of attorney-client privilege and work product. We remind the government that if any records were created and/or maintained made by any of the individuals identified above without the inclusion of the government's counsel, then they are not protected by the attorney-client privilege or work product and they should be provided to Plaintiff.

With regard to the government's objection to the part of the request being irrelevant to Mr. McAdams, Plaintiff disagrees with the government's position on this issue. Although Mr. McAdams was not in Plaintiff's chain of command while she was employed by the Bank, he became Mr. Forgione's immediate supervisor sometime after she was terminated. As Plaintiff's EEO complaint has been active since the date of her termination, Plaintiff believes that it is possible that Mr. McAdams may have information that is responsive to this request as it pertains to the progression of her EEO complaint and as it relates to her, Mr. Forgione, Mr. O'Connor, etc. Please confirm whether or not there are any responsive documents with regard to Mr. McAdams.

*Document Request #9*

> *Produce a complete copy of any and all information, documents, communications, and other records (i.e., handwritten, typewritten, and/or electronic) from August*

---

[2] See, e.g. the government's responses to Document Requests #8, #13, #26, #30 and #36.

> *1, 2004 to the present pertaining or relating to any aspect of Ms. Nuskey's verbal, written and/or email complaints of discrimination that she raised with Mr. Forgione, Mr. O'Connor, Mr. John Emens, Mr. Jeffrey Miller, Ms. Jones Brown, Ms. Sherry Beyers, Ms. Linda Conlin, Ms. April Foley and/or any other person while Ms. Nuskey was employed by the agency.*

and

*Document Request #10*

> *Produce a complete copy of any and all information, documents, records (i.e., handwritten, typewritten, and/or electronic) from August 1, 2004 to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, Ms. Beyers, Mr. J.T. McMullen, and/or any other person from August 1, 2004 to the present pertaining or relating to Ms. Nuskey's contact with the agency's EEO office, her initiation of EEO counseling, her formal EEO complaint, the investigation of her EEO complaint (see, e.g., ROI, Vol. I, Tab D(6)(A), Email from Mr. Forgione to Margaret Kostic, dated November 11, 2005), and/or her civil Complaint and litigation in federal district court.*

The government objected to Request #9 on the grounds of it being overly vague, and to both Requests #9 and #10 because their time frame is overly broad. Without waiving its objections, Defendant made reference to its response to Request #8 for documents dated up to one month after her removal as being responsive to both Document Requests.

If there are any responsive documents for either Request beyond one month after Plaintiff's termination, then she is entitled to those records for the reasons described in the section above regarding Plaintiff's responses to the Government's General Objections. Moreover, the objection with regard to the part of Request #9 describing how Plaintiff's complaints were made as being overly vague (i.e. verbal, written and/or email complaints of discrimination) is likewise unsupported. Her complaints of discrimination have been described in detail in her formal EEO complaint, two EEO affidavits, and in her civil Complaint. As such, Defendant has been on notice of what those specific complaints were and how they were made, and this should not serve as the basis for refusing to answer this Request in whole.

<u>*Document Request #11*</u>

> *Produce a complete copy of all agency rating criteria, policies, procedures, guidelines, handbooks, and/or training materials that relate, pertain or otherwise apply to the performance and/or conduct of probationary employees of the agency.*

Without waiving its objections, the government provided a copy of its policies for conduct and discipline as they apply to all employees because it was noted that the Bank does not have any specific policies for probationary employees. Plaintiff does not dispute the Banks' position at this time, however, the scope of the Request covered both conduct <u>and</u> performance. Therefore, Plaintiff requests that Defendant provide a response to the part of the Request as it pertains to performance.

<u>*Document Request #12*</u>

> *Produce a complete copy of the Official Personnel File(s) and any and all other human resources, personnel and/or informal/formal supervisory files maintained on Ms. Nuskey relating or pertaining to her performance and/or conduct, including, but not limited to, all position descriptions, performance plans, mid-year and annual performance appraisals, evaluations, awards, and disciplinary actions taken, proposed, or under consideration.*

The government responded to this Request by making reference to Exhibit 2 to its Document Responses, which is about 1/4 inch thick and appear to be documents that were primarily copied from Plaintiff's OPF. Since the Request sought information that was not only from her OPF, but also from "and any and all other human resources, personnel and/or informal/formal supervisory files maintained on Ms. Nuskey relating or pertaining to her performance and/or conduct," then those records should also be provided to Plaintiff. Please confirm whether or not such other materials exist and, if they do, please provide Plaintiff with a copy of them.

