**U.S. Department of Justice**

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*

*555 Fourth St., N.W.*
*Washington, D.C. 20530*

December 10, 2007

*Via E-mail & First Class Mail*

Diana J. Veilleux
Lisa Bernstein
Shaw, Bransford, Veilleux & Roth
1100 Connecticut Avenue, N.W. Suite 900
Washington, D.C. 20036

Re: **Sharon L. Nuskey v. James H. Lambright**,
No. 06-1573-PLF (D.D.C.)

Dear Ms. Veilleux & Ms. Bernstein:

This responds to your 31-page letter dated November 27, 2007, in which you outlined alleged deficiencies in Defendant's discovery responses to Plaintiff's first set of written discovery requests.

## I. Defendant Maintains His Objections with Regard to the Reasonable Time Frame for Discovery.

Defendant maintains that under FRCP Rule 26(b)(1), Plaintiff is entitled only to discovery that appears reasonably calculated to lead to the discovery of admissible evidence. In the context of employment discrimination cases, such discovery must be specific to a reasonable time frame surrounding the discriminatory event being alleged. Dorchy v. WMATA, 45 F. Supp. 2d 5, 16 (D.D.C. 1999). In the instant matter, Plaintiff was employed at the Export-Import Bank of the United States ("the Bank") from August 9, 2004, to May 20, 2005, barely eight months. Despite this short period of employment, Plaintiff seeks discovery of documents from two years preceding to two years following Plaintiff's employment - a period more than four times greater than Plaintiff's employment with the Bank. See e.g., Plaintiff's document request no. 19, requesting Defendant "produce a complete copy of the Official Personnel Files and any and all other human resources, personnel and/or informal/formal supervisory files maintained on Mr. Forgione, Mr. O'Connor, Mr. Emens, and Mr. Miller from August 1, 2002 to the present . . ." Plaintiff's First Set of Requests for the Production of Documents at 9.

Defendant has maintained that a reasonable time period in this case is from one month prior to Plaintiff's hire to one month following her termination. Furthermore, Defendant has also

stated that Plaintiff's discovery requests outside a reasonable time period are unduly burdensome, expensive and time-consuming. Defendant, thus, maintains its objection to Interrogatories No. 8, 11, 12, 14, 16, 17, 19, 20, and 22 and Document Requests No. 9, 14, 15, 16, 17, 24, 25, 28, 29, 30, 32, 33, 34, 36, and 37.

Plaintiff has provided a number of reasons why discovery should be conducted for a more broad time period; none of these reasons are compelling. For example, Plaintiff alleges that "[t]here could be e-mails/communication exchanged about Plaintiff and her EEO case or termination, documented or communicated more than one month after her termination." See Nov. 27, 2007 letter from Diana J. Veilleux and Lisa A. Bernstein to Alan Burch, Esq. ("November 27, 2007 letter") at 3. Plaintiff has been provided Defendant's answer to this inquiry and is in possession of the EEO investigator's report of investigation ("ROI"). The notion that other responsive documents exist outside the period of Plaintiff's employment is purely speculative. A review of the documents produced demonstrates that the only responsive documents to Plaintiff's request that exist outside the reasonable time period of one month following Plaintiff's termination are the documents generated by Ex-Im Bank staff in response to inquiries from the EEO investigator.

Plaintiff also contends that "the younger male comparators (Charles Barnett, William Hess and Brian Sant Angelo) continued to work at the Bank for a while after Plaintiff was removed and, therefore, their performance and conduct and how management treated them after she left is relevant for a showing of pretext." Id. As has been stated before, most recently in Defendant's answer to Plaintiff's interrogatory number 21, Plaintiff's performance was not a reason for her termination. Thus Plaintiff's need for post-termination discovery on Plaintiff's male colleagues' performance is irrelevant and unnecessary.

Plaintiff further alleges that she requires the Official Performance File ("OPF") data of her former male colleagues for purposes of calculating backpay and frontpay damages. November 27, 2007 letter at 3-4. Plaintiff was provided OPF data on her male colleagues for the relevant time period. Defendant maintains that discovery outside such period is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, none of the male colleagues identified by Plaintiff are true comparators. This is especially true for Messrs. Vranich and Michel who were hired two grades above Plaintiff.

To the extent Plaintiff requests electronic documents outside the relevant time frame, Plaintiff is advised that such electronic searches are unduly burdensome, expensive and time-consuming for the Bank. Defendant's document production thus far has required approximately 250 contract labor hours and amounted to approximately $22,000 in costs (due mainly to the fact that the Bank's E-mail back-up system was in transition during the 2004-05 time frame, and was utilizing different tape backup technology than is in place today). In light of the expenses already incurred, if Plaintiff desires to obtain additional discovery outside a reasonable time period, she should be willing to bear the costs of production. FRCP Rule 26(b)(2)(B).

## II. Defendant Maintains His Objections Regarding Discovery Requests Concerning Plaintiff's Supervisors.

Plaintiff requested a number of documents concerning Plaintiff's first through fourth-level supervisors, Messrs. O'Connor, Forgione, Emens and Miller, mainly in the nature of complaints against said supervisors and their performance and conduct. Defendant maintains his objection to Interrogatories No. 3 and 9 and Document Requests No. 19-23 on the bases that they are not reasonably calculated to lead to the discovery of admissible evidence and, with regard to performance and conduct, overly intrusive.

