# DISCOVERY DISPUTES AT ISSUE AMONG THE PARTIESREGARDING DEFENDANT'S RESPONSES TO CERTAIN OF PLAINTIFF'S WRITTEN DISCOVERY REQUESTS

Pursuant to LCvR 26.2(d), the particular discovery responses by Defendant and the corresponding discovery requests propounded by Plaintiff are included below because they are substantial in length. Additionally, Defendant's general objections to Plaintiff's written discovery requests, which are also the subject of this Motion, are reproduced below.

## I. Defendant's General Objections To Plaintiff's Interrogatories And Requests For The Production Of Documents

Below is an excerpt of the general objections of Defendant at issue in Plaintiff's Motion to Compel.

### INTERROGATORIES

1. Defendant objects to these interrogatories to the extent they seek information that is immune from discovery under the attorney-client privilege, the attorney work product doctrine and/or other applicable privileges, and all interrogatories have been read to exclude discovery of such privileged information. By responding to an interrogatory, Defendant does not waive any applicable privilege as to that interrogatory or as to any other, present or future.

3. Defendant objects to Plaintiff's interrogatories to the extent that they seek information unrelated to the subject matter of this action, and are not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendant objects to Plaintiff's interrogatories to the extent that they require or purport to require any inquiry of persons who are not Defendant's current employees and are therefore unduly burdensome.

5. Defendant objects to Plaintiff's interrogatories to the extent they seek information prior to or following Plaintiff's employment with Defendant and are, thus, over broad.

### DOCUMENTS

1. Defendant objects to these requests to the extent they seek information that is immune from discovery under the attorney-client privilege, the attorney work product doctrine and/or other applicable privileges, and all requests have been read to exclude discovery of

such privileged information. By responding to a request, Defendant does not waive any applicable privilege as to that request or as to any other, present or future.

3. Defendant objects to Plaintiff s requests to the extent that they seek information unrelated to the subject matter of this action, and are not reasonably calculated to lead to the discovery of admissible evidence.

6. Defendant objects to Plaintiffs requests to the extent they seek information prior to or following Plaintiffs employment with Defendant and are, thus, over broad.

7. Defendant objects to Plaintiff s requests to the extent they are vague, ambiguous, over broad, oppressive or unduly burdensome.

## II. Plaintiff's Interrogatories And Defendant's Responses/Objections

Below are the specific Interrogatories and Defendant's responses which are at issue in Plaintiff's Motion to Compel.

*Interrogatory #3*

*Identify any and all informal and formal EEO complaints, civil court complaints or appeals, formal grievances, union grievances, Office of Special Counsel complaints, Office of Inspector General complaints and/or any other complaints that have been filed against Mr. Michael Forgione, Mr. Craig O'Connor, Mr. John Emens and/or Mr. Jeffrey Miller on the basis of discrimination on gender (including allegations of discrimination based on gender and allegations of sexual harassment), age or reprisal than have been filed from August 1, 2002 to the present, and for each complaint, state the date it was filed, the nature of the complaint, the disposition of the complaint, and whether or not any disciplinary action was proposed and/or taken against Mr. Forgione and/or Mr. O'Connor in connection with the complaint.*

Response

Defendant objects to this interrogatory on the basis that much of the information sought is not relevant to the claims or defenses of either party. Furthermore, the disclosure of the requested information would be unnecessarily intrusive on the privacy interests of employees. Defendant also objects to this interrogatory on the basis that it is overly broad in that it seeks records from two years preceding Plaintiff's employment to over two years after her termination. Finally, Defendant objects to this interrogatory to the extent it requests information protected by the

attorney-client privilege and the attorney work product privilege.

Interrogatory #8

*Identify in detail any and all communications (verbal, written and/or electronic) from August 1, 2004 to the present that were made to or from, exchanged by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, Ms. Nuskey, other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office, and/or any other person pertaining to any alleged complaints, criticisms, problems or accolades about any aspect of Ms. Nuskey's job performance and/or conduct at any time during her employment at the agency, and state the date, location, participants, whether the communication was verbal, written or electronic, and provide a detailed synopsis of each and every communication.*

Response

Defendant objects to this interrogatory on the basis that it is vague, ambiguous and over broad with regard to "complaints, criticisms, problems or accolades." Defendant also objects to this interrogatory on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this interrogatory Defendant refers Plaintiff to the ROI at Tabs E(19) and E(20) and RFP Exhibits 1 and 2. Additionally, on October 7, 2004 Mr. Forgione verbally informed Plaintiff that Jeffrey Miller felt that a lack of progress was being made regarding the November 16-17, 2004 Ex-Im Bank Infrastructure Conference in Bucharest, Romania and Mr. Miller questioned whether Plaintiff was committed to working on organizing the conference. Again on October 14, 2004 Mr. Forgione verbally informed Plaintiff that Jeffrey Miller and Senior Vice-President, Office of Communications, Lorrie Secrest felt Plaintiff was distracted and not giving her best efforts to a successful conference. The following day on October 15, 2004 Mr. Forgione verbally counseled Plaintiff for consistently questioning the wisdom of the conference timing and chances for its success. Also, Ms. Kostic received verbal accolades from the Office of Communications, Commercial Service departments at various US Embassies in Southeast Europe, the US Ambassador to Romania, and Directors Conlin and Foley concerning Plaintiff's work.

