**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SHARON L. NUSKEY, | ) | |
| Plaintiff, | ) | Civil Action No.: 06-1573 (PLF) |
| v. | ) | |
| JAMES H. LAMBRIGHT, | ) | |
| Defendant. | ) | |

**AMENDED ANSWER**

COMES NOW the Defendant, James H. Lambright, Chairman and President, Export-Import Bank of the United States, through counsel, and respectfully submits the following Amended Answer to Plaintiff's Complaint:

**First Defense**

Plaintiff failed to state a claim upon which relief may be granted.

**Second Defense**

Plaintiff failed to exhaust her administrative remedies.

**Third Defense**

Defendant cannot be held vicariously liable with respect to Plaintiff's claims.

**Fourth Defense**

Plaintiff is not entitled to compensatory damages under the Age Discrimination in Employment Act ("ADEA").

**Fifth Defense**

Plaintiff fails to state a claim with regard to her hostile work environment claim under the ADEA.

**Sixth Defense**

Plaintiff is not entitled to a jury trial with respect to her claims under the ADEA.

**Seventh Defense**

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**Eighth Defense**

Plaintiff failed to mitigate her damages.

**Ninth Defense**

Defendant's actions with respect to Plaintiff were unrelated to her sex, age and/or any other prohibited reason, to include reprisal; Defendant would have taken the same actions with respect to Plaintiff regardless of her sex, age or any protected activity.

**SPECIFIC REPONSES**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant further responds to Plaintiff's Complaint as follows by responding to the numbered paragraphs of the Complaint:

**Jurisdiction and Venue**

1. Paragraph 1 of Plaintiff's Complaint contains her jurisdictional allegations, to which no response is required. To the extent that a response is deemed necessary, Defendant denies that jurisdiction is proper.

2. Paragraph 2 of Plaintiff's Complaint contains Plaintiff's venue allegations, to which no response is required. To the extent that a response is deemed necessary, Defendant admits that venue is proper.

**Parties**

3. Defendant admits that Plaintiff is female and was employed by Ex-Im Bank from August 9, 2004 to May 20, 2005 as a Business Development Specialist, GS-1101-11/10, International Business Development Division, Export Finance Group. Defendant is without information sufficient to admit or deny the remaining allegations contained in paragraph 3 of Plaintiff's Complaint, and therefore denies the same.

4. Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

**Exhaustion of Administrative Remedies**

5. Defendant admits that on May 20, 2005, Plaintiff contacted an EEO counselor at the Export-Import Bank of the United States' ("Ex-Im Bank") Equal Opportunity and Diversity Programs ("EODP") Office to file an informal EEO complaint based upon sex discrimination. Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits that on June 6, 2005, Plaintiff filed an informal EEO complaint with Ex-Im Bank's EODP Office alleging "retaliation, termination and violation of rights under the Privacy Act" based upon sex and age. Defendant further admits that on June 13, 2005, Plaintiff amended her June 6, 2005 informal EEO complaint. Defendant denies the remaining allegations contained in paragraph 6 of the Complaint.

7. Defendant admits that Ex-Im Bank engaged in voluntary mediation with Plaintiff that ultimately proved unsuccessful. Defendant further admits that on August 1, 2006, Ex-Im Bank issued to Plaintiff a Notice of Right to File a Discrimination Complaint. Defendant denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Defendant admits that on August 15, 2005, Plaintiff filed a formal EEO complaint with Ex-Im Bank's EODP Office. Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits that on August 17, 2005, Ex-Im Bank's EODP Office issued to Plaintiff an acknowledgment of receipt of her August 15, 2005 formal EEO complaint. Defendant denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits that via a letter dated August 30, 2005, Plaintiff requested changes to Ex-Im Bank's August 19, 2005 notice of accepted claims. Defendant further admits that Ex-Im Bank accepted all of Plaintiff's requested changes and issued an August 30, 2005 amended notice of accepted claims. Defendant denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that on March 10, 2006, Ex-Im Bank's EODP Office issued to Plaintiff a notice of right to sue providing her notice of her rights to proceed on her EEO complaint and attaching a copy of Ex-Im Bank's report of investigation. Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant admits that on June 7, 2006, Ex-Im Bank issued to Plaintiff a final agency decision which stated, in part, that "[a] preponderance of the evidence in the investigative record does not support your allegation that you were subjected to disparate treatment and harassment based upon sex (female), age (45 years old) and reprisal, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA")." Defendant denies the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

