SHAW, BRANSFORD, VEILLEUX & ROTH
ATTORNEYS AT LAW
PROFESSIONAL CORPORATION
1100 CONNECTICUT AVENUE, N.W., SUITE 900
WASHINGTON, D.C. 20036
(202) 463-8400

FAX:
(202) 833-8082

WEB:
www.shawbransford.com

August 8, 2007

VIA HAND-DELIVERY

Alan Burch, Esq.
Assistant United States Attorney
Office of the U.S. Attorney for
the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

Re: Sharon L. Nuskey v. James H. Lambright, Chairman and President, Export-Import Bank of the United States, Civil Action No: 1:06CV01573

Dear Mr. Burch:

Enclosed are Plaintiff's Responses to Defendant's First Interrogatory and Request for the Production of Documents.

Sincerely,

Diana J. Veilleux
Lisa A. Bernstein

Enclosures

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHARON L. NUSKEY,

Plaintiff,

v.

JAMES H. LAMBRIGHT,
CHAIRMAN AND PRESIDENT,
EXPORT-IMPORT BANK OF
THE UNITED STATES,

Defendant.

Civil Action No: 1:06CV01573

Judge Paul L. Friedman

Dated: August 8, 2007

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST INTERROGATORY AND REQUEST FOR THE PRODUCTION OF DOCUMENTS

PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST INTERROGATORY

1. Please provide a computation of damages, by category, sufficient to satisfy the standards of Federal Rule 26(a)(1)(C). This should include a total amount and subtotals for all categories of damages you claim in this lawsuit.

RESPONSE: Ms. Nuskey objects to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client privilege and the attorney work product doctrine. Without waiving this objection, the following information represents an approximate computation of Ms. Nuskey's claim for compensatory damages through the date of her written discovery responses. These amounts are exclusive of the attorney's fees and costs that Ms. Nuskey has incurred in connection with her EEO complaint in this matter.

Ms. Nuskey is seeking compensatory damages to compensate her for pecuniary and non-pecuniary harm that she has suffered as a result of the agency's discriminatory and retaliatory actions.

PECUNIARY DAMAGES

1. Health Insurance Premiums

| | | | |
|---|---|---|---|
| June - December '05 | $401.76 (6 months) | = | $2,410.56 |
| January - December '06 | $435.83 (12 months) | = | $5,229.96 |
| January - August '07 | $256.00 (8 months) | = | $2,048.00 |

Grand Total To Date..................................................$9,688.52

2. Health Professional Fees (portion not covered by insurance)

$1,705.774 to date, see attachment.

Since Ms. Nuskey's current therapist has indicated that he expects that her therapy for the matters related to her EEO complaint will need to continue up to the next two years, she is also claiming damages to cover that future therapy in the amount of approximately $5,000.00 (which also includes the approximate costs of rate increases during this period of time).

3. Prescription Costs (portion not covered by insurance)

| | |
|---|---|
| Depression & Anxiety | $385.23 |
| IBS | $ 13.90 |

Grand Total To Date...............$399.13

Since Ms. Nuskey's current therapist has indicated that he expects that her therapy for the matters related to her EEO complaint will need to continue up to the next two years, which also includes her use of prescription medicine, she is also claiming damages to cover that future prescriptions in the amount of approximately $375 (which also includes the approximate costs of rate increases during this period of time).

4. Transportation To and From Medical Appointments

| | |
|---|---|
| Taxis | $170.00 |
| Metro | $174.00 |

Grand Total...........................$344.40

Since Ms. Nuskey's current therapist has indicated that he expects that her therapy for the matters related to her EEO complaint will need to continue up to the next two years, she is also claiming damages to cover her future transportation costs in an amount of approximately $3,500.00 (which also includes the approximate costs of rate increases during this period of time).

5. Job Search Expenses Incurred After Ms. Nuskey's Removal From the Agency

$1343.16 to date, see attachment.

