UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHARON L. NUSKEY,<br><br>Plaintiff,<br><br>v.<br><br>JAMES H. LAMBRIGHT, CHAIRMAN AND PRESIDENT, EXPORT-IMPORT BANK OF THE UNITED STATES,<br><br>Defendant. | ) | Civil Action No.: 06-1573 (PLF/JMF) |

DECLARATION OF SHARON L. NUSKEY

I, Sharon L. Nuskey, declare as follows:

1. Laurence Drell, M.D. is my current treating psychiatrist and has provided psychotherapy to me from January 9, 2007 to the present on a weekly basis. Gabrielle Leverich, MSW was my treating therapist from July 2005 to November 2006, and we met weekly as well. I also had three sessions with Adrienne Cypres, Ph.D. in May/June 2005. I did not observe any of them take notes during our sessions, and all of them have informed me that they did not take any notes after our sessions. My treating physician (primary care physician) is Ashesh D. Patel, M.D., whom I have seen on a regular basis for general health issues since 2001. I was also treated on January 17 and 19, 2007 by Dr. Gregory, a chiropractor (as indicated in the medical records already produced) for back pain and Susan Brigham, Ph.D. for grief therapy in or about 2002.

2. As of the time that my responses to the first set of written discovery requests were served on the government on August 8, 2007, I had only some of the information in my

possession with regard to my appointments and treatments from 2005 to the present relating to the conditions for which I suffered as described in my civil Complaint and formal EEO complaint. By that time, I had obtained that information (which included records of payments for medical appointments and prescriptions) from my health insurer, BlueCross/Blue Shield. As confirmation of the prescriptions, I also obtained records of prescriptions filled from my pharmacy, CVS. Dr. Drell has provided Effexor and some Lamictal via pharmaceutical samples, so these medications do not appear on the insurance or pharmacy statements.

3. I provided all of the information relating to my medical records that was in my possession as an attachment to my written discovery responses that were served on the government on August 8, 2007. My response to the Request for Production of my medical records indicated that my response might be supplemented if I received additional documentation that I requested from third parties who might be responsive to the government's request. Prior to August 8, 2007, I had spoken with at least one of my treating medical providers, Dr. Drell, who is my current therapist, about obtaining a copy of my medical records in connection with my case.

4. In August 2007, I sent written requests for my medical records to my former therapists Gabrielle Leverich, MSW, and Adrienne Cypres, Ph.D., via regular mail, and hand-delivered the letter to Dr. Patel's office (which I pass on my walk home from work). In the requests, I explained I needed my medical records because I had filed a wrongful termination EEO suit, and that my former employer had asked me to produce copies of my medical records and notes to them. I provided self-addressed, stamped envelopes with the letters and asked my medical providers to mail the information directly to my attorneys in this matter. In my next

appointment with Dr. Drell, I personally asked him to provide copies of my records and any notes to my attorneys, and also supplied him with a self-addressed, stamped envelope to my attorneys.

5. In September and October, 2007, I called and left two telephone messages for Gabrielle Leverich, and approximately six messages to Adrienne Cypres to follow-up on my request that they provide my medical records to my attorneys. Gabrielle Leverich returned my first call that day and explained that she had been on vacation, but that she would send everything I had requested shortly. A few weeks later, I called her again and she said she had mailed the information the previous day. Adrienne Cypres did not return my calls.

6. Within that same time frame, I also followed up on my request to Dr. Patel's office and spoke with one of his nurses or assistants on three or four occasions. She said they had misplaced my letter, and were unable to find it, so I relayed the contents of my letter over the phone to a member Dr. Patel's staff. I received a return call on November 4, 2007, that the information would be ready the next morning. To avoid further delay, I picked it up at Dr. Patel's office on the morning of November 5, 2007 and went directly to my attorneys' offices, where I hand-delivered it to Lisa Bernstein.

7. In late October 2007, Dr. Drell told me in an appointment that he had mailed the information that had been requested to my attorneys.

8. On November 1, 2007, I finally reached Adrienne Cypres by telephone, explained my request, and asked her to fax a copy of my medical records as soon as possible to my attorneys. Dr. Cypres said that she did not remember me and did not think she had any records, but that she would look for them. After leaving several follow-up messages over the next few

weeks, she returned my call and said my attorneys would have to contact her attorney, Scott Gant, to obtain the requested information. I asked her to reconsider and produce any records of our three sessions, but she declined. She gave me Mr. Gant's phone number, and I passed it on to Lisa Bernstein that day.

9. In a session with Dr. Drell in or about August 2007, Dr. Drell informed me that depending upon the circumstances of the pending action, I would need anywhere from one to one and a half years more of therapy and medication to treat my current condition.

10. In addition to the above physicians, I also recall being treated by Suzanne M. Brigham, Ph.D. for grief therapy in or about February 2002 through July or August 2002 as a result of the deaths of several family members and friends.

11. As of the date of this declaration, I have provided to my attorneys all responsive medical records in my possession. I am in the process of obtaining my records from Suzanne Brigham, which I will provide to my attorneys upon receipt.

I hereby certify that I have read the foregoing and declare, under penalty of perjury, that it is true and correct to the best of my knowledge and belief.

Executed this fifth day of February, 2008.

Sharon L. Nuskey

Sharon L. Nuskey