IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON L. NUSKEY, Plaintiff, | Civil Action No: 1:06CV01573 |
| v. | Judge Paul L. Friedman |
| JAMES H. LAMBRIGHT, CHAIRMAN AND PRESIDENT, EXPORT-IMPORT BANK OF THE UNITED STATES, Defendant. | Dated: September 7, 2007 |

# PLAINTIFF'S RESPONSES TO DEFENDANT'S SECOND SET OF WRITTEN DISCOVERY REQEUSTS

## SECOND SET OF INTERROGATORIES

1. Identify each and every person whom you believe may have knowledge of any relevant fact or allegation pertaining to this lawsuit.

RESPONSE: Ms. Nuskey objects to this Interrogatory on the grounds that discovery is ongoing, she has not yet received the agency's responses to her written discovery requests, and she is therefore unable to ascertain "all persons" who have relevant knowledge about her EEO complaint allegations.

Without waiving these objections, Ms. Nuskey states she and her attorneys have relevant knowledge of the claims and issues in her EEO complaint. Additionally, all of the witnesses who were interviewed by the EEO investigator and whose testimony is included in the agency's report of investigation ("ROI") have relevant knowledge about the claims and issues in her EEO complaint and civil Complaint. Moreover, another former colleague at the agency (Andrew Yarrow, Communications Officer), four of Ms.

Nuskey's personal friends (Amy Werba, Patrice Aitken, Susan Elwell, and Jeff Lee) former pastor (John David Van Dooren), and the Protestant chaplin at Georgetown University (Constance Wheeler) are also aware of general second-hand information about Ms. Nuskey's EEO complaint. The contact information for each of these people is attached to Ms. Nuskey's second written discovery responses.

2. Identify all persons whom you believe will support your allegations of discrimination, harassment, or retaliation in this case.

RESPONSE: Ms. Nuskey objects to this Interrogatory on the grounds that discovery is ongoing, and she has not yet received the agency's responses to her written discovery requests, and therefore she is unable to ascertain "all persons" who have relevant knowledge in support of her EEO complaint allegations. Moreover, Ms. Nuskey objects to this Interrogatory on the grounds that it seeks information that is protected by attorney client privilege and work product. Without waiving these objections, Ms. Nuskey states, that besides herself, she believes that all of the persons identified in her response to Interrogatory No. 1 will support the allegations in her EEO complaint and civil Complaint.

3. Identify every person you expect to call as a witness on your behalf at a prospective trial on this matter.

RESPONSE: As of the time of Ms. Nuskey's written discovery responses, she has not determined who she will call as witnesses on her behalf at the trial in this matter.

4. For each person identified in the previous Interrogatory, describe in detail the substance of each person's expected testimony.

RESPONSE: See Ms. Nuskey's Response to Interrogatory No. 3.

5. If you claim that any present or former agent, employee, or representative of Defendant made any admission regarding the subject matter of this lawsuit, identify the date each alleged admission was made; the person who made the admission; the person to whom the admission was made; where the admission was made; each person present at the time the admission was made; and the contents of the admission (and if in writing, attach a copy).

RESPONSE: Ms. Nuskey objects to this Interrogatory on the ground that is it is irrelevant, is not reasonably calculated to lead to the discovery of any admissible evidence, and calls for a legal conclusion. Without waiving these objections, Ms. Nuskey contends that the agency made a number of admissions in the Answer that it filed in response to Ms. Nuskey's civil Complaint on November 6, 2007. Furthermore, Ms. Nuskey contends that Michael Forgione and Craig O'Connor made a number of admissions in their declarations which appear in the ROI at Exhibits D2 and D3 of Volume 1, respectively.

6. Identify, with complete description, any written or recorded statements (obtained overtly or covertly) from any employee, former employee, agent or representative of Defendant, concerning the subject matter of this case including, but not limited to, the name, home and business addresses (including street, street number, city, state and zip code) and home, business and mobile telephone numbers of the custodian of each statement, the name of the person from whom the statement was obtained, the date and manner each statement was taken, the names of any witnesses present when the statement was taken and the matters addressed in the statement.

RESPONSE: Ms. Nuskey objects to this Interrogatory on the grounds of attorney-client privilege and attorney work product. Without waiving these objections, Ms. Nuskey has obtained no such statements as described in this Interrogatory. The only responsive information in her possession consists of the EEO affidavits included in the ROI.

7. If you have or believe to exist any notes, minutes, tape or other recordings in written or electronic format relating to the events and the matters alleged in your Complaint, identify the custodian of each statement, the name of the person

from whom the statement was obtained, the date and manner each statement was taken, the names of any witnesses present when the statement was taken and the matters addressed in the statement.

