**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RENATE M. BENHAM,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CONDOLEEZZA RICE, et al.,**<br><br>**Defendants.** | **Civil Action 03-01127** |

**MEMORANDUM OPINION AND ORDER**

Renate Benham, a White female employee of the U.S. Department of State, brings this action asserting various civil rights and common law tort claims.[1] Before the court is Benham's motion for reconsideration of the rulings of Magistrate Judge Facciola adverse to her that are set forth in his order of September 14, 2006 [#97], including his ruling requiring her to submit to an independent medical examination and to produce her healthcare records. Upon consideration of the motion, the opposition thereto, and the record in this case, the court concludes that the motion should be granted in part.

**I.**

A party is entitled to seek reconsideration of a magistrate judge's decision on a nondispositive matter. Fed. R. Civ. P. 72(a); *see also* LCvR 72.2(c) (providing that "a judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly

---

[1] Benham alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626 *et seq.* ("ADEA"), and numerous other federal and local statutes as well as a number of common law torts.

erroneous or contrary to law"). The magistrate judge's decision is "entitled to great deference" unless clearly erroneous or contrary to law, and should be upheld absent a "definite and firm conviction that a mistake has been committed." *Virtual Def. & Dev. Int'l, Inc. v. Rep. of Mold.*, 133 F. Supp. 2d 9, 20 (D.D.C. 2001) (internal quotation marks and citations omitted).

Under Federal Rule of Civil Procedure 35, a physical or mental examination may be ordered only if the movant establishes that the "mental or physical condition . . . of a party . . . is in controversy" and makes a showing of "good cause" for such an examination. Fed. R. Civ. P. 35(a).[2] Unlike other discovery provisions, these requirements are not met by "mere relevance to the case . . . but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). In a negligence action, for example, a plaintiff may put her mental condition at issue by alleging that the defendant had caused a specific psychiatric injury or an ongoing mental illness. *Id.* at 119.

There is a split among courts, however, as the Magistrate Judge acknowledges, as to whether a plaintiff puts her mental condition "in controversy" by claiming damages for emotional distress as a result of employment discrimination. *See, e.g. Cody v. Marriott Corp.*, 103 F.R.D. 421, 423 (D. Mass. 1984) (concluding that claim for emotional distress in employment discrimination suit did not justify examination where she had not made a "claim of a psychiatric disorder requiring psychiatric or psychological counseling"); *but see Jansen v. Packaging Corporation of America*, 158 F.R.D. 409, 410 (N.D. Ill.1994) (concluding in employment

---

[2] A district court's decision to order such an exam is committed to its sound discretion. *Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997).

discrimination case that in advancing emotional distress claim plaintiff "has not only placed her mental condition 'in controversy' but has confirmed the existence of 'good cause' ").

The majority of the courts that have examined the issue have concluded that a Rule 35 mental examination should not be ordered unless something more is involved than just a "garden-variety" claim of emotional distress. *Turner v. Imperial Stores*, 161 F.R.D. 89, 97 (S.D. Cal. 1995) (quoting *Sabree v. United Bhd. of Carpenters & Joiners*, 126 F.R.D. 422, 426 (D. Mass.1989)). And, there is good reason for such restraint. Extraordinarily intrusive as they invariably are, such orders would have an unwarranted chilling effect on persons who believe that they have been subjected to unlawful discrimination if they faced a physical or mental examination anytime they sought redress for such perceived discrimination. As one court has aptly cautioned,

> "sweeping examinations of a party who has not affirmatively put into issue [her] own mental ... condition are not to be automatically ordered merely because the person" has made a claim of emotional distress . . . . "To hold otherwise would mean that such examinations could be ordered routinely" in cases where there is a claim of damages for emotional distress.

*Cody*, 103 F.R.D. at 422 (quoting *Schlagenhauf*, 379 U.S. at 121–22). To blithely order such exams in any civil rights case would "open the floodgates to requests for mental examinations whenever a plaintiff alleged past pain and suffering in a routine [civil rights] case." *Hodges v. Keane*, 145 F.R.D. 332, 335 (S.D.N.Y. 1993).

Although there are differing views as to when a plaintiff has put her mental condition at issue, there are some consistent themes that can be gleaned from the court decisions that have addressed the matter. Courts have held that a plaintiff has put her mental condition in controversy where:

- she seeks compensatory and punitive damages for racial discrimination which caused "severe emotional and physical harm and distress . . . so severe as to require psychiatric care." *Lowe v. Philadelphia Newspapers, Inc.*, 101 F.R.D. 296, 298–99 (E.D. Pa. 1983) (42 U.S.C. § 1981 claim);
- she claims "ongoing psychiatric harm" due to sexual harassment. *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609 (C.D. Cal. 1995);
- she supports her claim for emotional distress with full-text of her doctor's deposition regarding her treatment for post-traumatic stress disorder. *Shepherd v. American Broadcasting Companies, Inc.*, 151 F.R.D. 194, 213 (D.D.C. 1993), *vacated on other grounds,* 62 F.3d 1469, 1484 (D.C. Cir. 1995);
- she makes a separate claim for intentional infliction of emotional distress. *Everly v. United Parcel Services, Inc.*, 1991 U.S. Dist. LEXIS 1255 at *2 (N.D. Ill. Feb. 4, 1991).

In contrast, courts have refused to order Rule 35 examinations where:

- plaintiff alleged only "garden-variety claim of emotional distress" in racial discrimination suit. *Sabree,* 126 F.R.D. at 426;
- plaintiff in "routine" 42 U.S.C. § 1983 claim did not assert ongoing pain and suffering. *Hodges*, 145 F.R.D. at 334;
- plaintiffs do not assert "ongoing mental illness" nor have they "ever suffered from a psychiatric disorder." *Bridges v. Eastman Kodak Co.*, 850 F. Supp. 216, 222 (S.D.N.Y. 1994).

Additionally, the Supreme Court has cautioned that Rule 35 should not be utilized where the plaintiff "did not assert h[er] mental or physical condition either in support of or in defense of a claim" but rather her "condition was sought to be placed in issue by other parties." *Schlagenhauf*, 379 U.S. at 119. Another factor to consider is whether the information defendants seek may be obtained by "other means." *Id.*

Upon review of the allegations in this case and the pertinent authority in this sensitive area, I conclude that Benham has not placed her mental condition in controversy and that there is not good cause to order her to undergo a mental examination. Benham does not seek damages for severe emotional or physical harm requiring psychiatric care in the past or the present; she does not seek to support her claim with the testimony or records of any psychiatric or medical

personnel; and she does not make a claim for intentional or negligent infliction of emotional distress. Rather, she makes a claim for the same type of distress or humiliation attendant to any "garden-variety" claim of discrimination.[3]

## II.

For the foregoing reasons, it is this 14th day of August, 2007, hereby

**ORDERED** that Benham's motion for reconsideration [#97] of Magistrate Judge Facciola's order of September 14, 2006 [# 92] is **GRANTED** to the extent the order requires her to submit to a medical examination and produce her healthcare records; and it is further

**ORDERED** that Benham's motion for reconsideration is **DENIED** in all other respects.

Henry H. Kennedy, Jr.
United States District Judge

---

[3] To the extent there was any doubt regarding her claims, the Magistrate Judge granted Benham's motion to amend her complaint to clarify that her claim was "garden-variety."

Although in her papers, Benham makes reference to a miscarriage she suffered during the time when she alleges she was subject to unlawful discrimination, she disavows any intention of attempting to attribute this unfortunate circumstance to the defendants' conduct.