**Lisa Bernstein**

---

**From:** Burch, Alan (USADC) [Alan.Burch@usdoj.gov]
**Sent:** Tuesday, January 22, 2008 4:28 PM
**To:** Lisa Bernstein
**Subject:** RE: Nuskey - a few more follow-up items

Lisa,

As far as we know, there are no more responsive records for Int. #11, 22, 23 or doc. requests #6, 9, 15, 28. Keep in mind that we have not performed all of the searches we would need to in order to comply with your requests; as we have maintained, that would be far too burdensome and unlikely to result in discoverable information.

With regard to Int #24, the agency has not done any active searches for information beyond the time frame it agrees to, but when it approached individual employees about the requests, some of the info they provided may have gone beyond that time frame. Because the agency objects both on relevance and burden, and there was little burden in providing the irrelevant info (i.e., beyond the time frame), we produced it. Thus, the agency has not changed its position in any way on its objections, and as far as we know, there is no more responsive info.

I got your voice message and I am grateful for the opportunity to review any relevant case law you might wish to share in advance of filing your motion. If you could send me the case cites, that would be great.

In light of your message that Facciola's chambers told you it was OK to file written motions, we will look to file our motion before the status also, probably on Thursday.

Thanks,
Alan

---

**From:** Lisa Bernstein [mailto:lbernstein@shawbransford.com]
**Sent:** Sunday, January 20, 2008 5:48 PM
**To:** Burch, Alan (USADC)
**Subject:** Nuskey - a few more follow-up items

As I'm looking through everything regarding discovery again (yes, on a Sunday afternoon on a holiday weekend), I noticed that there are a still a number of additional open-ended items that I neglected to include in my 1/7/08 email to you. These items are from our November 27th letter that did not seem to be addressed at all in the two letters from you and Faisal, as well as the additional documents provided. For your convenience, I have copied and pasted those specific sections from our letter below.

*Interrogatory #22*

*Identify in detail any and all communications (verbal, written and/or electronic) that were made to or from, by and/or between Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, Mr. D'Adamio, Ms. Guzman, any other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office, and/or any other person pertaining or relating to the decision of whether to terminate Plaintiff's employment with the agency, and state the date, location, participants, their gender whether the communication was verbal, written or electronic, and provide a detailed synopsis of each and every communication.*

The government objected to this Interrogatory on the grounds of attorney-client privilege and work product. Without waiving its objection, reference was made to a particular section in the report of investigation and one of the government's document responses, which includes little in the way of documents. We remind the government that if any communications were made by and/or between any of the individuals identified above without the inclusion of the government's counsel, then they are not protected by the attorney-client privilege or work product and Plaintiff is entitled to that information. As such, that responsive information should be provided to Plaintiff in response to her request.

***AND***

*Interrogatory #23*

*Identify in detail any and all communications (verbal, written and/or electronic) that were to or from, were exchanged by and/or between, or were otherwise documented by Mr. Forgione, Mr. O'Connor, Mr. Emens, Mr. Miller, Ms. Jones Brown, Mr. D'Adamio, Ms. Guzman, any other current or former agency managers and employees, members of the agency's EEO and/or Human Resources office, and/or any other person from April 1, 2005 to the present announcing and/or commenting upon Ms. Nuskey's proposed or actual departure from the agency, and state the date, location, participants, whether the communication was verbal, written or electronic, and provide a detailed synopsis of each and every communication.*

The government objected to this Interrogatory on the grounds of attorney-client privilege and work product. Without waiving its objection, reference was made to the government's response to Interrogatory #22. We remind the government that if any communications were made by and/or between any of the individuals identified above without the inclusion of the government's counsel, then they are not protected by the attorney-client privilege or work product and Plaintiff is entitled to that information. As such, that responsive information should be provided to Plaintiff in response to her request, notwithstanding the government's separate objection on the ground of the time frame of the request, which is addressed, supra, regarding Plaintiff's responses to the Government's General Objections.

***AND***

Document Request #6

*Produce the complete file and any and all other records that Mr. Michael Forgione, Mr. Craig O'Connor, Mr. John Emens, Mr. Jeffrey Miller, Mr. John McAdams, the agency's EEO office, and/or the agency's Human Resources office has created and/or maintained on Ms. Nuskey's initial contact with the EEO office, her informal EEO complaint, her formal EEO complaint, the investigation of her formal EEO complaint, and/or her civil court complaint.*

The government objected to this Request on the grounds of attorney-client privilege and work product. We remind the government that if any records were created and/or maintained made by any of the individuals identified above without the inclusion of the government's counsel, then they are not protected by the attorney-client privilege or work product and they should be provided to Plaintiff.

