UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHARON L. NUSKEY,

Plaintiff,

v.

JAMES H. LAMBRIGHT,

Defendant.

Civil Action No.: 06-1573 (PLF) (JMF)

**DEFENDANT'S (1) MOTION TO DEFER MEDICAL DISCOVERY AND (2) CONSENT MOTION TO ENLARGE TIME TO FILE MOTIONS FOR SUMMARY JUDGMENT**

Defendant James H. Lambright, Chairman and President, Export-Import Bank of the United States ("Ex-Im Bank"), respectfully moves to (1) defer discovery regarding Plaintiff's medical condition, including her independent medical examination ("IME"), until after resolution of Defendant's motion for summary judgment, which is currently scheduled for filing in early September; and (2) to extend the deadline for filing motions for summary judgment. By order issued June 10, 2008, the Court ordered Plaintiff to submit to an IME or agree to an alternative acceptable to Defendant, in reference to Defendant's suggestion to restrict the medical evidence Plaintiff may offer at trial in lieu of an IME. See Ex. 1 at 6-7 & n.1 (Order); see also Defd. Reply, no. [37]. In the course of phone calls and email exchanges yesterday, Plaintiff 's counsel finally consented to defer the IME, but opposes the request to defer the related medical depositions. See Ex. 2 (email from Pltf. counsel). Plaintiff consents to the request to extend the deadlines for summary judgment motions. See id. and Ex. 3 at 5 (page two of letter dated Aug. 4, 2008, explaining need for extension of summary judgment deadlines).

Deferring the discovery of medical issues and Plaintiff's pain and suffering makes sense for several reasons, none of which Plaintiff has disputed, as far as Defendant's counsel is aware. First, if Defendant prevails on its upcoming motion for summary judgment, there will be no need for an IME of Plaintiff and depositions of her medical professionals. This follows because all medical evidence in this case would relate only to Plaintiff's damages, not to liability, and none of the medical evidence is necessary for resolution of summary judgment. Given the significant expenditure of time and resources involved in conducting the IME and related medical depositions (and the inherent invasion of privacy), it makes sense to wait to see if it all can be avoided.

Second, the closer in time to trial that the IME and related depositions of Plaintiff's treating professionals can be held, the more predictive value they would have in assessing Plaintiff's pain and suffering and, hence, damages. There simply is no reason to rush the medical discovery, in stark contrast to discovery of issues relating to liability where the potential for fading memories make it more important to move quickly.

Third, Defendant needs to obtain medical records from all of Plaintiff's treating professionals prior to being able to have the IME conducted, and those efforts are proceeding slowly despite diligent efforts by undersigned counsel. Of the four professionals who appear to have relevant records, three have responded to requests for records, although the third of these transmitted her response, through her counsel, just a few days ago on August 1, 2008.

Discovery is now set to close Monday, August 11, 2008, and there is no reason to extend it for all purposes. Defendant is not aware of any discovery issues, other than the IME and related medical depositions, that would justify extending discovery generally. Accordingly, it

makes good sense, on the basis of judicial economy, to defer the IME and related medical discovery until after resolution of summary judgment.

Finally, Defendant's counsel has made reasonable efforts to obtain Plaintiff's cooperation on this issue, with little cooperation throughout the summer, until after business hours last night. Compare Ex.3 (Defendant counsel's emails in June to Plaintiff's counsel seeking response to Defendant's offer to avoid the IME; Defendant counsel's letter this month following up on Plaintiff's lack of response) with Ex. 4 (Plaintiff counsel's letter and email of yesterday afternoon objecting to all relief requested in this motion) and Ex.2 (Plaintiff counsel's email later yesterday evening consenting to some of the relief). For her part, Plaintiff has: (1) waited to the eleventh hour to respond at all to Defendant's offer to waive the IME in exchange for the four restrictions on her presentation of medical evidence, (2) refused to explain her delay in responding to Defendant's offer, (3) refused to engage in any discernable efforts at compromise on the issue, (4) refused to provide Defendant with dates when she would be available for an IME, and now (5) opposes the instant motion on the sole basis that the medical depositions should have been taken earlier.

Plaintiff's latter position ignores both the necessity of taking the preliminary step of obtaining the medical records from her treating physicians, which she resisted until ordered by the Court to provide the necessary waivers, and also the need for Defendant to conduct the IME first in order to give Plaintiff's medical professionals the opportunity to respond to the conclusions of the IME. Plaintiff has made no serious effort, prior to yesterday, to respond to Defendant's request and now has the audacity to accuse Defendant of not acting diligently. This

conduct should not be tolerated. But even if her failure to respond earlier were justified, the deferral of discovery makes a great deal of sense.

Accordingly, Defendant requests that the Court permit Defendant to defer the medical discovery until after resolution of summary judgment, if necessary. A proposed order is attached.

August 8, 2008

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

OF COUNSEL:
Faisal Siddiqui
Office of the General Counsel
Export-Import Bank of the United States