**Burch, Alan (USADC)**

**From:** Burch, Alan (USADC)
**Sent:** Tuesday, June 10, 2008 3:25 PM
**To:** 'Lisa Bernstein'
**Subject:** RE: Nuskey v. Lambright

Lisa,

Let's plan on Thursday afternoon at 3:30pm for the call to chambers regarding our interrogatory.

Also, in light of Facciola's ruling today, we should talk about how to proceed with the IME. Consistent with what we explained in our Reply, we would still prefer to skip it altogether, and the medical records releases and subpoenas, in exchange for the limitations we proposed. That would save both parties a great deal of time and money, and spare pltf the intrusion of the IME. Otherwise, we'll need to get her to sign releases for records ASAP, so that I can serve subpoenas duces tecum on her doctors, and we'll need to get all that before we can schedule her IME. I'll aim to get the modified releases to you by tomorrow morning.

Thanks,
Alan

-----Original Message-----
From: Lisa Bernstein [mailto:lbernstein@shawbransford.com]
Sent: Tuesday, June 10, 2008 10:12 AM
To: Burch, Alan (USADC)
Subject: RE: Nuskey v. Lambright

We are available this (Tuesday) afternoon (after 1pm to end of day); Wednesday (from 10am to 1pm; 3:30 p.m. to end of the day); and Thursday (1pm to end of the day). Please let me know in advance when you plan to call over there so I can make sure I'm available. Thanks.

-----Original Message-----
From: Burch, Alan (USADC) [mailto:Alan.Burch@usdoj.gov]
Sent: Monday, June 09, 2008 5:08 PM
To: Lisa Bernstein
Subject: RE: Nuskey v. Lambright

Lisa,

Without the names of the people you spoke to, we will insist on taking this to the judge, so please let me know your availability for a call to chambers this week. I am also happy to read any case law you believe supports your position.

Alan

-----Original Message-----
From: Lisa Bernstein [mailto:lbernstein@shawbransford.com]
Sent: Monday, June 09, 2008 3:45 PM
To: Burch, Alan (USADC)
Subject: RE: Nuskey v. Lambright

Alan,

**Burch, Alan (USADC)**

**From:** Lisa Bernstein [lbernstein@shawbransford.com]
**Sent:** Tuesday, June 10, 2008 5:16 PM
**To:** Burch, Alan (USADC)
**Subject:** Additional Discovery Requests
**Attachments:** Plaintiff's second set of written discovery responses.pdf

Alan,

Attached are Ms. Nuskey's second set of written discovery requests. They are only being sent to you by email. I'm also confirming 3:30 p.m. on Thursday for the tel. conf. with Judge Facciola, and I will just wait to hear from you by phone. I will try to get back to you about your email soon regarding the IME.

Lisa A. Bernstein
Associate Attorney
Shaw, Bransford, Veilleux & Roth, P.C.
1100 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036
Tel.: (202) 463-8400 (extension 311 after 6:00 p.m. EST)
Fax: (202) 833-8082
Email: lbernstein@shawbransford.com
Internet: www.shawbransford.com

This message originates from the law firm of Shaw, Bransford, Veilleux & Roth, P.C. This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying, or other use of this message or its attachments is strictly prohibited. All personal messages express solely the sender's views and not those of Shaw, Bransford, Veilleux & Roth, P.C. If you received this message in error, please notify us immediately at sbvr@shawbransford.com.

**Burch, Alan (USADC)**

**From:** Burch, Alan (USADC)
**Sent:** Thursday, June 26, 2008 3:58 PM
**To:** 'Lisa Bernstein'
**Subject:** Nuskey: medical subpoenas

Lisa,

Here are service copies of three of the subpoenas for medical records. I would still prefer to contact Ms. Cypress by phone, and I could not find her phone number easily online, so I would appreciate it if you could provide it to me to save me a trip to her office.

Also, I need to know Ms. Nuskey's availability for the IME, assuming that is the path you all have selected. Please advise, so that I may set it up with our expert. I still have trouble understanding, btw, it would not be preferrable to avoid the time, expense, intusion, and hassle, especially in light of the relative low cap for comp damages--$200,000 in this case.

I am attempting to obtain availability info for Mr. Swimm. The Postal Service is concerned that any depo not take any more time than absolutely necessary. As all of your depos so far have taken a long time, please provide me with an estimate on how long you intend to take, to help find a time that works.

Thanks,
Alan

Subpoena to Patel.pdf

Subpoena to Drell.pdf

Subpoena to Leverich.pdf

**U.S. Department of Justice**

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*

*555 Fourth St., N.W.*
*Washington, D.C. 20530*

August 4, 2008

Diana J. Veilleux
Ralph C. Conte
Lisa A. Bernstein
Shaw, Bransford, Veilleux & Roth
1100 Connecticut Avenue, N.W. Suite 900
Washington, D.C. 20036

Re: Sharon L. Nuskey v. James H. Lambright, No. 06-1573-PLF (D.D.C.)

Dear Ralph and Lisa:

This letter addresses three discovery issues in the Nuskey case. First, I enclosed a copy of an email which we already produced but which may not have been as legible as we would all like. The email is produced pursuant to the protective order entered October 31, 2007.

Second, regarding Ms. Nuskey's independent medical evaluation ("IME"), you have not responded to my several inquiries requesting her availability, nor have you responded definitively to our offer to avoid the IME altogether by consenting to the limitations on evidence we discussed in our motion to compel the IME. Defendant's position has not changed--we still prefer avoiding the IME, on the conditions set forth in our motion to compel:

1. Plaintiff may not call her treating physician or any other expert witness to testify about her stress, depression, treatment, mental state, or damages in any respect.

2. Plaintiff and her counsel may not refer at trial to her treatment by any of her therapists or other professional for stress or depression or medical condition allegedly caused, worsened or prolonged by the alleged actions of the agency.

3. Plaintiff would not be entitled to receive damages, based on her mental or physical condition, for anything beyond "garden variety stress."

4. The Court would include in its jury instructions a specific instruction limiting damages from stress to those included in a "garden variety" stress claim.

Please let me know if Plaintiff agrees to that.

If not, Defendant requests that Plaintiff agree to sit for the IME after discovery has closed, indeed, after resolution of Defendant's motion for summary judgment. If Defendant prevails on the motion, no IME would be necessary. If Defendant does not prevail on summary judgment, and the IME is necessary, Defendant believes it makes more sense for the IME to be closer in time to the trial, to give a more accurate assessment of Ms. Nuskey's emotional pain and suffering and non-economic damages. Defendant is open to scheduling the IME then, as long we have a clear commitment to comply with the District Court's order and sit for the IME reasonably far in advance of trial. Please let me know by **Thursday, August 7, 2008**, what her position is, as that is my last day in the office before a two-week vacation.

Third, it is already apparent that Defendant will need additional time for its motion for summary judgment, due to events beyond this litigation. Specifically, both agency counsel and his immediate supervisor anticipate taking extended leave during August and September, to take care of new family members. Also, my schedule in September is packed with three appellate arguments in rapid succession. Accordingly, the current deadline of September 10, 2008, will not work, and we would like Plaintiff's consent to a motion to move the schedule back by thirty days, resulting in this new schedule: motions for summary judgment due October 6, 2008; oppositions due November 5, 2008; and replies due November 20, 2008. Please let me know if you will consent to this extension.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

By: /s/
Alan Burch
Assistant United States Attorney

enclosure