<u>*Document Request #14*</u>

> *Produce a complete copy of any and all information, documents, communications, and/or complaints (i.e., handwritten, typewritten, and/or electronic) at any time from August 1, 2004 to the present to or from, by and/or between Mr. Forgione,*

*Mr. O'Connor, Mr. Emens, Mr. Taylor, Ms. Jones Brown, Ms. Nuskey, other current or former agency managers and employees, members of the agency's EEO and/or Human Resources offices, and/or any other person pertaining or relating to Ms. Nuskey's performance and/or conduct.*

Defendant objected to this request on a number of grounds, to include that it violates the "privacy interests of employees," the time frame for which the records is requested is overly broad, and the information sought is protected by attorney-client privilege and work product. Without waiving its objections, Defendant referred Plaintiff to its response to Document Request #13, which provided reference to the ROI and Exhibits 1 and 5 to the government's Document Responses.

Plaintiff contends that some of the Defendant's objections are unsupported. If there are any responsive documents that are within the full time frame of Plaintiff's Request, then she is entitled to those records for the reasons described in above in this letter regarding Plaintiff's responses to the Government's General Objections. Moreover, since Plaintiff is the primary subject of the Request, the "privacy interests" of the Bank managers and officials are not relevant. Furthermore, the parties entered into a stipulated protective order. If there are any documents that are being withheld from Plaintiff based on these objections, they should be provided to Plaintiff.

*Document Request #15*

*Produce a complete copy of the Official Personnel Files and any and all other human resources, personnel and/or informal/formal supervisory files maintained on Mr. Charles Barnett, Mr. William Hess, Mr. Brian Sant Angelo, Mr. Ricardo Michel and/or any other Business Development Specialist from August 1, 2004 to the present pertaining or relating to their performance and/or conduct, including, but not limited to, all position descriptions, performance plans, mid-year and annual performance appraisals, evaluations, awards, and disciplinary actions taken, proposed, or under consideration.*

and

*Document Request #16*

*Produce a complete copy of any and all information, documents, communications, and/or any other records (i.e., handwritten, typewritten, and/or electronic)*

> *pertaining or relating to any time that Mr. Barnett, Mr. Hess, Mr. Sant Angelo, Mr. Ricardo Michel, and/or any other Business Development Specialist/Officer hired from July 15, 2004 to the present has been counseled or admonished about any issues relating to their performance and/or conduct at any time during their employment with the agency from August 1, 2004 to the present.*

and

*Document Request #17*

> *Produce a complete copy of any and all information, documents, communications, any other records, and/or complaints (i.e., handwritten, typewritten, and/or electronic) to or from, by and/or between Mr. Forgione, Mr. O'Connor, John Emens, Mr. Miller, Ms. Jones Brown, other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office, and/or any other person pertaining or relating to the performance and/or conduct of Mr. Barnett, Mr. Hess, Mr. Sant Angelo, Mr. Michel, and/or any other Business Development Specialist/Officer at any time from August 1, 2004 to the present.*

The government provided some documents that are responsive to these three Requests in its supplemental document responses. However, the government's responses to these Requests are still deficient, and we believe that this is due to the likelihood that other responsive documents are being held pursuant to the government's objections in its written responses.

We assume that the government's objection on the ground of privacy is no longer an issue since documents were provided after the parties enter into the stipulated protective order, but please confirm whether or not that is the case. With regard to the government's objection that the Requests' time frame is overly broad, we direct the government's attention to Plaintiff's responses to the Government's General Objections, supra. This is particularly relevant for this Request because Plaintiff has claimed that she has been treated differently from the three males identified in this Request (Messrs. Hess, Barnett and Sant Angelo), and possibly Messrs. Ken Vranich and Ricardo Michel, and any information in their OPF or other files may support her theory, including her claim for damages due in part to their career progression. The government's related objection on the ground that the three younger males are not similarly situated to her is addressed supra regarding Plaintiff's responses to the Government's General Objections, and is not a proper objection to a written discovery request. We also remind the government, as stated above, that our expert report will not be complete with out that information so that she can properly calculate front pay based on the career progression of the three younger males identified in the Request.