Plaintiff claims she needs the disputed data because "if Bank managers were counseled or disciplined for their treatment of other employees who are female or older, this could show a pattern of disparate treatment to support the theories of her case." November 27, 2007 letter at 20. First, Plaintiff's claims are in the nature of individual disparate treatment, not a pattern or practice of discrimination. Relevant evidence in a pattern or practice case varies greatly from that in a disparate treatment case with regard to alleged discrimination faced by other employees. In a disparate treatment case, the central focus is less whether a pattern of discrimination existed and more how a particular individual was treated, and why. Leblanc v. Great Am. Ins. Co., 6 F.3d 836, 848 (1st Cir. 1993), cert. denied, 511 U.S. 1018 (1994); see also Becker v. Arco Chemical Co., 207 F.3d 176 (3d Cir. 2000) (holding that district court improperly admitted as 404(b) evidence, testimony regarding the "manner" in which defendant terminated another employee); see also Schrand v. Federal Pac. Elec. Co., 851 F.2d 152, 156 (6th Cir.1988) (holding the trial court committed reversible error by admitting testimony of two former employees of defendant company because no evidence tied the testimony to defendant's decision to terminate). Second, despite the discovery already in Plaintiff's possession, she does not allege that anyone apart from Messrs. O'Connor and Forgione discriminated against her. See Plaintiff's Responses to Defendant's Second Set of Discovery Requests at 5. Thus, to the extent Plaintiff seeks documentation concerning complaints against Messrs. Emens and Miller, Plaintiffs requests are not reasonably calculated to lead to the discovery of admissible evidence. Third, Defendant represents that no informal or formal EEO complaints, civil court complaints or appeals, formal grievances, union grievances, Office of Special Counsel complaints, Office of Inspector General complaints and/or any other complaints have been filed by Plaintiff's alleged comparators against Mr. Forgione, Mr. O'Connor, Mr. Emens, and/or Mr. Miller at any time from August 1, 2002 to the present on the basis of discrimination on gender, age or reprisal. To the extent Plaintiff seeks similar information with regard to non-similarly situated employees, Plaintiff's request is also not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff claims she requires discovery on the performance and conduct of Plaintiff's aforementioned supervisors because "if members of her management were recognized for their performance on projects that Plaintiff also provided support, this would be relevant to rebut the government's non-discriminatory explanation for its actions." November 27, 2007 letter at 20. As stated above and in previous documents, Plaintiff's performance was not a reason for her

termination. Furthermore, Defendant maintains that it is intrusive to request Plaintiff's supervisors' OPFs and performance-related documents; such documents are irrelevant and of a highly personal nature, regardless of whether a protective order exists in this case.

**III. Defendant's Responses to Other Requests.**

With regard to documents in the possession of former employees, Defendant has no reason to believe any former employees have any relevant documents and have not been contacted. Plaintiff's reliance upon Export-Import Bank of the United States v. Asia Pulp & Paper Co. Ltd., 233 F.R.D. 338, 341-42 (S.D.N.Y. 2005) is misguided; Asia Pulp involved a personal journal kept on a home computer the identity of which was disclosed at a deposition for which the plaintiff secured the former employee's appearance. In the instant matter neither Plaintiff nor defendant have any reason to believe that former employees such as William Hess, with whom the Bank maintains no contact, has relevant, discoverable material.

With regard to calendars requested in Interrogatory No. 12 and Document Request No. 29, Defendant is currently investigating Plaintiff's inquires to ensure all available documents for the relevant time period were produced. Plaintiff is incorrect in assuming that Mr. Forgione instructed BDSs to use their individual electronic calendars; rather, he required them to use the divisional IBD calendar for certain entries.

With regard to Interrogatory No. 16 and the clarification requested concerning Mr. Barnett's proposed travel to Bahrain/Egypt in March 2005 and Algeria/India in August 2005, both trips were cancelled prior to Mr. Barnett's travel being approved.

With regard to Document Requests No. 6 and 37, Mr. McAdams does not possess any responsive documents.

With regard to Document Requests No. 2, 27 and 32, we will provide the requested documents (apart from Mr. O'Connor's travel outside the relevant time frame). Please be advised that the documents included in Exhibit 1 to Defendant's Response to Plaintiff's First Set of Requests for the Production of Documents represent the full and complete documents provided to and received back from the EEO investigator. Please provide a list of specific e-mails sought so Defendant may produce the full e-mails/attachments for documents in Exhibit 1 Plaintiff seeks.

With regard to Document Request No. 11, please find attached Defendant's Performance Appraisal policy. Please be advised that as an independent government corporation, the Bank is not subject to Chapter 43 performance regulations. 5 U.S.C. § 4301; 5 C.F.R. § 430.202.

With regard to Document Request No. 35, no responsive documents exist with regard to Messers. Sant Angelo, Hess and Barnett. Documents concerning other male employees who attended the Fall 2004 Bucharest Conference on behalf of the Bank and whom Plaintiff does not

claim are "similarly situated employees" are irrelevant.

With regard to Document Request No. 48, Defendant is unaware of the existence of any affidavits apart from those provided in the ROI. If Plaintiff believes that specific individuals submitted supplemental affidavits, she should identify those individuals so that Defendant may determine whether any such additional affidavits exist.

Finally, we should discuss another motion to extend discovery.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

By: /s/
Alan Burch
Assistant United States Attorney