*<u>Interrogatory #9</u>*

*Identify in detail any and all communications (verbal, written and/or electronic) from August 1, 2004 to the present that were made to or from, exchanged by and/or between Mr. Forgione, Mr. O'Connor, John Emens, Mr. Miller, Ms. Jones Brown, any other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office, and/or any other person pertaining to any alleged complaints, criticisms, problems or accolades about any aspect of Mr. Forgione's, Mr. O'Connor's, Mr. Miller's and/or Mr. Emens' job performance and/or conduct from August 1, 2002 to the present, and state the date, location, participants, whether the communication was verbal, written or electronic, and provide a detailed synopsis of each and every communication.*

<u>Response</u>

Defendant objects to this interrogatory on the basis that it is vague, ambiguous and over broad with regard to "complaints, criticisms, problems or accolades." Defendant further objects to this interrogatory on the basis that much of the information sought is not relevant to the claims or defense of either party because the work performance and conduct of Messrs. Forgione, O'Connor, Emens and Miller is not at issue in this case. Furthermore, the disclosure of the requested information would be unnecessarily intrusive on the privacy interests of employees. Defendant also objects to this interrogatory on the basis that it is overly broad in that it seeks records from two years preceding Plaintiff's employment to over two years after her termination.

*<u>Interrogatory #10</u>*

*Identify each and every occasion when Mr. Forgione, Mr. O'Connor, and/or any other agency manager counseled (verbal, written and/or electronic) Ms. Nuskey about any issues relating to her performance and/or conduct at any time during her employment with the agency.*

<u>Response</u>

See answer to interrogatory no. 8 above.

*<u>Interrogatory #11</u>*

*Identify each and every occasion when Mr. Forgione, Mr. O'Connor, and/or any other agency manager counseled (verbal, written and/or electronic) Mr. Charles*

*Barnett, Mr. William Hess, Mr. Brian Sant Angelo and/or any other Business Development Specialist/Officer hired to work at the Bank from July 15, 2004 to present about any issues relating to his performance and/or conduct at any time from August 1, 2004 to the present, and state the date, location, name of the participants, their gender, age and date of birth, whether the counseling was verbal, written or electronic, and provide a detailed synopsis of each and every counseling.*

Response

Defendant objects to this interrogatory on the basis that it is vague, ambiguous and over broad with regard to "any issues relating to their performance and/or conduct." Defendant also objects to this interrogatory on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett, William Hess, and Brian Sant Angelo, were not employees similarly situated to Plaintiff. Finally, Defendant objects to this interrogatory on the basis that it is overly broad in that it seeks records dating to the present more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this interrogatory, with reference to Plaintiff, see answer to interrogatory no. 8 above and with reference to other probationary business development specialists, see RFP Exhibit 7.

*Interrogatory #12*

*Identify each and every outside IBD departmental meeting and/or staff-wide meeting from August 1, 2004 that Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo and/or any other Business Development Specialist/Officer hired to work at the Bank from July 15, 2004 to the present have been invited to and/or attended during their employment with the agency, and for each meeting, state the date, location, participants, subject matter, how and when they were notified of the meeting, and if there were any notes or minutes of the meeting to document the persons who attended those meetings.*

Response

Defendant objects to this interrogatory on the basis that it is vague and ambiguous with regard to "IBD departmental meeting and/or staff-wide meeting." Defendant further objects to this interrogatory on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett, William Hess, and Brian Sant Angelo were not employees similarly situated to Plaintiff. Also, Defendant objects to this interrogatory on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the

foregoing objections to this interrogatory, to the extent Plaintiff is asking about meetings outside the Bank attended by or required to be attended by all IBD staff, no such outside meetings occurred. See also the IBD Divisional calendar at RFP Exhibit 9.

*Interrogatory #14*

*State in detail any and all work assignments and other opportunities that Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo and/or any other Business Development Specialist/Officer were given from August 1, 2004 to the present in which he/she was directed to perform work in support of any of the Bank's Directors and/or their staff.*

Response

Defendant objects to this interrogatory on the basis that it is vague and ambiguous with regard to "perform work in support of any of the Bank's Directors." All work at Ex-Im Bank is in support of the Bank's Directors. Defendant also objects to this interrogatory on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett, William Hess, and Brian Sant Angelo were not employees similarly situated to Plaintiff. Defendant also objects to this interrogatory on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Finally, Defendant objects to this interrogatory as burdensome with regard to William Hess as Mr. Hess and his former supervisor for the majority of his probationary period are no longer employed at Defendant and with regard to other IBD employees Plaintiff does not consider to be similarly situated. Subject to and without waiving the foregoing objection to this interrogatory see Exhibit 2 with regard to Mr. Barnett, Exhibit 3 with regard to Plaintiff and the IBD Divisional calendar at RFP Exhibit 9 with regard to Mr. Hess; see also ROI Tab D(6)(a) and Tab E(12). Mr. Sant Angelo did not perform any work specifically for Bank Directors during Plaintiff's tenure.

*Interrogatory #16*

*State in detail each and every occasion in which Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo and/or any other Business Development Specialist/Officer were either recommended for, invited to or were otherwise assigned to travel (either internationally or domestically) for the agency from August 1, 2004 to the present, and for each travel opportunity, state the date(s) that the employee was notified of the travel, the date(s) when the travel was to take place, the destination(s) of the*

*travel, the purpose of the travel, the person(s) who proposed that the employee travel, the person(s) who approved the travel, the total amount of the cost of the travel, who paid for the travel, and whether all or part of the travel was on official time or if the employee had to use leave.*

Response

Defendant objects to this interrogatory on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett, William Hess, and Brian Sant Angelo were not employees similarly situated to Plaintiff. Defendant also objects to this interrogatory on the basis that it is overly broad in that it seeks record dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this interrogatory, Defendant states the following:

With regard to Charles Barnett, in January 2005,. John Richter recommended to Mr. Forgione that Mr. Barnett travel to Manama, Bahrain and Cairo, Egypt in March 2005 for project finance seminars and to Algeria and India in August 2005 for business development. Neither trip occurred. In April 2005, Vice Chair Foley requested that Mr. Barnett travel with her to Amman, Jordan in May 2005 in conjunction with the Broader Middle East and North Africa (BMENA) conference. Mr. Barnett was initially disapproved by Jeffrey Miller to travel but was later approved when the Office of General Counsel indicated that the trip would be paid from its budget. Mr. Barnett traveled to Jordan from May 12-20, 2005 for a total cost of $9,325.45.