**Statement of Facts**

15. Defendant admits that Ex-Im Bank, by way of the Vice-President, International Business Development, C. Michael Forgione, hired Plaintiff on August 9, 2004, as a GS-1101-11/10 Business Development Specialist. Defendant is without information sufficient to admit or deny the remaining allegations contained in paragraph 15 of Plaintiff's Complaint, and therefore denies the same.

16. Defendant admits that Brian Sant Angelo (male, then age 31) was hired by Ex-Im Bank on July 26, 2004 as a GS-1101-09/01 Business Development Specialist assigned to the Americas Section; William Hess (male, then age 28) was hired by Ex-Im Bank on August 9, 2004 as a GS-1101-11/01 Business Development Specialist assigned to the Russia, Turkey & Commonwealth of Independent States ("CIS") Section; Charles Barnett (male, then age 35) was hired by Ex-Im Bank on August 16, 2004 as a GS-1101-11/01 Business Development Specialist assigned to the Asia, Africa, and Middle East Section. Defendant further admits that Plaintiff, Brian Sant Angelo, William Hess and Charles

Barnett were required to complete a one-year probationary period in their positions. Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant admits that Plaintiff was assigned professional duties and responsibilities in the Southeast and Central Europe ("SECE") Section of the International Business Development Division. Defendant denies the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant admits that from August 2004 to January 2005, Margaret Kostic was Plaintiff's immediate supervisor. Defendant further admits that on April 5, 2004 Ex-Im Bank issued Plaintiff an annual performance appraisal for the 2003-2004 rating cycle with an overall "excellent" rating, signed by Margaret Kostic and C. Michael Forgione. Defendant also admits that Plaintiff's total numerical score for the 2003-2004 rating cycle was higher than that received by Brian Sant Angelo, William Hess and Charles Barnett. Defendant denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant admits that Craig O'Connor became Plaintiff's immediate supervisor and SECE Director in February 2005. Defendant denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant admits that on May 11, 2005, Plaintiff met with C. Michael Forgione and stated that she was: excluded from attending staff meetings where issues relating to her areas of responsibility were discussed; uninformed about SECE departmental activities; excluded from meetings with parties both external and internal to Ex-Im Bank; had

limited exposure to the Directors; not assigned opportunities for international travel; and denied opportunities for career advancement that her three male "colleagues" had been given. Defendant denies the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant admits that on May 11, 2005, Plaintiff told C. Micahel Forgione that she had recently taken online EEO training and believed that she was being treated less favorably than her male "colleagues." Defendant denies the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant admits that from May 21, 2005 to May 23, 2005, the European Bank for Reconstruction and Development ("EBRD") held its 2005 annual meeting in Belgrade, Serbia. Defendant denies the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant is without information sufficient to admit or deny the allegations contained in paragraph 23 of Plaintiff's Complaint, and therefore denies the same.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant admits that C. Michael Forgione approved Plaintiff to attend on official time the 2005 EBRD annual meeting and asked Plaintiff to submit a list of goals she aimed to accomplish by her attendance. Defendant denies the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant admits that on May 17, 2005, C. Michael Forgione asked Plaintiff to "make sure the total expense for the EBRD portion of [her] trip (airfare, hotel, per diem, taxi