## NON-PECUNIARY DAMAGES

Ms. Nuskey has suffered various non-pecuniary damages as a result of the issues in her EEO complaint and the associated litigation, and she requests compensatory damages up to $300,000 as relief. She has suffered a loss of professional standing, injury to her character, and her professional reputation, and has likewise suffered humiliation and embarrassment due to the discriminatory and retaliatory treatment by her management. This was observed and was otherwise well-known by a number of people who work/ed at the agency. Ms. Nuskey has been unable to secure full-time regular employment, of a commensurate job and salary, in an area of her professional expertise and background due to the termination during her probationary period.

In addition to the discriminatory and hostile treatment that she suffered while she was still employed by the agency, as well as the stigma of being fired, Michael Forgione openly humiliated Ms. Nuskey and caused further damage to her professional reputation when he called a department-wide meeting on or about May 21, 2005 for the sole purpose of announcing her termination. He publicly stated that Ms. Nuskey had "been terminated" because she was "not a good fit" and that she has a "misperception of the job" for which she had been hired, knowing that both were false and that she had done a very good job at the agency. Mr. Forgione and/or others at the agency tarnished Ms. Nuskey's career, perhaps for the long-term. As a result, her career opportunities were abruptly cut-short and their conduct has tarnished her professional reputation.

Moreover, Ms. Nuskey has been clinically depressed and has suffered loss of enjoyment of life as a result of her EEO complaint and her termination. Although therapy and medication have helped her to treat this condition to some degree, this experience has still been, and remains, very difficult for her. She also has had difficulty falling asleep, and has had greater problems staying asleep. For example, Ms. Nuskey typically wakes-up every hour-and-a-half to three hours, beginning around midnight most nights. Ms. Nuskey has also lost approximately 10 pounds due to the stress and anxiety she has experienced, and she has suffered from gastrointestinal disorders. She also regularly experiences difficulty in her concentration because she is constantly preoccupied about finding permanent employment, her long-term career, her EEO complaint, and other related issues. In the past, for example, Ms. Nuskey typically read two to three books a week for professional development and/or leisure for the 15 years prior to her removal. Since that time, she rarely finishes one book per month. She has also from time to time experienced uncontrolled tearfulness, irritableness, and has been socially withdrawn.

## OTHER RELIEF

Although backpay and frontpay are considered as relief separate from compensatory damages, in order to be fully responsive to the agency's interrogatory, Ms. Nuskey is seeking backpay from the date of her termination with the agency (May 20, 2007) through the date the relief is awarded to her by the Court. This amount includes any and all pay increases, retirement and Thrift Savings Plan contributions, step and all other appropriate step increases, interest, and any and all other appropriate benefits, in accordance with the Back Pay Act, 5 U.S.C. § 5596.

In the event that the agency refuses to reinstate Ms. Nuskey to her employment with the agency or it is otherwise determined that she cannot return to her employment with the agency, she will be seeking front pay.

PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

1. Please provide all documents or other evidentiary material, within the meaning of Federal Rule 26(a)(1)(C), on which you base your computation of damages referenced above in Defendant's first Interrogatory, including (but not limited to) materials bearing on the nature and extent of injuries suffered for which you seek compensation in this lawsuit.

RESPONSE: Ms. Nuskey objects to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client privilege and the attorney work product doctrine. Without waiving this objection, see the attached responsive documents. Please note that the response to this request may be supplemented if Plaintiff receives additional documentation that she has requested from third parties that may be responsive to this request.

On this 8th day of August 2007, I hereby declare under penalty of perjury that the foregoing Responses to Agency's Interrogatories and Requests for Production of Documents are true and correct to the best of my knowledge.

Sharon L. Nuskey

As to objections:

Diana J. Veilleux
D.C. Bar No. 418292
dveilleux@shawbransford.com
Lisa A. Bernstein
D.C. Bar No. 466215
lbernstein@shawbransford.com
Shaw, Bransford, Veilleux & Roth, P.C.
1100 Connecticut Avenue, N.W., Suite 900
Washington, D.C. 20036
Telephone: (202) 463-8400
Facsimile: (202) 833-8082

Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Plaintiff's Responses to Defendant's First Interrogatory and Request for the Production of Documents** were sent via hand-delivery on this 8th day of August, 2007 to the following counsel for Defendant:

Alan Burch, Esq.
Assistant United States Attorney
Office of the U.S. Attorney for
the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

Lisa A. Bernstein