RESPONSE: Ms. Nuskey objects to this Interrogatory on the grounds of attorney-client privilege and attorney work product. Ms. Nuskey further objects to this Interrogatory on the grounds that it is vague, overly broad and confusing. Ms. Nuskey also objects to this Interrogatory on the ground that discovery is ongoing and she has not yet received the agency's responses to her written discovery requests.

Without waiving these objections, Ms. Nuskey states that any such documents are included in the ROI and in the documents attached to these written discovery responses. Additionally, on the day prior to her removal, May 19, 2005, Ms. Nuskey met with Mr. Emmens and provided him with a copy of material related to the issues she was then experiencing with Mr. Forgione and Mr. O'Connor; specifically, she gave him a verbal point by point outline of the unfolding events involving her requests to go on international travel; various documents relating to Germany and Serbia-Montenegro as they pertained to her requested travel; and emails that she had exchanged with Mr. Forgione and Mr. O'Connor about her travel request. Ms. Nuskey only has an incomplete copy of this set of documents in her possession and she is producing it with her written discovery responses, but she believes that Mr. Emmens should have a complete set of those documents in his possession.

Ms. Nuskey also took handwritten notes during a telephone call that she had jointly with William Hess and Margaret Kostic on Monday, May 23, 2005, in which they relayed to her the derogatory comments that Mr. Forgione had made about her during the staff meeting held on May 23, 2005. See attached.

Furthermore, Ms. Nuskey believes that there may be other emails, documents and other records in the sole custody and possession of the agency (i.e., the miscellaneous emails that she sent and received on her agency computer, and those of which may also be on the computer or in the files maintained by others in the agency) that may relate to the events and matters alleged in her civil Complaint. However, since she Ms. Nuskey not had access to those documents since her May 20, 2005 removal, none of those documents other than what is being produced are in her possession.

8. If you intend to offer any evidence at trial under Rule 404 of the Federal Rules of Evidence, describe the nature of the evidence you intend to offer and identify any person with knowledge of the facts you intend to offer into evidence under Rule 404.

RESPONSE: Ms. Nuskey objects to this Interrogatory on the grounds of attorney-client privilege and attorney work product. Without waiving these objections, Ms. Nuskey has not yet determined what evidence she will offer at trial under Rule 404 of the Federal Rules of Evidence.

9. List every current or former Ex-Im Bank employee you believe discriminated, harassed, and/or retaliated against you.

RESPONSE: Ms. Nuskey objects to this Interrogatory on the grounds that discovery is ongoing and she has not yet received the agency's responses to her written discovery requests in order to provide a complete response. Without waiving these objections, Ms. Nuskey claims that Mr. Michael Forgione and Mr. Craig O'Connor subjected her to discrimination, harassment and retaliation in connection with her employment with the agency.

10. You allege that you opposed discriminatory conduct taken against you by Ex-Im Bank employee(s). Describe what actions constitute each such opposition, including for each, the date(s) of your action(s), any persons you spoke to, and any documents generated as a result of such opposition.

RESPONSE: On May 11, 2005, Ms. Nuskey met with Mr. Forgione after another incident of a meeting taking place that she was not informed about until it was well underway. At that time, Ms. Nuskey told Mr. Forgione that she had been inappropriately excluded from meetings that fell within her program responsibility to which her three younger male probationary colleagues were regularly invited. Ms. Nuskey also told Mr. Forgione that she believed that after Mr. O'Connor became her first-level supervisor, she was not included as a full member of the department as she had been under Ms. Margaret Kostic's supervision. Ms. Nuskey further told Mr. Forgione that she was uninformed about SECE department activities; excluded from meetings with parties both external and internal to the Bank; limited from exposure to the Bank's Directors (although it was made clear that the Business Development Specialists were hired to provide support to the Directors); was not assigned opportunities for international travel as set forth in her position description and as offered to others; and was denied opportunities for career advancement that her three younger male probationary colleagues had been given. During this same meeting, Ms. Nuskey also explained to Mr. Forgione that she had recently taken online EEO training, which stressed the importance of equal opportunities for all employees. Ms. Nuskey further said that she believed that she was being treated less favorably than her three younger male probationary colleagues because of her gender and age. In response to Ms. Nuskey's concerns, Mr. Forgione replied, "You're right. You are always so aggressive; I can't believe it has taken you so long to say anything." Ms. Nuskey memorialized a summary of this discussion in an email to

Mr. Forgione on May 18, 2005, (see ROI, Vol. I, Tab D1D), and she later forwarded a copy of the same email to Mr. O'Connor.