In light of our position, are there any responsive documents that are being withheld for Int. #22 and #23 AND Doc. Request #6?

Interrogatory #24

*Identify in detail each and every person including, but not limited to management employees, Mr. John Richter, Human Resources employees, recommending officials, selecting officials, applicants (including but not limited to Mr. Ricardo Michel), and/or any other person with whom Mr. Forgione or Mr. O'Connor communicated with concerning or relating to any aspect of locating and/or selecting a Business Development Specialist/Officer(s) at any time after Ms. Nuskey's removal, and provide the date, place, names of the participants, their gender and ages, and a detailed synopsis of the each and every one of the identified communications.*

Although the government answered this Interrogatory over its objections by making reference to its response to Document Request #15, Plaintiff contends that the objections are not supported. With regard to the time frame of the request, see Plaintiff's responses to the Government's General Objections, supra. As to the separate objection that the information sought is not relevant to the claims or defenses of either party, Plaintiff disputes this objection because the subject of the Interrogatory supports her claims of disparate treatment and retaliation. If any male business development specialists were hired after she was removed, this may support a showing of discriminatory and/or retaliatory animus and motive. As such, if there is any other responsive information that is being withheld because of the objections, Plaintiff believes that she is entitled to receive it.

I don't think we ever heard a final response on Int. #24 in light of the red provision above in our letter.

Document Request #9

Produce a complete copy of any and all information, documents, communications, and other records (i.e., handwritten, typewritten, and/or electronic) from August 1, 2004 to the present pertaining or relating to any aspect of Ms. Nuskey's verbal, written and/or email complaints of discrimination that she raised with Mr. Forgione, Mr. O'Connor, Mr. John Emens, Mr. Jeffrey Miller, Ms. Jones Brown, Ms. Sherry Beyers, Ms. Linda Conlin, Ms. April Foley and/or any other person while Ms. Nuskey was employed by the agency.

The government objected to Request #9 on the grounds of it being overly vague. . . . Without waiving its objections, Defendant made reference to its response to Request #8 for documents dated up to one month after her removal as being responsive to both Document Requests. If there are any responsive documents for either Request beyond one month after Plaintiff's termination, then she is entitled to those records for the reasons described in the section above regarding Plaintiff's responses to the Government's General Objections. Moreover, the objection with regard to the part of Request #9 describing how Plaintiff's complaints were made as being overly vague (i.e. verbal, written and/or email complaints of discrimination) is likewise unsupported. Her complaints of discrimination have been described in detail in her

formal EEO complaint, two EEO affidavits, and in her civil Complaint. As such, Defendant has been on notice of what those specific complaints were and how they were made, and this should not serve as the basis for refusing to answer this Request in whole.

In light of the blue highlighted sections of our 11/27/07 letter, are there any more responsive documents; and, if so, will they be provided to us?

Document Request #15

Produce a complete copy of the Official Personnel Files and any and all other human resources, personnel and/or informal/formal supervisory files maintained on Mr. Charles Barnett, Mr. William Hess, Mr. Brian Sant Angelo, Mr. Ricardo Michel and/or any other Business Development Specialist from August 1, 2004 to the present pertaining or relating to their performance and/or conduct, including, but not limited to, all position descriptions, performance plans, mid-year and annual performance appraisals, evaluations, awards, and disciplinary actions taken, proposed, or under consideration.

In your prior email, you indicated that all of the responsive documents were produced for #15-#17. Although we have the OPFs for three out of the four men identified above (you said you would get back to me about Hess' OPF), I didn't see any documents that appeared to specifically come from any HR, personnel, or informal/formal supervisory files maintained on them. If those documents have already been produced, please let me know and tell me the corresponding exhibit number in the agency's responses. If they have not yet been produced, please tell me when we will get them (assuming none are being withheld due the agency's time frame objection, since other responsive documents appear to have been provided (i.e., the OPFs) through the present time over the agency's initial objection).

Also, so I am clear, are any additional documents being withheld based for Requests #16-17 and #25 based on the same time frame objection?

Document Request #28

Produce a complete copy of any and all information, documents, communications and other records (i.e., handwritten, typewritten, and/or electronic) made to or from, by and/or between Mr. Forgione, Mr. O'Connor, and/or any other person in which Mr. Barnett, Mr. Hess, Mr. Sant Angelo, and/or any other Business Development Specialist/Officer were invited to attend any IBD departmental and/or staff-wide meetings or were otherwise notified of any meeting for an area in their responsibility from August 1, 2004 to the present.