The government also objected to the part of these Requests on the ground of relevance as they pertain to Mr. Michel, and stated that he was not hired to replace Plaintiff after she was removed from her employment with the Bank and he works for a different division than she did. Plaintiff believes that the information sought on Mr. Michel is reasonably calculated to lead to the discovery of admissible evidence for making a showing of discriminatory animus and motive and her management wanting to hire a younger male to fill one of the IBD vacancies. As such, if there is any other responsive information that is being withheld because of this objection, Plaintiff believes that she is entitled to receive it.

*Document Request #19*

*Produce a complete copy of the Official Personnel Files and any and all other human resources, personnel and/or informal/formal supervisory files maintained on Mr. Forgione, Mr. O'Connor, Mr. Emens, and Mr. Miller from August 1, 2002 to the present pertaining or relating to their performance and/or conduct, including, but not limited to, all position descriptions, performance plans, performance appraisals, evaluations, awards, and disciplinary actions taken, proposed, or under consideration.*

and

*Document Request #20*

*Produce a complete copy of any and all information, documents, and communications (i.e., handwritten, typewritten, and/or electronic) pertaining or relating to any time that Mr. Forgione, Mr. O'Connor, Mr. Emens, and/or Mr. Miller have been counseled or admonished about any issues relating to their performance and/or conduct at any time during their employment with the agency from August 1, 2002 to the present.*

and

*Document Request #21*

*Produce a complete copy of any and all information, documents, communications, any other records, and/or complaints (i.e., handwritten, typewritten, and/or electronic) to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Mr. McAdams, Ms. Jones Brown, other current or former agency managers and employees, members of the agency's EEO and/or Human*

> *Resources offices, and/or any other person pertaining or relating to the performance and/or conduct of Mr. Forgione, Mr. O'Connor, Mr. Miller and/or Mr. Emens at any time from August 1, 2002 to the present.*

and

*Document Request #22*

> *Produce any and all informal and formal EEO complaints, civil court complaints or appeals, formal grievances, union grievances, Office of Special Counsel complaints, Office of Inspector General complaints and/or any other complaints that have been filed against Mr. Forgione, Mr. O'Connor, Mr. Emens, and/or Mr. Miller at any time from August 1, 2002 to the present on the basis of discrimination on gender, age or reprisal.*

and

*Document Request #23*

> *Produce a copy of any and all written decisions on the complaints or appeals referenced in Request No. 22, and any and all admonishments, counselings and disciplinary actions that were proposed and/or taken against Mr. Forgione and/or Mr. O'Connor, Mr. Emens, Mr. Miller in connection with those complaints or appeals.*

The government made various objections to these Document Requests and did not provide any responses over its objections. For the following reasons, Plaintiff contends that Defendant's objections are unsupported and that the requested documents should be produced.

First, the government objected to the relevancy of the information sought by stating that the performance and conduct of the four managers identified above are not at issue in this case. However, this is not valid because it was the conduct of the Bank's management that led her to file an EEO complaint. If those Bank managers were counseled or disciplined for their treatment of other employees who are female or older, this could show a pattern of disparate treatment to support the theories of her case. Moreover, if members of her management were recognized for their performance on projects that Plaintiff also provided support, this would be relevant to rebut the government's non-discriminatory explanation for its actions.

Second, the objection based on the privacy interests of the four Bank managers is unsupported because the parties entered into a stipulated protective order, which allows for the release of any sensitive information about them and others.

Third, the Defendant's objection on ground of the "overly broad" time frame of the Request is unsupported based on the reasons described supra regarding Plaintiff's responses to the Government's General Objections. Moreover, as indicated above, if there is a pattern of disparate treatment towards employees who are older females, this may have continued after Plaintiff's removal and could support an ongoing pattern of discriminatory conduct to support her case.

Fourth, the government claims that the terms "performance and/or conduct" is overly vague, ambiguous and overly broad so that it is unable to provide any responsive information to the Request. In order to make it more specific, Plaintiff is seeking information in which any or all of those four managers were complimented or rewarded about their performance, or were counseled or disciplined for any misconduct.

Accordingly, the information requested should be provided to Plaintiff.