With regard to William Hess, he traveled on March 1-3, 2005 to New York to attend a Russian banking conference; his travel was recommended by Ms. Kostic and approved by Mr. Forgione and cost $880. Additionally, Ms. Kostic recommended Mr. Hess travel to Azerbaijan and Kazakhstan to market Ex-Im Bank programs and to meet with current and future clients. The trip was approved by Michael Forgione and John Emens or Jeffrey Miller, and from April 16-27, 2005 Mr. Hess traveled to Kazakhstan and Azerbaijan for a cost of $10,733.45.

With regard to Brian Sant Angelo, he traveled from May 8-14, 2005 to Mexico City, Puebla, Toluca, Queretaro, Monterrey and Guadalajara, Mexico for business development activities. The trip was approved by Jeffrey Miller. The trip cost $2,456.94.

With regard to Plaintiff, Ms. Kostic recommended Plaintiff attend the November 16-17, 2004 Ex-Im Bank Infrastructure Finance Conference in Bucharest, Romania. Plaintiff did not attend the conference. Also, in January 2005 Ms. Kostic devised a travel plan for SECE in which she recommended Plaintiff travel

with her in June 2005 to Albania, Serbia and Montenegro (if open to Ex-Im Bank business), Croatia, Poland, Slovakia and London. Finally, in May 2005, Plaintiff recommended herself that she travel to the May 28, 2005 - June 5, 2005 "Facing New Challenges and Opportunities Transition" Study tour sponsored by the Hanseatic Institute and the May 22-23, 2005 annual EBRD conference in Belgrade, Serbia. Although both travel plans were initially approved by Messrs. Forgione and Emens, Plaintiff was terminated before the trips occurred.

With regard to Craig O'Connor, he made the following trips: August 22-28, 2004 to Sao Paulo, Goania and Rio de Janerio. Brazil forr business development activities. The trip was approved by Mr. Forgione and cost $2,975; August 30-Sep 2, 2004 to Denver, CO to participate in the World Renewable Energy Congress and promote the Bank's Environmental Exports Program. The trip was approved by Mr. Forgione and cost $1,175; September 20-29, 2004 to Lima, Peru and Santiago, Chile for business development activities; the trip was approved by Mr. Forgione and cost $3,075;

With regard to Margaret Kostic on September 13, 2004 Mr. Forgione denied her requested travel to the Southeast Europe Economic Forum in Bulgaria in Fall 2004. However, she made the following trips: September 29-0ctober 2, 2004 to New Orleans, LA to speak at the USTDA Conference; the trip was approved by John Emens and cost $1,175; November 11-21, 2004 to Bucharest. Romania for the 2004 Ex-1m Bank Infrastructure Finance Conference and to meet with potential clients in Romania; the trip was approved by Mr. Forgione and cost $4.000.70; February 12-March 5, 2005 to Budapest, Hungary, Kiev, Ukraine, Istanbul and Ankara, Turkey and London tor business development activities; the trip was approved by Messrs. Forgione and Emens and cost $10,075.

With regard to Xiomara Creque, during Plaintiff's employment, she made the following trips: September 26, 2004 to New York to attend emerging markets risk training and to visit banks concerning business development in Mexico; the trip cost $1,225; November 14-20, 2004 to Mexico City and Monterrey, Mexico to promote Ex-1m Bank programs and meet with a Mexican bank; the trip cost $1,975; January 30-February 5, 2005 to Mexico City, Toluca, Queretaro, and Villahermosa, Mexico to promote Ex-1m Bank programs; the trip cost $2,575; March 11-22. 2005 to Lima, Peru and Santiago, Chile to promote Ex-1m Bank programs and visit clients; the trip cost $3751.26; May 8-17, 2005 to Mexico City, Puebla, Toluca. Queretaro, Monterrey and Guadalajara, Mexico to promote Ex-1m Bank programs in Mexico and introduce junior staff (Brian Sant Angelo) to the market: the trip cost $1,790. The trips were approved by Craig O'Connor, Michael Forgione and/or John Emens.

With regard to Kristine Wood, she traveled to Hartford, CT and New York from April 19-21, 2005 to conduct relationship bank meetings with Vice-President, Structured Finance, Barbara O'Boyle. The trip was proposed and paid tor by the Structured Finance Division and cost $1,209.18.

With regard to Ken Vranich. he traveled to South Africa, Botswana and Nigeria from March 26-April 9, 2004 for business development activities. The trip cost $12,107.57. The trip was approved by C. Michael Forgione and John Emens.

With regard to John Richter, he made the following trips: August 30-September 6, 2004 to Indianapolis, Detroit, Midland, Milwaukee, Minneapolis for domestic business development activities; the trip cost $2017; October 13-18, 2004 to Chicago, Milwaukee for domestic outreach in support of Vice Chair Linda Conlin: the trip cost $733; November 5,2004 to Philadelphia to speak at "Finance and Trade with the Middle East" Conference: the trip cost $320; November 26 - December 4, 2004 to Mumbai. Hyderabad, and New Delhi, India for international business development to follow-up on travel by Ex-1m Bank Chairman; the trip cost $8453; January 22-26, 2005 to Las Vegas to participate in USTDA Orientation Visit for Vietnamese power sector; the trip cost $1087; January 31. 2005 to Baltimore to present to US business community interested in Thai healthcare: the trip cost $89; March 19-April 2, 2004 to Vietnam, South Africa, and Botswana for business development activities; the trip cost $13,416; May 12-20, 2005, to Amman, Jordan in support of BMENA Conference: the trip cost $8800. All trips were approved by Messrs. Forgione and Emens.