etc.) [would] not exceed $1250." Defendant denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant admits that on May 19, 2005, Plaintiff submitted to C. Michael Forgione revised estimated travel costs that estimated total expenses for the EBRD portion of her trip at $1248. Defendant denies the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant admits that on May 19, 2005, Plaintiff, C. Michael Forgione and Craig S. O'Connor met to discuss Plaintiff's Germany and EBRD trips. Defendant further admits that C. Michael Forgione expressed disagreement with Plaintiff that (at that time) Serbia-Montenegro was an important market for Ex-Im Bank. Defendant denies the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant admits that during the May 19, 2005 meeting with Plaintiff, C. Michael Forgione said to Plaintiff "you are a liar" or "you are lying" and informed her he was going to Ex-Im Bank's Office of Human Resources. Defendant denies the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant admits that on May 19, 2005, Plaintiff was informed by Ex-Im Bank EEO Director Patrease Jones-Brown that if Plaintiff was unable to resolve the matter with C. Michael Forgione, that she should consider requesting an appointment with John Emens, Mr. Forgione's manager. Defendant denies the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant admits that on May 19, 2005 Plaintiff met with John Emens. Defendant denies the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the second sentence contained in Paragraph 34 of Plaintiff's Complaint. Defendant admits the remaining allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant admits that after her termination at 2:00 PM on May 20, 2005, a security officer escorted Plaintiff to collect a few of her personal belongings and out of the building. Defendant further admits that Plaintiff was informed that she would have to schedule a time on another day to retrieve the remainder of her personal belongings. Defendant denies the remaining allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant admits that at or near the time of her termination, Plaintiff requested to retrieve and print E-mails from her Ex-Im Bank computer account and that Ex-Im Bank denied her request. Defendant denies the remaining allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant admits that in a staff meeting on May 23, 2005, C. Michael Forgione informed International Business Development Division staff that Plaintiff would not be continued on the staff. Defendant denies the remaining allegations contained in Paragraph 39 of Plaintiff's Complaint.

**Count One - Discrimination and Harassment Based on Sex and Age for Actions Taken Against Plaintiff Prior to Her Complaint of Disparate Treatment**

40. Defendant incorporates by reference and reasserts the answers provided in Paragraphs 1-39 above as if fully stated herein, in response to Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

**Count Two - Discrimination, Harassment and Reprisal Based on Sex and Age for Actions Taken Against Plaintiff after Her Complaints of Disparate Treatment to Bank Management and the Bank's EEO Office**

45. Defendant incorporates by reference and reasserts the answers provided in Paragraphs 1-44 above as if fully stated herein, in response to Paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations contained in Paragraph 47of Plaintiff's Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

**Count Three - Discrimination Based on Sex, Age and Reprisal for Terminating Plaintiff's Employment with the Agency**

49. Defendant incorporates by reference and reasserts the answers provided in Paragraphs 1-48 above as if fully stated herein, in response to Paragraph 49 of Plaintiff's Complaint.

50. Defendant admits the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

**Count Four - Discrimination, Harassment and Reprisal Based upon Sex, Age and Prior EEO Activity by Making Disparaging Comments about Plaintiff to Other Bank Employees after the Date of Her Termination**

53. Defendant incorporates by reference and reasserts the answers provided in Paragraphs 1-52 above as if fully stated herein, in response to Paragraph 53 of Plaintiff's Complaint.

54. Defendant admits that in a staff meeting on May 23, 2005, C. Michael Forgione informed International Business Development Division staff that Plaintiff would not be continued on the staff. Defendant denies the remaining allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

**Harm to Plaintiff Caused by the Agency's**
**Discriminatory, Harassing and Retaliatory Acts**

56. Defendant incorporates by reference and reasserts the answers provided in Paragraphs 1-55 above as if fully stated herein, in response to Paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint, misidentified by Plaintiff as "Paragraph 58."

**Prayer for Relief**

This section of Plaintiff's Complaint constitutes Plaintiff's Prayer for Relief and as such requires no response. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Defendant further avers that Plaintiff is not entitled to any compensatory damages under the ADEA.

In addition, Defendant avers that it employs fewer than 500 employees and, therefore, 42 U.S.C. § 1981a(b)(3) caps Plaintiff's damages at a maximum of $200,000.00.

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Complaint.

WHEREFORE, Defendant demands as follows:

1. Judgment in his favor and against Plaintiff;

2. For all costs incurred herein; and

3. For any and all relief to which it may appear to be entitled.

January 25, 2008

Respectfully submitted,

______________________________
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

______________________________
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

OF COUNSEL:
Faisal Siddiqui
Office of the General Counsel
Export-Import Bank of the United States