Another time that Ms. Nuskey opposed unlawful discrimination occurred on May 19, 2005. On that day, Ms. Nuskey submitted to Mr. Forgione a revised travel order that changed her mode of travel from Germany to Serbia-Montenegro from airplane to train, and limited her reimbursable expenses (because she would be personally paying a large part of out-of-pocket expenses) to $1248, with the hope that it would be acceptable to Mr. Forgione and that he would once again approve the trip. Later that same day, Ms. Nuskey, Mr. Forgione and Mr. O'Connor met to further discuss the nature of her planned trip. During this discussion, Mr. Forgione remarked that Ms. Nuskey "seemed to think that she was much better educated and older than her three male probationary colleagues," but that they all were hired at the same grade level. Ms. Nuskey replied that she wanted to be treated just like the three of them. Before Mr. Forgione abruptly ended the meeting and before she left the room, Ms. Nuskey reminded Mr. Forgione that he had not yet made a decision on her revised travel order, which was one of the primary purposes of their meeting. Mr. Forgione said that the meeting was still terminated, and loudly stated, "You are a liar!" As she was leaving the office, Mr. Forgione said he was going to the Bank's Human Resources office. Ms. Nuskey offered that they go there together (she had also previously consulted with HR about her ongoing issues with Mr. Forgione), but Mr. Forgione declined. He stated that Ms. Nuskey could go to the EEO office, too, and she replied, "Okay."

Shortly after this meeting on May 19th, on the same day, Ms. Nuskey went to the agency's EEO Office twice (the first time Ms. Jones-Brown was not there and Ms.

Nuskey returned again to meet with her) to discuss what had occurred at her meeting with Mr. Forgione and Mr. O'Connor. The EEO Office Director, Ms. Patrease Jones-Brown, suggested that Ms. Nuskey first discuss the matter with Mr. Forgione's supervisor, Mr. John Emens. Ms. Patrease Jones-Brown may have documentation regarding this meeting.

Ms. Nuskey thereafter spoke with Mr. Emens later that same afternoon and explained that Ms. Jones-Brown suggested that she meet with him and relay the pertinent events as they had unfolded in a brief, point-by-point manner. Mr. Emens nodded and said he was aware of some of what was going on, and listened to Ms. Nuskey for approximately ten minutes. Mr. Emens said he would review the relevant information and e-mails that she had given to him that day (see Ms. Nuskey's response to Interrogatory No. 7), and would get back to her the following morning about the situation in general, and whether or not the Bank would pay the penalty and related charges for her airplane fare, in particular. However, Mr. Emens neither contacted Ms. Nuskey nor returned the documents she gave to him at any time after this meeting.

Prior to Ms. Nuskey's above-referenced meeting with Ms. Jones-Brown, Ms. Nuskey also raised the issue of Mr. Forgione's discriminatory treatment towards her with Mr. O'Connor and his (Mr. O'Connor's) failure to support her on May 19, 2007. Ms. Nuskey showed Mr. O'Connor copies of some of the communications at issue between herself and Mr. Forgione, some of which Mr. O'Connor had been copied on. Mr. O'Connor acknowledged that he did not do anything to support Ms. Nuskey and stated, "I guess I haven't read the emails."

On the morning of May 20, 2005, Ms. Nuskey formally initiated EEO counseling with Ms. Jones-Brown because she believed that Mr. Forgione had subjected her to discrimination, harassment and reprisal on the basis of her sex (female), age (then 45 years old) and prior EEO activity (for complaining to Mr. Forgione and Mr. O'Connor that she had received less favorable treatment than her younger male probationary colleagues) for the reasons described above. Ms. Nuskey also contended that Mr. O'Connor had supported Mr. Forgione's discriminatory and retaliatory actions and attitude toward her. Ms. Jones-Brown may have documentation regarding this contact by Ms. Nuskey.

11. For each action of yours described above in response to No. 10, describe fully what actions you allege were taken by any Ex-Im Bank employee in retaliation for each of your actions.

RESPONSE: Mr. Forgione and/or Mr. O'Connor did not assign Ms. Nuskey opportunities for international travel as set forth in her position description. When Ms. Nuskey sought out international travel opportunities on her own initiative, which she believed would benefit the Bank, and after she pursued these requests, her supervisors set an arbitrary $1250 limit on her initially approved travel and required her to travel on her own time and at her own expense. Moreover, Mr. Forgione subjected Ms. Nuskey to a derogatory comment on May 19, 2005, by stating in the presence of Mr. O'Connor that she was "much better educated and older" than her three younger male probationary colleagues, but that they were all hired "at the same level." During this same meeting, Mr. Forgione spoke to Ms. Nuskey in a hostile manner, stating that she was "a liar."

Moreover, Ms. Nuskey was terminated from her position with the Bank, before the end of her probationary period, on May 20, 2005. This action was taken shortly after

Plaintiff opposed unlawful discriminatory and harassing treatment to her first and second level supervisors beginning on May 11, 2005, complained to the agency's EEO office regarding this treatment on May 19, 2005, and engaged in protected EEO activity by formally initiating EEO counseling and filing an informal EEO complaint earlier on the same day of her termination (May 20, 2005).