The government made numerous objections to this Request, which are similar to the objections that it made to Request #17. Without waiving its objections, about a half inch of miscellaneous emails were provided in response to this Request and most of them did not post-date June 2005. Plaintiff believes it is possible that Defendant is withholding responsive documents pursuant to its objections, which she believes are unsupported for the same reasons described with respect to Document Request #17, and that they should be immediately produced by the government.

Your response in an email when I followed-up with you: IT APPEARS THAT THERE ARE NO ADDITIONAL RESPONSIVE RECORDS.

Does response mean that there are no responsive documents to include post-June 2005, or are some documents being withheld because of the time frame objection?

Interrogatory #11

Identify each and every occasion when Mr. Forgione, Mr. O'Connor, and/or any other agency manager counseled (verbal, written and/or electronic) Mr. Charles Barnett, Mr. William Hess, Mr. Brian Sant Angelo and/or any other Business Development Specialist/Officer hired to work at the Bank from July 15, 2004 to present about any issues relating to his performance and/or conduct at any time from August 1, 2004 to the present, and state the date, location, name of the participants, their gender, age and date of birth, whether the counseling was verbal, written or electronic, and provide a detailed synopsis of each and every counseling.

The government answered this Interrogatory without waiving its objections, which included the overly broad time frame of the request. Reference was made to the government's response to #7 of Plaintiff's Requests for the Production of Documents (provided to Plaintiff in the government's supplemental responses on November 8, 2007), but there are only 13 pages of emails therein, none of which post date April 2006. If any additional information is being withheld on the ground of the period of time for which it is sought, Plaintiff believes that she is entitled to receive it for the reasons described the section of this letter, supra, regarding Plaintiff's responses to the Government's General Objections.

In light of the fact that other information (documents) have been provided on these individuals through the present time from their OPFs, I can only assume that the government would also provide information through the present time that is the subject of this Interrogatory. If the government has any additional response to this Interrogatory, please let me know. If information that is responsive but is being withheld because of the time frame through the present time, please also let me know.

Document Request #50

Produce copies of any and all documents not heretofore produced or already part of the report of investigation of this matter which are relevant to the facts at issue in Ms. Nuskey's civil court complaint.

Are any documents still being withheld based on the agency's "overly broad" objection, such as documents that may be withheld because they were created more than one month after Ms. Nuskey's termination?

Additional Info.

At the end of our 11/27 letter, we wrote the following:

INFORMATION APPLICABLE TO ALL OF THE GOVERNMENT'S DISCOVERY RESPONSES

One particular thing we noticed is that there is little in the way of any responsive information provided with regard to any emails, memoranda, and other documents that were prepared by and/or exchanged between Plaintiff's immediate supervisor (Mr. O'Connor) and second level supervisor (Mr. Forgione) regarding the various alleged concerns that they had about her alleged performance and/or conduct. The same equally applies to any responsive documents that were exchanged by Mr. Forgione, Mr. O'Connor and any other person in their management chain, the EEO office, Human Resources, and/or anyone else about Ms. Nuskey's performance, conduct and/or complaints against her management. All of this information would be responsive to many of the requests above and if there are any such documents in existence, it should be provided to Plaintiff.

I have not seen any response to our commentary. Basically, I need to know at this point if any additional documents are being withheld that are responsive to our various requests that fall into this category (i.e., email exchanges between Mr. Forgione, Mr. O'Connor and/or others regarding the issues above concerning Ms. Nuskey). If they are being withheld, then we believe that we are entitled to those records per our requests. Please confirm.

BECAUSE OF THE TIME FRAME INVOLVED WITH THE CONFERENCE SCHEDULED ON FRIDAY, I WOULD APPRECIATE IT IF YOU COULD GET ME AN ANSWER TO THESE QUESTIONS BY THE CLOSE OF BUSINESS ON TUESDAY, 1/22/07.

Thanks again,

Lisa A. Bernstein
Associate Attorney
Shaw, Bransford, Veilleux & Roth, P.C.
1100 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036
Tel.: (202) 463-8400 (extension 311 after 6:00 p.m. EST)
Fax: (202) 833-8082
Email: lbernstein@shawbransford.com
Internet: www.shawbransford.com

This message originates from the law firm of Shaw, Bransford, Veilleux & Roth, P.C. This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying, or other use of this message or its attachments is strictly prohibited. All personal messages express solely the sender's views and not those of Shaw, Bransford, Veilleux & Roth, P.C. If you received this message in error, please notify us immediately at sbvr@shawbransford.com.