*Document Request #24*

*Produce a complete copy of any and all information, documents, communications, and other records (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, Ms. Nuskey, other current or former agency managers and employees, members of the agency's EEO and/or Human Resources offices, and/or any other person relating or pertaining to any alleged complaints, criticisms, problems or accolades about Ms. Nuskey's job performance and/or conduct while she was employed by the agency.*

Without waiving its objections on the grounds of attorney-client privilege, work product, and the Request being overly vague, the government answered this Request by making reference to is responses to Document Requests #13 and #14. Plaintiff incorporates her position on the government's response to Document Request #14, as described supra regarding Plaintiff's responses to the Government's General Objections, herein.

<u>*Document Request #25*</u>

> *Produce a complete copy of any and all information, documents, communications, and other records (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, other current or former agency managers and employees, members of the agency's EEO and/or Human Resources offices, and/or any other person relating or pertaining to any alleged complaints, criticisms, problems or accolades about the job performance and/or conduct of Mr. Barnett, Mr. Hess, Mr. Sant Angelo, and/or any other Business Development Specialist/Officer who has been hired by the agency from July 15, 2004 to the present at any time while each of them have been employed by the agency.*

The government made numerous objections to this Request, which are similar to the objections that it made to Request #17. Without waiving its objections, 13 pages of miscellaneous emails were provided in response to this Request and most of them did not post-date July 2005. Plaintiff believes it is possible that Defendant is withholding responsive documents pursuant to its objections, which she believes are unsupported for the same reasons described with respect her response to Document Request #17, <u>supra</u>, and that they should be immediately produced by the government.

<u>*Document Request #27*</u>

> *Produce a complete copy of any and all information, documents, communications and other records (i.e., handwritten, typewritten, and/or electronic) that were referred to or were relied upon by Mr. Forgione, Mr. O'Connor and/or any other person to prepare and/or issue the Memorandum, dated November 23, 2005, Subject: "Activities of Sharon Nuskey January 27-May 20, 2005 . . .," that was appended to Mr. O'Connor's Declaration in the report of investigation on Ms. Nuskey's EEO complaint. See ROI, Vol. I, Tab D(3)(A).*

The attachment to Mr. O'Connor's November 23, 2007 (2:39 p.m.) email to Ms. Jones-Brown and Mr. Forgione, subject "Supplemental request for information," is missing from Exhibit 9 that was provided in response to this Request. Please provide us with a copy of that attachment.

<u>*Document Request #28*</u>

> *Produce a complete copy of any and all information, documents, communications and other records (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, and/or any other person in which Mr. Barnett, Mr. Hess, Mr. Sant Angelo, and/or any other Business Development Specialist/Officer were invited to attend any IBD departmental and/or staff-wide meetings or were otherwise notified of any meeting for an area in their responsibility from August 1, 2004 to the present.*

The government made numerous objections to this Request, which are similar to the objections that it made to Request #17. Without waiving its objections, about a half inch of miscellaneous emails were provided in response to this Request and most of them did not post-date June 2005. Plaintiff believes it is possible that Defendant is withholding responsive documents pursuant to its objections, which she believes are unsupported for the same reasons described with respect to Document Request #17, and that they should be immediately produced by the government.

<u>*Document Request #29*</u>

> *Produce a complete copy of the desk and/or electronic calendars of Mr. Forgione, Mr. O'Connor, Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo, and/or any other Business Development Specialist/Officer in which any and all of their meetings for agency business were or have been scheduled at any time from August 1, 2004 to the present.*

The government made numerous objections to this Request, which are similar to the objections that it made to Request #17 and <u>see</u> <u>also</u> Plaintiff's position on those objections in the section above regarding her responses to the Government's General Objections.

Without waiving its objections, the government provided a copy of the IBD calendar under Exhibit 9 and individual employee calendars in the government's supplemental discovery responses. However, as stated above with regard to Interrogatory #12, only the paper calendar for Mr. O'Connor from December 2004 to January 2006 has been provided (which has many non-entries), and we do not have the electronic version where additional items may be listed, especially because we have seen emails from Mr. Forgione in the government's document responses instructing the IBD staff to use their electronic calendars. Moreover, the government's response is deficient because it does not include the calendar entries for Mr. O'Connor from

August 1, 2004 to December 1, 2004, and from February 2006 to the present, as requested.

Although the electronic calendars for Messrs. Barnett and Sant Angelo have been provided, the electronic calendars for Ms. Nuskey and Mr. Hess have not been provided.