With regard to Talaat Rahman she made the following trips: October 15-24, 2004 to Hong Kong. Beijing and Shanghai. China for meetings with Chinese banks and to conduct due diligence for transactions; the trip was approved by Mr. Forgione and cost $12,175: January 22-29, 2005 to Beijing and Shanghai. China for signing of a framework agreement with China and to conduct business development activities; the trip was approved by Mr. Forgione and cost $9,700: May 18-20, 2005 to Minneapolis, MN to speak at an event and meet with exports; the trip was approved by Mr. Forgione and cost $630.

With regard to Paul Tumminia, on June 1, 2005 he proposed travel to Brazil for June 20-25, 2005 was denied by Mr. Forgione the same day. Mr. Tumminia made the following trips; September 7-13, 2004 to Providence, RI and Hartford, CT for business development activities. The trip "was approved by Mr. Forgione and cost $1,375; October 23-30, 2004 to Houston, Austin and Dallas. TX; the trip was approved by Mr. Forgione and cost $1,475.

The above-stated costs are as reflected in the relevant travel orders. Messrs. Emens or Miller has ultimate approval authority for IBD travel.

*Interrogatory #17*

*State in detail each and every occasion in which any request or other recommendation for Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo and/or any other Business Development Specialist/Officer to travel for bank business (either internationally or domestically) was denied from August 1, 2004 to the present, and for each travel opportunity, state the date(s) that the employee was notified of the travel, the date(s) when the travel was to take place, the destination(s) of the travel, the purpose of the travel, the person(s) who proposed that the employee travel, the person(s) who denied the travel request, the total amount of the cost of the proposed travel, and a detailed synopsis of why the travel request or recommendation was denied.*

Response

Defendant objects to this interrogatory on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett, William Hess, and Brian Sant Angelo were not employees similarly situated to Plaintiff. Defendant also objects to this interrogatory on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiffs termination. Subject to and without waiving the foregoing objection to this interrogatory, refers Plaintiff to the answer to interrogatory no. 16 above.

*Interrogatory #19*

*Identify in detail any and all communications (verbal, written and/or electronic) from August 1, 2004 to the present that were made to or from, exchanged by and/or between Mr. Forgione, Mr. O'Connor, John Emens, Mr. Miller, Ms. Jones Brown, any other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office, and/or any other person pertaining or relating to travel that Ms. Nuskey requested, and state the date, location, participants, whether the communication was verbal, written or electronic, and provide a detailed synopsis of each and every communication.*

Response

Defendant objects to this interrogatory on the basis that it is overly broad in that it seeks records dating to the present, more than t\VO years after Plaintiffs termination. With regard to written communications see ROI Exhibit Tab D(1 )(d) and RFP Exhibits 1 and 3. With regard to verbal communications on or about

May 12, 2005 Mr. Forgione spoke with Mr. Emens concerning Plaintiff's May 10, 2005 request to attend the May 28, 2005 to June 5, 2005 Germany study tour on Bank time and Mr. Emens approved. Soon thereafter, after receiving Plaintiff's request to attend the May 22-23, 2005 EBRD annual conference Mr. Forgione spoke with Mr. Emens concerning the same and Mr. Emens approved the travel. During the following days multiple meetings occurred daily between a combination of Plaintiff, Craig O'Connor and or Mr. Forgione concerning the trip preparations. The discussions centered on the fact that contrary to Mr. Forgione's mistaken impression, a four-day gap existed between the two events. In the meetings, Plaintiff proposed various combinations of trips to nil the gap, such as excursions to Serbia and Croatia for business development. All the proposals involved trips to countries where the Bank had decided not to expend resources. Mr. Forgione also conveyed to Plaintiff Director Conlin's intent to travel to the SECE region in June. At one or more of these meetings Mr. Forgione suggested that Plaintiff take vacation between the two events but Plaintiff refused. Mr. Forgione also suggested Plaintiff consider flying back to Washington, DC during the four-day gap. Furthermore, Mr. Forgione verbally informed Plaintiff that the trips were not of value to Ex-1m Bank and therefore he would only allow $1250 from the IBD budget for her travel costs. On May 19, 2005 Plaintiff met with Messrs. Forgione and O'Connor in which Plaintiff's proposed travel was discussed to include Mr. Forgione's belief that Plaintiff had expended a large amount of effort on a trip that was of minimum value to the Bank. Plaintiff informed Messrs. Forgione and O'Connor that the Bank would be making Serbia-Montenegro a strategic target in the coming months. Mr. Forgione asked her how she could know of a decision to make that country a strategic target to which Plaintiff replied that she heard it from "senior management" and it was common knowledge. Mr. Forgione told Plaintiff that all recommendations for inclusion in IBD's strategic target list came from Mr. Forgione and that Mr. Miller was the final and only authority to certify those decisions.

*Interrogatory #20*

*Identify in detail any and all additional duties, assignments, professional opportunities, special projects and/or any other career enhancing work that has been offered to or given to Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo and/or any other Business Development Specialist/Officer from August 1, 2004 to the present, and state the date it was offered or assigned, who offered the opportunity or work assignment, the nature of the work, the person(s) who approved or offered the work, and provide a detailed synopsis of each and every reason the work was assigned to the employee.*

Response

Defendant objects to this interrogatory on the basis that it is vague, ambiguous and over broad with regard to "any and all additional assignments, professional opportunities, special projects and/or any other career enhancing work." Defendant also objects to this interrogatory on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett, William Hess, and Brian Sant Angelo were not employees similarly situated to Plaintiff. Defendant also objects to this interrogatory on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this interrogatory, see ROI Tab D(6)(a) and Tab E(12) and RFP Exhibit 1 and 11.