On May 23, 2005, Mr. Forgione held a staff meeting, during which he specifically stated that Ms. Nuskey had been "terminated" because both he and Mr. O'Connor believed that she was "not a good fit" for the Bank, that it was abundantly clear that the needs of the department and her expectations did not coincide, that she had a "misperception of the job" that she was hired to fill, and that he "could not see this same thing happening to anyone else in the office."

12. You allege that you participated in protected EEO activity and were subjected to retaliation because of said activity. Describe what actions constitute such activit(ies), including for each, the date(s) of your action(s), any persons you spoke to, and any documents generated as a result of such opposition.

RESPONSE: See Ms. Nuskey's response to Interrogatory Nos. 10 and 11.

13. For each action of yours described above in response to no. 12., describe fully what actions you allege were taken by any Ex-Im Bank employee in retaliation for your participation in EEO-protected activity.

RESPONSE: See Ms. Nuskey's response to Interrogatory Nos. 10 and 11.

14. State whether any individual ever employed by Defendant has ever made a comment in your presence, whether speaking or in writing, that you perceived as discriminatory or reflecting sex, age or retaliatory bias. If so, describe each comment, including the identity of each and every individual who made the comment, the contents of the comment, when and where it occurred, why you believe the comment(s) was discriminatory or retaliatory, and all individuals involved in, responsible for or with personal knowledge of the alleged comment(s).

RESPONSE: The following statements are responsive to this Interrogatory:

In Mr. Forgione's office in October 2004, he told Ms. Nuskey that, "If you come into this office again, you will leave with your head on a platter." Ms. Nuskey believes that this comment is discriminatory based on her age and gender. Mr. Forgione was trying to intimidate her because she was asking questions for Ms. Kostic, who was on travel and was unable to reach Mr. Forgione directly herself. No one else was present when this comment was made, but Ms. Nuskey shared this comment with Margaret Kostic, William Hess, and Charles Barnett shortly after that discussion occurred.

During a staff meeting that was held at the agency in November/December 2004, Mr. Forgione told Ms. Nuskey, "Jeffrey [Miller] wants you to do conferences." Ms. Nuskey believes that Mr. Forgione made this comment in front of other staff in order to subject her to harassment, humiliation, and embarrassment, and to discriminate against her because of her gender and age. She believes that Mr. Forgione was trying to relegate her to a secretarial/administrative role. The comment immediately followed discussions dealing with substantive regional related work assigned to Ms. Nuskey's three male probationary employee colleagues. Will Hess, Charles Barnett, Brian Sant Angelo, and Margaret Kostic were present in that meeting.

In Mr. Forgione's office on May 11, 2005, he told Ms. Nuskey that, "You're always so aggressive . . . " He was trying to intimidate Ms. Nuskey and put her down after she had just vocalized her opposition of his discriminatory treatment towards her based on her gender. No one was present when this comment was made, but Ms.

Nuskey shared this comment with Margaret Kostic, William Hess, Brian Sant Angelo, and Patrease Jones-Brown shortly after that meeting.

In Mr. Forgione's office on May 19, 2005, he told Ms. Nuskey that, "You seem to think you are so much older and better educated than the others," "It doesn't matter if you read it in a book somewhere," and "You are a liar." He was trying to embarrass and intimidate Ms. Nuskey and retaliate against her because he was angry that she asked for equal treatment in comparison to her three younger male probationary employee colleagues; pointed out his violation of the law, rules and regulations; and had exercised her right to oppose unlawful discrimination and to file an EEO complaint. Mr. Forgione did not want her to effectively pursue her concerns that she believed that he and Mr. O'Connor had subjected her to ongoing discrimination, harassment and retaliation. Mr. O'Connor was also present when this comment was made, and Ms. Nuskey shared this comment with Bessie Giannapoulos, William Hess, Margaret Kostic, and Patrease Jones-Brown shortly after that meeting.

Mr. Forgione called an all-hands staff meeting at 9:30 a.m. on Monday, May 23, 2005 with the sole purpose of announcing Ms. Nuskey's termination. (Apparently, he called the meeting as soon as possible as he regularly departs the office on Fridays at 3:00 p.m.). Mr. Forgione specifically stated that Ms. Nuskey had been "terminated" because she was "not a good fit" for the Bank. He continued by stating that the needs of the department and her expectations did not coincide. According to Mr. Forgione, he said that Ms. Nuskey had a "misperception of the job" that she was hired to fill. He also said that he "could not see this same thing happening to anyone else in the office." Mr. Forgione was apparently referring to my three male colleagues who were still serving their probationary periods at that time. Ms. Nuskey was not present during this meeting,

but she was told about these comments in a telephone call from Mr. Hess and Ms. Kostic shortly after this meeting. Ms. Nuskey understands that all members of the International Business Development Division were called to attend the meeting. Ms. Nuskey believes that Mr. Forgione made these remarks to subject her to further humiliation, embarrassment, discrimination and harassment on the basis of her gender and her age, as well as to retaliate against her for opposing unlawful discriminatory treatment and initiating EEO counseling for a complaint against him and Mr. O'Connor.