Additionally, only excerpts of the calendar for Mr. Barnett were provided and the following calendar entries are missing for the weeks in 2004: 11/22, 29; 12/27. Calendar entries for Mr. Barnett are also missing for the following weeks in 2005: 1/17, 24, 31; 2/7, 21; 3/7, 14, 28; 5/23, 30; and 6/13. Moreover, the government failed to produce other calendars for Mr. Barnett from August 2004 to November 15, 2004, and from June 26, 2005 to the present.

No calendars were provided for Mr. Sant Angelo prior to August 2005. Thus, the government needs to produce those records from August 2004 through August 2005.

Please provide us with copies of all of those records.

*Document Request #30*

*Produce a complete copy of any and all information, documents, other records, communications (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor in which any and all work and other opportunities to support of any of the Bank's Directors on the Board of Directors and/or their staff were proposed or assigned to Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo, and/or any other Business Development Specialist/Officer at any time from August 1, 2004 to the present.*

The government made numerous objections to this Request, which are similar to the objections that it made to Request #17. Plaintiff believes those objections are unsupported for the same reasons described with respect to Document Request #17, supra

The government also objected to this Request on the ground that it was overly burdensome because Mr. Hess and Mr. Tumminia are no longer employed by the Bank. However, as a federal government agency, the Bank should still have any records of communications, at least electronically, in its computer system. Additionally, Plaintiff disputes that this Request is overly burdensome for the reasons described in her response to the Government's General Objections, supra.

With regard to the objection on the ground that the Request is overly vague, the intent of Plaintiff's request was to solicit documents regarding any assignments or other opportunities that

were proposed for or assigned to Ms. Nuskey and the others identified above to provide direct services to the members of the Banks' Directors on the Board of Directors and/or the Directors' immediate staff. Accordingly, this should serve as adequate clarification of the information sought in order to render a more complete response.

Without waiving its objections, the government referred Plaintiff to Exhibits 1, 9 and 11. However, Plaintiff believes that some documents likely have not been provided because of Defendant's objections, and particularly with regard to the time frame of the Request. Additionally, it appears that the complete travel records for Mr. O'Connor have not been provided to Plaintiff. Therefore, any documents that are being withheld from production to Plaintiff should be immediately produced to her because the government's objections are unsupported.

*Document Request #32*

> *Produce a complete copy of any and all information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, and/or any other person pertaining to any requests or recommendations that were made for Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo, and/or any other Business Development Specialist/Officer to travel (either internationally or domestically) for agency business at any time from August 1, 2004 to the present.*

The government made numerous objections to this Request, which are similar to the objections that it made to Request #17. Plaintiff believes those objections are unsupported for the same reasons described with respect to Document Request #17, supra.

Without waiving its objections, the government referred Plaintiff to Exhibits 13. However, Plaintiff believes that some documents likely have not been provided because of Defendant's objections, and particularly with regard to the time frame of the Request. Therefore, any documents that are being withheld from production to Plaintiff should be immediately produced to her because the government's objections are unsupported.

Additionally, there are problems with the following documents that were provided under Exhibit 13 that we request the government to correct and provide:

a. Please provide a better copy of the travel order request for Ms. Kostic, approved on February 4, 2005 for her trip to Hungary, Ukraine, Turkey, etc. The copy provided to us (two pages) is cut-off on the left side of the document.

b. The attachments to Mr. Forgione's May 31, 2005 (3:16 p.m.) email to Mr. Emens, subject "Budget" were not provided.

c. The attachments to Mr. Forgione's May 19, 2005 (10:47 a.m. and 10:40 a.m.) emails to Mr. Emens, subjects "travel budget" and "travel 2006" were not provided.

d. The attachment to Mr. Forgione's January 1, 2005 email to Mr. Emens (12:47 p.m.), subject "travel - comments welcome" was not provided.

e. The attachment to Mr. O'Connor's March 25, 2005 email to Mr. Emens, Mr. Forgione and Mr. Miller (5:08 p.m.), subject "Trip Report: Romania/Bulgaria" was not provided.

f. The complete 2005 travel history for Mr. O'Connor was not provided.

*Document Request #33*

*Produce a complete copy of any and all information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Mr. McAdams and/or any other person pertaining to any financial restrictions or other limitations for travel (international or domestic) for agency business between August 1, 2004 to the present.*

With regard to the government's objection to the time frame of the request, see Plaintiff's responses to the Government's General Objections, supra.