*Interrogatory #20*

*Identify in detail any and all additional duties, assignments, professional opportunities, special projects and/or any other career enhancing work that has been offered to or given to Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo and/or any other Business Development Specialist/Officer from August 1, 2004 to the present, and state the date it was offered or assigned, who offered the opportunity or work assignment, the nature of the work, the person(s) who approved or offered the work, and provide a detailed synopsis of each and every reason the work was assigned to the employee.*

Response

Defendant objects to this interrogatory on the basis that it is vague, ambiguous and over broad with regard to "any and all additional duties, assignments, professional opportunities, special projects and/or any other career enhancing work." Defendant also objects to this Interrogatory on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett, William Hess, and Brian Sant Angelo were not employees similarly situated to Plaintiff. Defendant also objects to this Interrogatory on the basis that it is overly broad, in that it seeks records dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection, to this interrogatory, see ROI Tabs D(6)(a) and Tab E(12) and RFP Exhibit 1 and 11.

*Interrogatory #22*

*Identify in detail any and all communications (verbal, written and/or electronic) that were made to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, Mr. D'Adamio, Ms. Guzman, any other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office, and/or any other person pertaining or relating to the decision of whether to terminate Plaintiff's employment with the agency, and state the date, location, participants, their gender whether the communication was verbal, written or electronic, and provide a detailed synopsis of each and every communication.*

Response

Defendant objects to this interrogatory to the extent it requests documents protected by the attorney/client privilege and the attorney work product privilege. Subject to and without waiving the foregoing objection to this interrogatory. see ROI Tab D( I )(h) and RFP Exhibit 14.

*Interrogatory #23*

*Identify in detail any and all communications (verbal, written and/or electronic) that were to or from, were exchanged by and/or between, or were otherwise documented by Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, Mr. D'Adamio, Ms. Guzman, any other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office, and/or any other person from April 1, 2005 to the present announcing and/or commenting upon Ms. Nuskey's proposed or actual departure from the agency, and state the date, location, participants, whether the communication was verbal, written or electronic, and provide a detailed synopsis of each and every communication.*

Response

Defendant objects to this interrogatory to the extent it requests documents protected by the attorney/client privilege and the attorney work product privilege. Defendant also objects to this interrogatory on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this interrogatory, see answer to interrogatory 22 above.

*Interrogatory #24*

*Identify in detail each and every person including, but not limited to management employees, Mr. John Richter, Human Resources employees, recommending officials, selecting officials, applicants (including but not limited to Mr. Ricardo Michel), and/or any other person with whom Mr. Forgione or Mr. O'Connor communicated with concerning or relating to any aspect of locating and/or selecting a Business Development Specialist/Officer(s) at any time after Ms. Nuskey's removal, and provide the date, place, names of the participants, their gender and ages, and a detailed synopsis of the each and every one of the identified communications.*

Response

Defendant objects to this interrogatory on the basis that much of the information sought is not relevant to the claims or defenses of either party. Defendant also objects to this interrogatory on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiffs termination. Subject to and without waiving the foregoing objection to this interrogatory, see RFP Exhibit 15.

C. Plaintiff's Requests For The Production Of Documents And Defendant's Responses

Below are the specific Interrogatories and Defendant's responses which are at issue in Plaintiff's Motion to Compel.

*Request #2*

*Produce each and every document or other record that the agency provided to the EEO investigator during the investigation of Ms. Nuskey's EEO complaint, but which the investigator did not include in his report of investigation and which "returned to the Export-Import Bank for its records, under separate cover" (see ROI at Exhibit E(20), Memorandum to the Record by the EEO Investigator, dated February 26, 2006).*

Response

See Exhibit 1 attached hereto.

*Request #6*

*Produce the complete file and any and all other records that Mr. Michael Forgione, Mr. Craig O'Connor, Mr. John Emens, Mr. Jeffrey Miller, Mr. John McAdams, the agency's EEO office, and/or the agency's Human Resources office has created and/or maintained on Ms. Nuskey's initial contact with the EEO office, her informal EEO complaint, her formal EEO complaint, the investigation of her formal EEO complaint, and/or her civil court complaint.*

Response

Defendant objects to this request to the extent it requests documents protected by the attorney/client privilege and the attorney work product privilege. Furthermore. this request is irrelevant with regard to John McAdams who was Senior Vice-President. Credit and Risk Management, during Plaintiffs tenure and not in Plaintiffs chain-of-command. Subject to and without waiving the foregoing objection to this request, see the ROI and Exhibit 3, attached hereto.

*Document Request #9*

*Produce a complete copy of any and all information, documents, communications, and other records (i.e., handwritten, typewritten, and/or electronic) from August 1, 2004 to the present pertaining or relating to any aspect of Ms. Nuskey's verbal, written and/or email complaints of discrimination that she raised with Mr. Forgione, Mr. O'Connor, Mr. John Emens, Mr. Jeffrey Miller, Ms. Jones Brown, Ms. Sherry Beyers, Ms. Linda Conlin, Ms. April Foley and/or any other person while Ms. Nuskey was employed by the agency.*

Response

Defendant objects to this request on the basis that it is vague. ambiguous and over broad with regard to "any and all information. . . pertaining or relating to any aspect of Ms. Nuskey's verbal, written or e-mail complaints of discrimination." Defendant also objects to this request on the basis that it is overly broad in that it seeks records dating to the present. more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this request. see the response to request no. 8 above. for documents dated up to one month after Plaintiff s termination.