15. State whether you have ever been a party to or participant in a complaint, grievance, appeal, suit or legal proceeding (including formal or informal proceedings, civil or criminal, state or Federal, administrative or judicial) other than the present action. If so, identify where and when the complaint or proceeding suit was lodged or filed (including court and case number, if any); the nature and extent of the remedies sought; the names of all the parties; when and where you provided any sworn statements under oath; and give the result of the suit, including any settlement or judgment awarded. If you have copies of any sworn testimony you provided under oath, attach such copies to this response.

RESPONSE: Ms. Nuskey objects to this Interrogatory on the grounds that it is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Ms. Nuskey has not been a party to or participant in any of the types of actions described in this Interrogatory.

16. Identify every employer with whom you have attempted to obtain employment since your departure from Defendant, describing fully the nature of the position, its title, grade (if applicable) and salary, and the outcome of your attempt to obtain employment.

RESPONSE: Since Ms. Nuskey was terminated from her position with the agency on May 20, 2005, she estimates that she has submitted applications for approximately 350-400 jobs. With the exception of her current contractor employment at Georgetown University, which is described in more detail below, Ms. Nuskey has

been unsuccessful in her attempts to secure any of those positions. She believes this is due to the fact that she was terminated during her probationary period at the agency, and because the agency may have provided an unfavorable and/or lackluster reference to her prospective employers. Attached to these written discovery responses are copies of the cover letters, position descriptions, and applications that Ms. Nuskey has in her possession; she habitually disposed of the others whenever she learned that a vacancy had been filled. Ms. Nuskey estimates that the attached copies represent between 25-30 percent of all the permanent and temporary employment opportunities for which she has applied since June 2005.

Ms. Nuskey recalls that she has interviewed for jobs at: Brookings Institution, Office of Communications; Chemonics, Economic Research; Editech, Inc.; Educational Initiative for Central & Eastern Europe (EICEE); Foreign Commercial Service; Georgetown University; National Endowment for the Arts, Office of Research & Analysis; The Space Foundation, Division of Research & Analysis; Taylor Companies, Office of Research & Communications; U.S. Coast Guard Division of Standard Evaluation & Analysis; U.S. Department of State, Office of Terrorism Finance & Sanctions; and U.S. Department of State, Office of Economic Security & International Information Programs.

The outcome of the interviews has been a steady stream of consulting and administrative projects at Georgetown University; coming in second for a program analyst position in the Office of Research & Analysis at the National Endowment for the Arts; and, pending budgetary approval, a strong likelihood of permanent employment in the Division of Research & Analysis at The Space Foundation. Ms. Nuskey expects to receive the results of an all-day assessment for a commercial officer

opportunity with the Foreign Commercial Service in October 2007. Lastly, pending budgetary approval at the Educational Initiative for Central and Eastern Europe, Ms. Nuskey expects that she will be hired to translate from French to English, a history and memoir of Communism in Europe. The book is a sequel to The Black Book of Communism: Crimes, Terror, Repression, which was published in 1997 and was translated in 25 countries.

17. State, in complete detail, your employment history after May 20, 2005, including the identity of each employer for whom you worked, the dates for which you worked for that employer(s), and monetary compensation received including the starting salary; the amount and date of all salary increases; any commission, bonus or other form of incentive remuneration; how such commission, bonus or other incentive remuneration was calculated and paid; the employment benefits you received, including the dates on which you received each benefit, the provision of each benefit and whether you paid any amount for each benefit; and the amount and form of any other monetary compensation.

RESPONSE: With the exception of a one time two-day editing project in 2006 for Editech, Inc., Ms. Nuskey has worked at Georgetown University from February 2005 up to and including the present. Her compensation has, depending upon the particular consulting project or assignment, ranged from $21.00 – 80.00 per hour. She has not received any commission, bonus or other form of incentive remuneration. Ms. Nuskey also has not received any employment benefits. See attached documents.

18. Identify all sources of income you received after your employment with Defendant.

RESPONSE: Ms. Nuskey objects to this Interrogatory on the ground that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, see her response to Interrogatory No. 17.

19. Describe in detail any assistance you received from any individual in the preparation of your responses to Defendant's discovery requests to include Requests for Admissions, Interrogatories, and Document Production Requests, including the identity of that individual, the individual's relationship to you, and the extent of the assistance provided by that individual.