*Document Request #34*

*Produce a complete copy of any and all information, documents, and communications (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, and/or any other person pertaining to any deliberations or decisions on any of the requests that are the subject of Request No. 32.*

In response to this Request, the government referred to its response to Request #32. Accordingly, Plaintiff's hereby incorporates her response to that Request herein.

*Document Request #35*

*Produce a complete copy of any documents or other records which list or otherwise show any and all Bank employees who were invited and/or attended the agency's conference held in Bucharest, Romania Conference in the Fall of 2004.*

Defendant objected to this Request on the grounds that it is overly vague, ambiguous, overly broad and burdensome, and much of the information is not relevant to the parties' claims or defenses. Without waiving these objections, Defendant referred Plaintiff to its response to Exhibit 13. Plaintiff believes that Defendant's objections are unsupported because Plaintiff contends as part of her case that she was not given opportunities to go on international travel while her male counterparts were authorized to do so. Plaintiff was involved in the planning of the Bucharest conference and Ms. Kostic requested that she go on the trip, but that request was not supported by Mr. Forgione. As such, any documents showing that any similarly situated males were invited and/or authorized to travel to that conference are relevant and should be produced to Plaintiff if they are being withheld pursuant to Defendant's objections.

*Document Request #36*

*Produce a complete copy of any and all information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) which show any assignments, professional opportunities, special projects and/or any other career enhancing work that has been suggested, offered, and/or given to Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo, and/or any other Business Development Specialist/Officer at any time from August 1, 2004 to the present.*

The government objected to this Request on several grounds, to include that the people identified in the Request are not similarly situated to Plaintiff and the time frame of the Request is overly broad. See Plaintiff's responses to the Government's General Objections, supra, which addresses those objections. Although the government referred Plaintiff to Exhibits 1 and 11 and the ROI over its objections, if there are any additional documents that are being withheld, Plaintiff believes that she is entitled to them and that they should be immediately produced by Defendant.

<u>*Document Request #37*</u>

> *Produce a complete copy of any and all information, documents and communications (i.e., handwritten, typewritten, and/or electronic) to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Mr. McAdams, Ms. Guzman, Mr. D'Adamio, the EEO and/or Human Resources Office, and/or any other person relating or pertaining to any and all inquiries, reviews, fact-findings, and/or investigations that were conducted preceding to, leading to, or after the agency's decision to terminate Ms. Nuskey's employment with the agency.*

The government objected to this Request on the grounds that it was overly broad with regard to the scope of the documents sought and that the part of the Request that applies to Mr. McAdams is irrelevant since he did was not in Plaintiff's chain of command during her tenure with the Bank. Without waiving those objections, the government referred Plaintiff to the ROI and Exhibit 2 of the government's document responses. These objections are unsupported and Defendant should be required to produce any documents that may be responsive to this Request.

First, the Request is not overly broad with regard to the type of information sought. The Request seeks documents pertaining to any inquiries, reviews, fact-findings, and/or investigations preceding to, leading to, or after the Bank's decision to terminate Plaintiff's employment with the Bank. The purpose of this Request is fairly clear on its face and was intended to obtain any information that the persons identified above generated, sought or gathered in connection with the Bank's decision to terminate Plaintiff. Since Plaintiff's termination is one of the cruxes of her civil Complaint, any such information is relevant and should be produced to her.

Second, although Mr. McAdams may have not in Plaintiff's chain of command while she was employed by the Bank, he became Mr. Forgione's immediate supervisor sometime after she was terminated. As Plaintiff's EEO complaint has been active since the date of her termination, Plaintiff believes that it is possible that Mr. McAdams may have information that is responsive to this request as it pertains to any and all inquires, reviews, fact-findings, and/or investigations that were conducted preceding to, leading to, <u>or after</u> the Bank's decision to terminate Plaintiff's employment with the Bank.

Third, Exhibit 2 produced with the government's discovery responses is unresponsive to Request #37 because it appears to contain Plaintiff's OPF.

*Document Request #41*

> *Produce a complete copy of any and all other information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) that were made to or from and/or were exchanged by and/or between, or were otherwise documented by Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, Ms. Kristen Thomas, any other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office (including but not limited to Mr. D'Adamio), and/or any other person from April 1, 2005 to the present announcing and/or commenting upon Ms. Nuskey's proposed or actual departure from the agency.*

With regard to the government's objection to the time frame of the request, see Plaintiff's responses to the Government's General Objections section of this letter, supra.