*Document Request #10*

*Produce a complete copy of any and all information, documents, records (i.e., handwritten, typewritten, and/or electronic) from August 1, 2004 to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, Ms. Beyers, Mr. J.T. McMullen, and/or any other person from August 1, 2004 to the present pertaining or relating to Ms. Nuskey's contact with the agency's EEO office, her initiation of EEO counseling, her formal EEO complaint, the investigation of her EEO complaint (see, e.g., ROI, Vol. I, Tab D(6)(A), Email from Mr. Forgione to Margaret Kostic, dated November 11, 2005), and/or her civil Complaint and litigation in federal district court.*

Response

Defendant objects to this request on the basis that it is overly broad in that it seeks records dating to the present. more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this request, see the response to request no. 8 above, for documents dated up to one month after Plaintiffs termination.

*Document Request #14*

*Produce a complete copy of any and all information, documents, communications, and/or complaints (i.e., handwritten, typewritten, and/or electronic) at any time from August 1, 2004 to the present to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Taylor, Ms. Jones Brown, Ms. Nuskey, other current or former agency managers and employees, members of the agency's EEO and/or Human Resources offices, and/or any other person pertaining or relating to Ms. Nuskey's performance and/or conduct.*

Response

Defendant objects to this request on the basis that it is vague, ambiguous and over broad with regard to "pertaining or relating to Ms. Nuskey's performance and/or conduct." Furthermore, the disclosure of the requested information would be unnecessarily intrusive on the privacy interests of employees. Defendant also objects to this request on the basis that it is overly broad in that it seeks records dating to the present more than two years after Plaintiff's termination. Defendant further objects to this request to the extent it requests documents protected by the attorney/client

privilege and the attorney work product privilege. Subject to and without waiving the foregoing objection to this request. see the response to request no. 13 above.

<u>*Document Request #15*</u>

*Produce a complete copy of the Official Personnel Files and any and all other human resources, personnel and/or informal/formal supervisory files maintained on Mr. Charles Barnett, Mr. William Hess, Mr. Brian Sant Angelo, Mr. Ricardo Michel and/or any other Business Development Specialist from August 1, 2004 to the present pertaining or relating to their performance and/or conduct, including, but not limited to, all position descriptions, performance plans, mid-year and annual performance appraisals, evaluations, awards, and disciplinary actions taken, proposed, or under consideration.*

<u>Response</u>

Defendant objects to this request on the basis that it is vague, ambiguous and over broad with regard to "pertaining or relating to their performance and/or conduct" Defendant also objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett, William I-less, and Brian Sant Angelo were not employees similarly situated to Plaintiff. Furthermore, the disclosure of the requested information would be unnecessarily intrusive on the privacy interests of employees. This request is also not relevant with respect to Ricardo Michel, who was hired on March 3, 2006 as a GS-13 Business Development Specialist in the Asia, Africa, and Middle East Section of the International Business Development Division: he was not hired as Plaintiffs replacement. Finally, Defendant objects to this request on the basis that it is overly broad in that it seeks records dating to the present. more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this request, see Exhibit 6 for relevant OPF and EPF documents of probationary male colleagues dated up to one month after Plaintiffs termination. This material will be provided once a protective order has been issued by the Court.

*Document Request #16*

> *Produce a complete copy of any and all information, documents, communications, and/or any other records (i.e., handwritten, typewritten, and/or electronic) pertaining or relating to any time that Mr. Barnett, Mr. Hess, Mr. Sant Angelo, Mr. Ricardo Michel, and/or any other Business Development Specialist/Officer hired from July 15, 2004 to the present has been counseled or admonished about any issues relating to their performance and/or conduct at any time during their employment with the agency from August 1, 2004 to the present.*

Response

Defendant objects to this request on the basis that it is vague, ambiguous and over broad with regard to "any issues relating to their performance and/or conduct." Defendant also objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett. William Hess, and Brian Sant Angelo, were not employees similarly situated to Plaintiff. Furthermore. the disclosure of the requested information would be unnecessarily intrusive on the privacy interests of employees. This request is also not relevant with respect to Ricardo Michel, who, as stated above, was hired alter Plaintiff and not as her replacement. Finally, Defendant objects to this request on the basis that it is overly broad in that it seeks records dating to the present. more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this request, see Exhibit 7 for documents dated up to one month after Plaintiff's termination.

This material will be provided once a protective order has been issued by the Court.

*Document Request #17*

> *Produce a complete copy of any and all information, documents, communications, any other records, and/or complaints (i.e., handwritten, typewritten, and/or electronic) to or from, by and/or between Mr. Forgione, Mr. O'Connor, John Emens, Mr. Miller, Ms. Jones Brown, other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office, and/or any other person pertaining or relating to the performance and/or conduct of Mr. Barnett, Mr. Hess, Mr. Sant Angelo, Mr. Michel, and/or any other Business Development*

*Specialist/Officer at any time from August 1, 2004 to the present.*

Response

Defendant objects to this request on the basis that it is vague, ambiguous and over broad with regard to "pertaining or relating to the performance and/or conduct." Defendant also objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett, William Hess, and Brian Sant Angelo, were not employees similarly situated to Plaintiff. Furthermore, the disclosure of the requested information would be unnecessarily intrusive on the privacy interests of employees. This request is also not relevant with respect to Ricardo Michel, who, as stared above, was hired after Plaintiff and not as her replacement. Finally, Defendant objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this request, see answers to requests 15 and 16 above. This material will be provided once a protective order has been issued by the Court.