RESPONSE: Ms. Nuskey objects to this Interrogatory on the ground that the agency did not serve Requests for Admissions. Without waiving this objection, Ms. Nuskey has only received assistance from her attorneys to prepare her written discovery responses.

20. Identify each provider you have seen, consulted, or paid, within the last ten years, of medical, therapeutic, psychiatric, or counseling services, including the name of the professional, the name of the group or clinic (if any), the address, and telephone number.

RESPONSE: Ms. Nuskey objects to this Interrogatory on the grounds that it seeks information that is beyond the scope of the subject matter and timeframe of her EEO complaint. Without waiving these objections, see Ms. Nuskey's response to the agency's first Request for the Production of Documents. Additionally, the contact information for each of those individuals is attached.

SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1. Any and all documents that relate to the claims or issues in this action.

RESPONSE: Ms. Nuskey objects to this Request on the grounds that it seeks information that is protected by attorney client privilege and attorney work product. Ms. Nuskey also objects to this Request on the ground that discovery is ongoing and she has not yet received the agency's responses to her written discovery requests. Ms. Nuskey further objects to this Request on the grounds that it is overly broad and vague. Without

waiving these objections, the ROI and all of the attached responsive documents relate to the claims and issues in this action.

2. Any and all documents that relate or refer in any way to your employment with Defendant, including but not limited to, documents relating to descriptions of work performed, résumés, performance evaluations, warnings or other disciplinary or adverse actions.

RESPONSE: Ms. Nuskey objects to this Request on the grounds that it seeks information that is protected by attorney client privilege and attorney work product. Ms. Nuskey also objects to this Request on the ground that discovery is ongoing and she has not yet received the agency's responses to her written discovery requests. Ms. Nuskey objects to this Request on the grounds that it is overly broad and vague. Without waiving these objections, the entire ROI and the attached documents are responsive to this Request.

3. Any and all statements provided by any potential witness in this matter.

RESPONSE: Ms. Nuskey objects to this Request on the grounds that it is overly broad and vague and seeks information that is protected by attorney client privilege and work product. Without waiving these objections, other than the ROI, Ms. Nuskey has no such responsive statements in her possession.

4. Any and all documents that contain communication from Defendant to you, from you to Defendant, from Defendant to any third person or entity, or from you to any third person or entity regarding allegations complained of in your Complaint.

RESPONSE: Ms. Nuskey objects to this Request on the grounds that it is overly broad and vague and seeks information that is protected by attorney client privilege and work product. Without waiving these objections, other than the ROI, see

the attached responsive documents and Ms. Nuskey's response to Request Nos. 1 and 5.

5. Any and all logs, diaries, calendars, files, personal records, notes, or correspondence maintained in any form (paper, electronic or otherwise) or location, prepared by you or in your possession, pertaining to your employment with Defendant, the claims or issues in this action, and/or your request for damages.

RESPONSE: Ms. Nuskey objects to this Request on the grounds that it is overly broad and vague and seeks information that is protected by attorney client privilege and work product. Without waiving these objections, see the ROI, the documents Ms. Nuskey has produced in response to the agency's first set of written discovery requests, and Ms. Nuskey's responses to this Request and Request No 10.

6. Any and all recordings, photographs, videotape or statements taken by you, overtly or covertly, of any of Defendant's past or present employees, agents, or representatives.

RESPONSE: Ms. Nuskey objects to this Request on the grounds that it is overly broad and vague and seeks information that is protected by attorney client privilege and work product. Without waiving these objections, there are no responsive documents.

7. Any and all documents in your possession removed from Defendant's premises by you or at your direction or request either during or after your employment with Defendant.

RESPONSE: Ms. Nuskey objects to this Request on the grounds that it is overly broad and vague and seeks information that is protected by attorney client privilege and work product. Without waiving these objections, the responsive documents are attached to Ms. Nuskey's written discovery responses.

15. Any and all documents relating to any and all criminal charges filed and/or convictions rendered against Plaintiff.

RESPONSE: Ms. Nuskey objects to this Request on the grounds that it is overly broad and vague and seeks information that is protected by attorney client privilege and work product. Without waiving these objections, there are no responsive documents as none of the above applies to Ms. Nuskey.

16. Any and all documents relating to any and all damages claimed in your Complaint and termed "lost past, present and future wages, salary, and benefits."

RESPONSE: Ms. Nuskey objects to this Request on the grounds that it seeks information that is protected by attorney client privilege and work product. Without waiving these objections, the responsive documents are attached to Ms. Nuskey's response to the agency's first Request for the Production of Documents.

17. Any and all documents relating to any and all damages claimed in your Complaint and termed "loss of professional standing, career opportunities, career advancement, harm to [your] ability to secure other equivalent permanent employment, and other damages."