*Document Request #45*

> *Produce a complete copy of any and all application materials that Mr. Michel submitted to the agency for the vacant Business Development Specialist/Officer position.*

and

*Document Request #46*

> *Produce a complete copy of any and all documents referred to, relied upon and/or used in support of the agency's decision to select Mr. Michel as a Business Development Specialist/Officer.*

The government objected to these two Requests on the ground that they are irrelevant since Mr. Michel was not hired to replace Plaintiff at the Bank. Plaintiff believes that the information sought on Mr. Michel is reasonably calculated to lead to the discovery of admissible evidence for making a showing of discriminatory animus and motive and her management wanting to hire a younger male to fill one of the IBD vacancies. As such, if there is any other responsive information that is being withheld because of this objection, Plaintiff is entitled to receive it.

Document Request #47

*Produce a complete copy of and all communications by any agency manager or employee pertaining or relating to Ms. Nuskey's and/or her attorneys' request on the date of her termination and/or at any time thereafter to retrieve copies of emails and/or other records from her computer regarding her work performance, conduct and/or complaints of unlawful discrimination.*

Defendant objected to this Request on the ground that the information sought is not relevant to the claims or defenses of either party. Plaintiff disagrees with the government's objection because the information sought is clearly relevant to the defenses that Plaintiff was terminated because of her performance and her conduct, as described by Mssrs. Forgione and O'Connor in their EEO affidavits. Moreover, any documents pertaining to her complaints of unlawful discrimination are likewise relevant in order to meet her burden of proof in support of her claim of reprisal, which were initiated while Plaintiff was still employed by the Bank. Accordingly, any responsive information should be immediately provided to Plaintiff.

Document Request #48

*Produce a copy of any and all additional witness statements, documents and/or other records relating to any of the allegations or claims in Ms. Nuskey's EEO complaint that are not included in the Agency's EEO report of investigation, including but not limited to, any witness statements that were produced from any other inquires or investigations that have been conducted by any agency office relating to any of the allegations or claims in Ms. Nuskey's EEO complaint and any and all other documents or records collected from any witnesses that has not been included in the report of investigation.*

The government objected to this Request on the grounds of attorney client privilege and work product. Without waiving its objections, the government answered that no responsive documents exist. Plaintiff believes that Defendant's response is not accurate and that it is withholding relevant responsive documents to this Request. This is based on information that has been provided to her in which she has been informed that at least some witnesses who provided affidavits in the ROI have signed supplemental affidavits at some point during this year. Plaintiff is entitled to any of those additional signed witness statements and, therefore, that information should immediately be provided to her since it is responsive to her Request and is not subject to the attorney-client privilege and work product doctrines.

*Document Request #50*

*Produce copies of any and all documents not heretofore produced or already part of the report of investigation of this matter which are relevant to the facts at issue in Ms. Nuskey's civil court complaint.*

See Plaintiff's response above to Document Request #49.

INFORMATION APPLICABLE TO ALL OF THE GOVERNMENT'S DISCOVERY RESPONSES

One particular thing we noticed is that there is little in the way of any responsive information provided with regard to any emails, memoranda, and other documents that were prepared by and/or exchanged between Plaintiff's immediate supervisor (Mr. O'Connor) and second level supervisor (Mr. Forgione) regarding the various alleged concerns that they had about her alleged performance and/or conduct. The same equally applies to any responsive documents that were exchanged by Mr. Forgione, Mr. O'Connor and any other person in their management chain, the EEO office, Human Resources, and/or anyone else about Ms. Nuskey's performance, conduct and/or complaints against her management. All of this information would be responsive to many of the requests above and if there are any such documents in existence, it should be provided to Plaintiff.

CONCLUSION

Because we are waiting to reschedule the numerous depositions in this case until these discovery issues are resolved, as indicated above, we will need to receive Defendant's response to this letter by no later than the close of business on Friday, November 30, 2007. If we do not receive the government's response to that date or if these issues cannot be resolved amongst the parties by that time, we plan to prepare and file a motion to compel.

Thank you for your attention to this matter.

Sincerely,

Diana J. Veilleux
Lisa A. Bernstein