*Document Request #19*

*Produce a complete copy of the Official Personnel Files and any and all other human resources, personnel and/or informal/formal supervisory files maintained on Mr. Forgione, Mr. O'Connor, Mr. Emens, and Mr. Miller from August 1, 2002 to the present pertaining or relating to their performance and/or conduct, including, but not limited to, all position descriptions, performance plans, performance appraisals, evaluations, awards, and disciplinary actions taken, proposed, or under consideration.*

Response

Defendant objects to this request on the basis that it is vague, ambiguous and over broad with regard to "pertaining or relating to their performance and/or conduct:" Defendant further objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party because the work performance and conduct of Messrs. Forgione, O'Connor, Emens and Miller is not at issue in this case. Furthermore. the requested Official Personnel Files contain information the disclosure of which would be unnecessarily intrusive on the privacy interests of employees. Defendant also objects to this request on the basis that it is overly broad in that it seeks records from two years preceding

Plaintiff's employment to over two years after her termination.

*Document Request #20*

*Produce a complete copy of any and all information, documents, and communications (i.e., handwritten, typewritten, and/or electronic) pertaining or relating to any time that Mr. Forgione, Mr. O'Connor, Mr. Emens, and/or Mr. Miller have been counseled or admonished about any issues relating to their performance and/or conduct at any time during their employment with the agency from August 1, 2002 to the present.*

Response

Defendant objects to this request on the basis that it is vague, ambiguous and over broad with regard to "pertaining or relating to their performance and/or conduct." Defendant further objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party because the work performance and conduct of Messrs. Forgione, O'Connor. Emens and Miller and/or any counseling/admonishments to which they may have been subject. is not at issue in this case. Furthermore, the requested documents may contain information the disclosure of which would be unnecessarily intrusive on the privacy interests of employees. Defendant also objects to this request on the basis that it is overly broad in that it seeks records from two years preceding Plaintiff's employment to over two years after her termination. Finally, Defendant objects to this request to the extent it requests documents protected by the attorney/client privilege and the attorney work product privilege.

*Document Request #21*

*Produce a complete copy of any and all information, documents, communications, any other records, and/or complaints (i.e., handwritten, typewritten, and/or electronic) to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Mr. McAdams, Ms. Jones Brown, other current or former agency managers and employees, members of the agency's EEO and/or Human Resources offices, and/or any other person pertaining or relating to the performance and/or conduct of Mr. Forgione, Mr. O'Connor, Mr. Miller and/or Mr. Emens at any time from August 1, 2002 to the present.*

Response

Defendant objects to this request on the basis that it is vague, ambiguous and over broad with regard to "pertaining or relating to the performance and/or conduct:" Defendant further objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party because the work performance and conduct of Messrs. Forgione, O'Connor. Emens and Miller is not at issue in this case. Furthermore. the requested documents may contain information the disclosure of which would be unnecessarily intrusive on the privacy interests of employees. Defendant also objects to this request on the basis that it is overly broad in that it seeks records from two years preceding Plaintiff's employment to over two years after her termination. Furthermore, this request is irrelevant with regard to John McAdams who was Senior Vice-President. Credit and Risk Management. during Plaintiff's tenure and not in Plaintiff's chain-of-command. Finally, Defendant objects to this request to the extent it requests documents protected by the attorney/client privilege and the attorney work product privilege.

Document *Request #22*

*Produce any and all informal and formal EEO complaints, civil court complaints or appeals, formal grievances, union grievances, Office of Special Counsel complaints, Office of Inspector General complaints and/or any other complaints that have been filed against Mr. Forgione, Mr. O'Connor, Mr. Emens, and/or Mr. Miller at any time from August 1, 2002 to the present on the basis of discrimination on gender, age or reprisal.*

Response

Defendant objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party. Furthermore, the requested documents may contain information the disclosure of which would be unnecessarily intrusive on the privacy interests of employees. Defendant also objects to this request on the basis that it is overly broad in that it seeks records from two years preceding Plaintiffs employment to over two years after her termination. Finally. Defendant objects to this request to the extent it requests documents protected by the attorney/client privilege and the attorney work product privilege.

*Document Request #23*

*Produce a copy of any and all written decisions on the complaints or appeals referenced in Request No. 22, and any and all admonishments, counselings and disciplinary actions that were proposed and/or taken against Mr. Forgione and/or Mr. O'Connor, Mr. Emens, Mr. Miller in connection with those complaints or appeals.*

Response

See response to request no. 22 above.

*Document Request #25*

*Produce a complete copy of any and all information, documents, communications, and other records (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, other current or former agency managers and employees, members of the agency's EEO and/or Human Resources offices, and/or any other person relating or pertaining to any alleged complaints, criticisms, problems or accolades about the job performance and/or conduct of Mr. Barnett, Mr. Hess, Mr. Sant Angelo, and/or any other Business Development Specialist/Officer who has been hired by the agency from July 15, 2004 to the present at any time while each of them have been employed by the agency.*

Response

Defendant objects to this request on the basis that it is vague, ambiguous and over broad with regard to "complaints, criticisms, problems or accolades." Defendant also objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett William I-less, and Brian Sant Angelo were not employees similarly situated to Plaintiff This request is also not relevant with respect to employees hired after Plaintiffs termination. Defendant also objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this request, see Exhibit 7 for documents dated up to one month after Plaintiffs termination. This material will be provided once a protective order has been issued by the Court.

*Document Request #28*

*Produce a complete copy of any and all information, documents, communications and other records (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, and/or any other person in which Mr. Barnett, Mr. Hess, Mr. Sant Angelo, and/or any other Business Development Specialist/Officer were invited to attend any IBD departmental and/or staff-wide meetings or were otherwise notified of any meeting for an area in their responsibility from August 1, 2004 to the present.*

Response

Defendant objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett, William Hess, and Brian Sant Angelo were not employees similarly situated to Plaintiff. Defendant also objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this request, See Exhibit 11 attached hereto.