RESPONSE: Ms. Nuskey objects to this Request on the grounds that it seeks information that is protected by attorney client privilege and work product. Without waiving these objections, the responsive documents are attached to other of these written discovery responses and to Ms. Nuskey's response to the agency's first Request for the Production of Documents. See also the EEO affidavits included in the ROI.

18. Any and all documents relating to any and all damages claimed in your Complaint and termed "humiliation, pain and embarrassment."

RESPONSE: Ms. Nuskey objects to this Request on the grounds that it seeks information that is protected by attorney client privilege and work product. Without

8. Any and all complaints, grievances or notifications that you have ever filed with any organization, body, entity or court concerning any discrimination, harassment or retaliation you ever experienced by anyone or any entity.

RESPONSE: None other than the EEO complaint that is the subject of Ms. Nuskey's civil Complaint.

9. Any and all sworn testimony you provided in any matter, complaint, grievance, charge or suit against an employer or involving an allegation (by anyone) of discrimination, harassment or retaliation.

RESPONSE: None other than the testimony for the EEO complaint that is the subject of Ms. Nuskey's civil Complaint.

10. Any and all documents that you have given to, or received from, an expert witness retained by you in this case.

RESPONSE: Ms. Nuskey objects to this Request on the grounds that it is overly broad and vague and seeks information that is protected by attorney client privilege and work product. Without waiving these objections, there are presently no responsive documents.

11. Any and all documents or tangible things you intend to use as exhibits in this case.

RESPONSE: Ms. Nuskey objects to this Request on the grounds of attorney-client privilege and attorney work product. Without waiving these objections, Ms. Nuskey has not yet determined what documents or tangible things that she will intend to use as exhibits in this case.

12. Any and all documents or tangible things which you or your counsel intend to use for any demonstrative purpose at trial.

RESPONSE: Ms. Nuskey objects to this Request on the grounds of attorney-client privilege and attorney work product. Without waiving these objections, Ms. Nuskey has not yet determined what documents or tangible things that she will intend to use at trial in this case.

13. Any and all documents you intend to introduce at trial under Rule 404 of the Federal Rules of Evidence.

RESPONSE: Ms. Nuskey objects to this Request on the grounds of attorney-client privilege and attorney work product. Without waiving these objections, Ms. Nuskey has not yet determined what documents or tangible things that she will intend to use as exhibits in this case.

14. Any and all electronically stored information on active online data computer systems (i.e., emails and attachments, electronic databases, word processing, electronic calendars, etc.) and offline storage (i.e., computer disks, CDS, thumb drives, handheld/personal information managers, blackberry devices, etc.) which relates in any way to your employment with Defendant, to include communications held via instant or text message, documents stored on any e-mail account as an attachment to an e-mail, and blog entries made by you on any website.

RESPONSE: Ms. Nuskey objects to this Request on the grounds that it is overly broad and vague and seeks information that is protected by attorney client privilege and work product. Moreover, the parties have not yet reached an agreement as to ESI responsive information. Without waiving these objections, Ms. Nuskey mostly only has print-outs of a couple of responsive ESI documents (i.e., emails from her personal yahoo account and job search materials and applications) in her possession, and those documents have been produced in response to the other Requests in Defendant's first and second set of written discovery requests.

waiving these objections, the responsive documents are attached to other of these written discovery responses and to Ms. Nuskey's response to the agency's first Request for the Production of Documents. See also the EEO affidavits included in the ROI.

19. Any and all documents that refer, reflect or relate to your consultation or treatment with any health care provider in the last ten years.

RESPONSE: Ms. Nuskey objects to this Interrogatory on the grounds that it seeks information that is beyond the scope of the subject matter and timeframe of her EEO complaint. Without waiving these objections, see Ms. Nuskey's response to the agency's first Request for the Production of Documents.

20. Sign and provide fully executed valid medical release and consent forms for each and every health care provider you identified in your answers to Defendant's Interrogatories. (Proposed releases are attached as Attachments 1(a) and 1(b)).

RESPONSE: Ms. Nuskey objects to this Request on the grounds that it seeks information that is beyond the scope of the subject matter and timeframe of her EEO complaint. Moreover, Ms. Nuskey objects to this Request on the ground that she is claiming garden variety compensatory damages and, thus, this Request constitutes an invasion of her personal privacy. Ms. Nuskey also objects to this Request on the ground that the proposed releases are overly broad and vague. Without waiving these objections, Ms. Nuskey will provide copies of the medical information that may be responsive to Request No. 21 once she receives it from her health care providers and an once an appropriate Protective Order is signed by the parties.

21. If you are claiming that you suffered compensable physical or emotional damage as a consequence of any action by Defendant, any and all documents which relate in any way whatsoever to such physical or emotional damage.