*Document Request #29*

*Produce a complete copy of the desk and/or electronic calendars of Mr. Forgione, Mr. O'Connor, Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo, and/or any other Business Development Specialist/Officer in which any and all of their meetings for agency business were or have been scheduled at any time from August 1, 2004 to the present.*

Response

Defendant objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett, William Hess, and Brian Sant Angelo were not employees similarly situated to Plaintiff. Defendant also objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this request, see Exhibit 9

attached hereto for the IBD Divisional calendar. Individual employee calendars will be provided once a protective order has been issued by the Court.

*Document Request #30*

*Produce a complete copy of any and all information, documents, other records, communications (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor in which any and all work and other opportunities to support of any of the Bank's Directors on the Board of Directors and/or their staff were proposed or assigned to Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo, and/or any other Business Development Specialist/Officer at any time from August 1, 2004 to the present.*

Response

Defendant objects to this request on the basis that it is vague. ambiguous and over broad with regard to "any and all work and other opportunities to support any of the Bank's Directors on the Board of Directors." All work at Ex-Im Bank is in support of the Bank's Directors. Defendant also objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett, William Hess, and Brian Sant Angelo were not employees similarly situated to Plaintiff. Defendant also objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Defendant objects to this interrogatory as burdensome with regard to William Hess as Mr. Hess and his former supervisor for the majority of his probationary period are no longer employed at Defendant and with regard to other IBD employees Plaintiff does not consider to be similarly situated. Subject to and without waiving the foregoing objection to this request, see Exhibit II for requested documents of other male probationary employees. dated up to one month after Plaintiffs termination. With regard to Plaintiff see Exhibits 1 and 9.

*Document Request #32*

*Produce a complete copy of any and all information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, and/or any other person pertaining to any requests or recommendations that were made for Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo, and/or any other Business Development Specialist/Officer to travel (either internationally or domestically) for agency business at any time from August 1, 2004 to the present.*

Response

Defendant objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett, William Hess, and Brian Sant Angelo were not employees similarly situated to Plaintiff. Defendant also objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this request, see Exhibit 13.

*Document Request #33*

*Produce a complete copy of any and all information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Mr. McAdams and/or any other person pertaining to any financial restrictions or other limitations for travel (international or domestic) for agency business between August 1, 2004 to the present.*

Response

Defendant objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiff's termination. Furthermore, this request is irrelevant with regard to John McAdams who was Senior Vice-President, Credit and Risk Management, during Plaintiffs tenure and not in Plaintiff's chain-of-command. Subject to and without waiving the foregoing objection to this request, see Exhibit 13 for requested documents up

to one month following Plaintiffs termination.

*Document Request #34*

*Produce a complete copy of any and all information, documents, and communications (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, and/or any other person pertaining to any deliberations or decisions on any of the requests that are the subject of Request No. 32.*

Response

See response to request no. 32 above.

*Document Request #36*

*Produce a complete copy of any and all information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) which show any assignments, professional opportunities, special projects and/or any other career enhancing work that has been suggested, offered, and/or given to Ms. Nuskey, Mr. Barnett, Mr. Hess, Mr. Sant Angelo, and/or any other Business Development Specialist/Officer at any time from August 1, 2004 to the present.*

Response

Defendant objects to this request on the basis that it is vague, ambiguous and over broad with regard to "any assignments, professional opportunities, special projects and/or any other career enhancing work." Defendant also objects to this request on the basis that much of the information sought is not relevant to the claims or defenses of either party because Messrs. Charles Barnett, William Hess. and Brian Sam Angelo were not employees similarly situated to Plaintiff. Defendant also objects to this request on the basis that it is overly broad in that it seeks records dating to the present, more than two years after Plaintiffs termination. Subject to and without waiving the foregoing objection to this interrogatory, see ROT Tab D(6)(a) and Tab E(12), and Exhibits 1 and 11, attached hereto.

*Document Request #41*

*Produce a complete copy of any and all other information, documents, other records, and communications (i.e., handwritten, typewritten, and/or electronic) that were made to or from and/or were exchanged by and/or between, or were otherwise documented by Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, Ms. Kristen Thomas, any other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office (including but not limited to Mr. D'Adamio), and/or any other person from April 1, 2005 to the present announcing and/or commenting upon Ms. Nuskey's proposed or actual departure from the agency.*

Response

Defendant objects to this request to the extent it requests documents protected by the attorney/client privilege and the attorney work product privilege. Defendant also objects to this request on the basis that it is overly broad in that it seeks records dating to the present. more than two years after Plaintiff's termination. Subject to and without waiving the foregoing objection to this interrogatory, see ROI Tab D(1)(h) and Exhibit 14 for documents dated to one month after Plaintiff s termination.

*Document Request #47*

*Produce a complete copy of and all communications by any agency manager or employee pertaining or relating to Ms. Nuskey's and/or her attorneys' request on the date of her termination and/or at any time thereafter to retrieve copies of emails and/or other records from her computer regarding her work performance, conduct and/or complaints of unlawful discrimination.*

Response

Defendant objects to this request on the basis that the information sought is not relevant to the claims or defenses of either party.

*Document Request #50*

*Produce copies of any and all documents not heretofore produced or already part of the report of investigation of this matter which are relevant to the facts at issue in Ms. Nuskey's civil court complaint.*

Defendant objects to this interrogatory on the grounds that it is overly broad and vague and seeks information that is protected by attorney-client privileged and work product. Subject to and without waiving the foregoing objection to this request. see generally all exhibits attached hereto and to Interrogatories.