RESPONSE: Ms. Nuskey objects to this Request on the grounds that it seeks information that is protected by attorney client privilege and work product. Without waiving these objections, the responsive documents are attached to Ms. Nuskey's response to the agency's first Request for the Production of Documents. See also Ms. Nuskey's two EEO affidavits included in the ROI and Ms. Nuskey's response to Request No. 20.

22. Any and all documents relating to any and all damages you claim in this suit not covered by Paragraphs 17-22 above.

RESPONSE: Ms. Nuskey objects to this Request on the grounds that it seeks information that is protected by attorney client privilege and work product. Without waiving these objections, see ROI Exhibit D1G.

23. Any and all documents and things which relate in any way whatsoever to your efforts to find employment after your employment with Defendant to include all inquiries made, resumes drafted, applications submitted and correspondence with potential or actual employers.

RESPONSE: The responsive documents are attached to these written discovery responses. As stated above, Ms. Nuskey did not retain all of these documents and, thus, the attached documents constitute all of those that are still in her possession. She has estimated that these represent 25-30 percent of all the employment opportunities to which she has applied for since May 20, 2005.

24. Any and all applications for employment, resumes, CVs, or similar documents identifying your qualifications and work history) you have prepared or used in the past ten years.

RESPONSE: See Ms. Nuskey's response to Request No. 23.

25. A copy of your Federal and state income tax returns for the years 2004 through 2007.

RESPONSE: The responsive documents are attached, with the redaction of Ms. Nuskey's Social Security Number.

26. Any and all documents which reflect your income for calendar years 2004 through the date on which you respond to these requests.

RESPONSE: See Ms. Nuskey's response to this Request and Request No. 25, and her responses to the agency's first Request for the Production of Documents.

27. Any and all documents identified in response to Defendant's Interrogatories.

RESPONSE: The responsive documents are attached to other of these written discovery responses. The agency has a copy of the ROI.

28. Any and all documents you referenced, used, relied upon, or consulted in preparing your responses to Defendant's Interrogatories in this case. Please identify or mark each identifying document with the number of the Interrogatory to which it corresponds.

RESPONSE: Ms. Nuskey objects to this Request on the grounds that it is overly burdensome and seeks information that is protected by attorney client privilege and work product. Without waiving these objections, the responsive documents are attached to other of these written discovery responses.

29. Provide all documents that support, contradict, or are related to any answer that you gave in response to Defendant's Interrogatories in this case. Please identify or mark each document with the number of the interrogatory to which it corresponds.

RESPONSE: Ms. Nuskey objects to this Request on the grounds that it overly broad, vague and confusing, and seeks information that is protected by attorney client

privilege and work product. Without waiving these objections, the responsive documents consist of all of the attachments to Ms. Nuskey's written discovery responses and the ROI.

30. All documents, other than those requested in numbers 1-30 above, that relate to your claims in this case.

RESPONSE: Ms. Nuskey objects to this Request on the grounds that it overly broad and vague and seeks information that is protected by attorney client privilege and work product. Without waiving these objections, the responsive documents are all of those that are attached to other of these written discovery responses.

31. Any and all documents you consulted, reviewed or relied upon to answer these Requests for Production of Documents or any of Defendant's Interrogatories.

RESPONSE: Ms. Nuskey objects to this Request on the grounds that it is overly burdensome and seeks information that is protected by attorney client privilege and work product. Without waiving these objections, the responsive documents are all of those that are attached to these written discovery responses.

32. To the extent not covered by the requests above, any and all statements obtained by any means by any person in connection with this matter.

RESPONSE: Ms. Nuskey objects to this Request on the grounds that it is overly burdensome and seeks information that is protected by attorney client privilege and work product. Without waiving these objections, the responsive documents are attached to other of these written discovery responses and are included in the ROI.

On this 7th day of September 2007, I hereby declare under penalty of perjury that the foregoing Responses to Agency's Second Set of Interrogatories and Requests for Production of Documents are true and correct to the best of my knowledge.

Sharon L. Nuskey

As to objections:

Diana J. Veilleux
D.C. Bar No. 418292
dveilleux@shawbransford.com
Lisa A. Bernstein
D.C. Bar No. 466215
lbernstein@shawbransford.com
Shaw, Bransford, Veilleux & Roth, P.C.
1100 Connecticut Avenue, N.W., Suite 900
Washington, D.C. 20036
Telephone: (202) 463-8400
Facsimile: (202) 833-8082

Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Plaintiff's Responses to Defendant's Second Set of Interrogatories and Requests for the Production of Documents** were sent via email (without the document responses) and by courier (with the document responses) on this 7th day of September, 2007 to the following counsel for Defendant:

Alan Burch, Esq.
Assistant United States Attorney
Office of the U.S. Attorney for
the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

Lisa A. Bernstein