UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON L. NUSKEY,<br><br>Plaintiff,<br><br>v.<br><br>JAMES H. LAMBRIGHT,<br>CHAIRMAN AND PRESIDENT,<br>EXPORT-IMPORT BANK OF<br>THE UNITED STATES,<br><br>Defendant. | Civil Action No.: 06-1573<br><br>Judge Paul L. Friedman/<br>Magistrate Judge John M. Facciola<br><br>Dated: August 19, 2008 |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DEFER MEDICAL DISCOVERY AS IT PERTAINS TO THE
DEPOSITIONS OF PLAINTIFF'S HEALTH CARE PROVIDERS

Pursuant to Fed. R. Civ. P. 16, 26 through 37, L.Cv.R. 7 and 16.3, and this Court's Order entered on June 10, 2008, the Plaintiff, Sharon L. Nuskey, hereby submits, by and through undersigned counsel, her Opposition to Defendant's Motion to Defer Medical Discovery [40][1] (hereinafter "Defendant's Motion"). Based upon the foregoing, Plaintiff respectfully requests the Court to deny Defendant's Motion as to the request to depose Plaintiff's health care providers after resolution of any summary judgment motion.

## I. PRELIMINARY DISCUSSION

Defendant filed a single pleading on August 8, 2008 entitled "Defendant's (1) Motion to Defer Medical Discovery and (2) Consent Motion to Enlarge Time to File Motions for Summary

[1] For ease of reference, the bracketed numbers throughout this pleading refer to the respective notices, pleadings, orders, and other filings within the court's docket for this civil action.

Judgment." See Docket Entry [40]. It is not understood why Defendant chose to style the motion(s) as such based upon the following straight-forward facts. On August 7, 2008, Plaintiff consented to (1) the enlargement of time of the briefing schedule for any motion for summary judgment and consented to (2) submit to the Court-ordered Independent Medical Examination ("IME") at a point subsequent to the resolution of any motion for summary judgment and sufficiently in advance of trial. Thus, despite Defendant's confusing discussion of "medical discovery" and unfounded allegations of Plaintiff's non-cooperation therein, the only contested issue between the parties is Defendant's untimely presentation of a request to depose Plaintiff's treating physicians and other health care providers outside the court-ordered discovery period. See generally, Defendant's Opposition [40], Exhibit # 2 (August 7, 2008 email from Plaintiff's Counsel to Defendant's Counsel). In essence, Defendant attempts to turn the facts on their head in an effort to support it's untimely request for additional discovery.

## II. FACTS AND PROCEDURAL HISTORY

The parties filed their Joint Rule 16.3 report with the Court on June 22, 2007. See Rule 16. 3 Report [16]. At no time did the parties discuss or agree to bifurcation of discovery in this case. Id., ¶ 11. A pretrial scheduling order was entered in this matter on July 9, 2007. See Scheduling Order [19]. The Scheduling Order also did not provide for bifurcated discovery in this matter. Id. Further, the Scheduling Order requires the parties to bring to the Court's attention all discovery disputes in a timely fashion. Id., ¶ 10. Subsequent to the entry of the Scheduling Order, the parties jointly consented to extension of discovery in this case on two occasions. See Joint Motions to Extend Discovery [20] (filed October 15, 2007) and [25] (filed on December 12, 2007). Both motions were granted. See Docket Entries for October 23, 2007

and December 13, 2007, respectively. In the interim, the case was referred to Magistrate Judge Facciola for the management of all discovery in this case. See Order entered October 16, 2007 [21].

One of the discovery disputes brought to the Court's attention by the Defendant was Defendant's request for an IME and for the production of signed medical releases from Plaintiff so that Defendant could obtain Plaintiff's medical records. See Defendant's Motion for Order of IME and to Compel Production of Medical Records [27], filed on January 23, 2008 (hereinafter "Defendant's Motion to Compel"). Plaintiff opposed Defendant's Motion to Compel and set forth therein all disclosures of medical records, the identity of treating physicians, psychologists, and health care providers as well as records pertaining to prescriptions. See generally, Plaintiff's Opposition to Defendant's Motion to Compel [32], filed on February 5, 2008 (hereinafter "Plaintiff's Opposition"), and the exhibits attached thereto.

Plaintiff represented in her Opposition, as an alternative to the ordering of an IME, that Plaintiff and her treating physicians and other health care providers were available for deposition in lieu of an IME. See e.g. Plaintiff's Opposition at 12.[2] As noted, Plaintiff had also produced all medical records in her possession at that time and provided addresses and telephone numbers for all her health care providers. Id. It was noted as well, that as of the date of Plaintiff's Opposition (February 5, 2008), Defendant had only expressed an intent to depose Plaintiff's

[2] This was not the first time that Plaintiff raised the issue of depositions of her health care providers. In correspondence from Defendant dated October 1, 2007, Defendant only raised issues of pursuing the IME and Plaintiff's medical records, or, in the alternative, stipulations as to compensatory damages. See Exhibit # 1, Defendant's Correspondence dated October 1, 2007. In response, Plaintiff rejected the proffered stipulations and the IME and noted that Plaintiff was already producing responsive medical records and that her health care providers could be deposed. See Exhibit # 2, Plaintiff's Correspondence dated October 4, 2007.

treating doctor, but did not identify any doctor in particular. Id., Exhibit # 1, Bernstein Declaration, ¶ 4. In summary, Plaintiff produced responsive information to Defendant's request for medical discovery on August 8, 2007, September 7, 2007, December 21, 2007, January 24, 2008, and February 5, 2008. See Plaintiff's Opposition at 2 - 4 and portions of Exhibit # 2, # 5, and # 6 (under seal) attached thereto. It is evident therefore that Defendant had actual knowledge of Plaintiff's health care providers as early as September 7, 2007 (almost one year ago) to include addresses and telephone numbers, as well as attendant medical records that were produced in a supplement on December 21, 2007. Id., Exhibits # 2 and # 5 (under seal). As their absence is clearly evident from Defendant's Motion, Defendant never served any specific notices of depositions of Plaintiff's health care providers.[3] See Defendant's Motion.

While the Motions to Compel were pending, the parties filed a third joint motion to extend time to complete discovery related to the motions and agreed that the parties would have sixty days after a ruling on the discovery motions. See Joint Motion to Extend Discovery, filed March 20, 2008 [37]. The Joint Motion was granted on March 28, 2008. See Minute Order, March 28, 2008. The Court ruled upon the above discovery motions on June 10, 2008 and ordered, inter alia, that an IME take place and ordered the Plaintiff to provide appropriate signed medical releases. See Order dated June 10, 2008 [38].

Once the June 10, 2008 Order was issued, Plaintiff and Defendant negotiated and agreed to the language of the medical releases and Plaintiff immediately thereafter provided the required

---

[3] As indicated, Defendant did discuss an intent to depose Plaintiff's treating physician as early as November 2007, see Plaintiff's February 5, 2008 Opposition [32], Exhibit # 1, Bernstein Declaration, ¶ 4, however, despite the extensions of discovery, production of medical records, and medical releases (see infra), Defendant failed to specifically notice any of Plaintiff's health care providers by the close of discovery.

signed medical releases for her medical records to Defendant on June 19, 2008. See Exhibit # 3, Plaintiff's Correspondence dated June 19, 2008. As is clearly evident from the Defendant's Motion (since no representations regarding these issues are proffered), at no point during June 10, 2008 through the close of discovery (which was sixty days later on August 11, 2008), did Defendant do any of the following: (1) serve notices of and subpoenas for depositions of Plaintiff's health care providers; (2) send correspondence to Plaintiff's counsel asking for dates for depositions of health care providers; (3) ask Plaintiff's counsel or request a teleconference with the Court to discuss an extension of discovery to conduct depositions of Plaintiff's health care providers; (4) send correspondence to Plaintiff's counsel indicating that, upon receipt of the medical records and having an order for an IME, Defendant even intended to depose Plaintiff's physicians; (5) send correspondence to Plaintiff indicating that there was any delay in receiving medical records from Plaintiff's health care providers; (6) request a teleconference with the Judge's chambers to discuss depositions of Plaintiff's health care providers or any other related (including the IME) issue; and / or (7) otherwise file a timely motion to extend discovery (which admittedly would have been opposed because of the above-listed facts).

Indeed, none of the exhibits provided in support of Defendant's Motion even implicitly refer to any request by Defendant to depose Plaintiff's health care providers. See Defendant's Motion, Exhibit # 3 (Defendant's June 10, 2008 email discussing medical records and IME). Even Defendant's August 4, 2008 correspondence, attempting yet again to obtain stipulations regarding compensatory damages,[4] failed to even raise an issue of conducting depositions of

---

[4] While it would have been highly advantageous to Defendant if Plaintiff had agreed to the stipulations regarding compensatory damages, Plaintiff rejected such stipulations as early as October 4, 2007 (see attached Exhibit # 2) and again (implicitly) on February 5, 2008, in

Plaintiff's health care providers. Rather, in a telephone conference on Thursday evening, August 7, 2008 (after close of business), prior to Defendant's counsel's two-week vacation and just two business days prior to the close of discovery, Defendant's counsel asked consent of Plaintiff to conduct depositions of her health care providers outside of the close of discovery. See Defendant's Motion, Exhibit # 2 (Plaintiff's counsel's email dated August 7, 2008 at 7:46 PM). Plaintiff rejected the request to take the depositions of the Plaintiff's health care providers outside of the close of discovery. Id., Defendant's Motion, Exhibits # 2, Plaintiff's August 7, 2008 email.

While the issue pertaining to the scheduling of the IME is moot in light of Plaintiff's consent, see Defendant's Motion, Exhibit # 2, Plaintiff's Email dated August 7, 2008, it is important to note the following. Defendant perhaps had been expecting, all along, that Plaintiff would rather stipulate to her compensatory damages[5] in lieu of an IME. See Defendant's Motion, Exhibit # 3, Defendant's Emails of June 10, 2008 and June 26, 2008 and Correspondence dated August 4, 2008. Rather than notice the IME for a date and time certain, Defendant chose to wait

---

Plaintiff's Opposition [32] to Defendant's Motion for Order of an IME and to Compel Production of Medical Documents. Continued attempts to persuade Plaintiff to accept the stipulations, after having already been rejected by Plaintiff, is simply not a basis in fact or law for Defendant's failure to take appropriate steps, during the court-ordered remaining discovery period, to pursue any additional discovery Defendant sought as it pertained to compensatory damages.

[5] Defendant mischaracterizes this Court's June 10, 2008 Order where Defendant states that the Court "ordered Plaintiff to submit to an IME or agree to an alternative acceptable to Defendant [...]." See Defendant's Motion at 1. The Order only ruled on the IME and expressly declined issuing any directive to the parties to arrive at stipulations "acceptable to Defendant." See Order at 7, n.1 (referring to Defendant's offer of stipulations as to compensatory damages and noting that "[t]he Court, having not heard from Ms. Nuskey in opposition, takes no position on this proposal.").

until the eleventh hour to attempt to resolve the matter.[6]

III. ARGUMENT

As indicated above, despite Defendant's protests regarding the delay in providing dates for the Plaintiff's IME, the only contested issue before the Court is the Defendant's request to conduct depositions of Plaintiff's health care providers after the court-ordered discovery period had expired. For the reasons stated herein, the request should be denied.

Fed. R. Civ. P. 16(b) provides for the issuance of a scheduling order which sets forth, inter alia, matters concerning discovery. Fed. R. Civ. P. 16(c)(2)(F) provides for raising the scheduling of discovery matters at a conference. L.Cv.R. 16.3 requires the parties to discuss a discovery plan and specifically references bifurcation of discovery. See L.Cv.R. 16.3(c)(11). Fed. R. Civ. P. 26 governs discovery and provides for a party to request that discovery be limited if the party seeking discovery had "ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(ii). The parties complied with L.Cv.R. 16.3 and a scheduling order was entered on July 9, 2007. See Scheduling Order [19]. "A Scheduling Order is 'intended to serve as 'the unalterable road map (absent good cause) for the remainder of the case.' " Dag Enterprises, Inc. v. Exxon Mobil Corp., 226 F.R.D. 95, 110 (D.D.C. 2005), *citing*, Olgyay v. Soc. For Envtl. Graphic Design, Inc.,169 F.R.D. 219, 220 (D.D.C. 1996).

---

[6] Defendant did send a total of two email inquiries on June 10, 2008 and June 26, 2008 regarding the IME, which both explained Defendant's preference to obtain stipulations in lieu of an IME. See Defendant's Motion, Exhibit # 3. However, it is unclear why Defendant waited until August 4, 2008 (seven calendar days prior to the close of discovery) to address the issue again and the only explanation is that Defendant had hoped to obtain stipulations rather than conduct the extensive discovery required, during the additional sixty day discovery period, to ascertain Plaintiff's extent of compensatory damages. Notwithstanding this tactical decision of Defendant, Plaintiff did consent to participate in the IME after resolution of any summary judgment motion. See Defendant's Motion, Exhibit # 2.

The Court has broad discretion in structuring discovery and resolving discovery problems. See Hussain v. Nicholson, 435 F.3d 359, 363 (D.C. Cir. 2006). However, modifications to court-ordered discovery periods and scheduling orders must be justified by the movant through a showing of good cause. See Fed. R. Civ. P. 16(b); L.Cv.R. 16.4. The "good cause" standard focuses primarily upon the diligence of the party seeking the modification to the scheduling order. See Dag Enterprises, Inc., supra, 226 F.R.D. at 105-106. As well, the party opposing the additional discovery cannot be unduly prejudiced by the movant's requests for said discovery. Id., 226 F.R.D. at 110 (finding undue prejudice where movant requested re-opening of another round of expert discovery when defendant had already incurred significant expense in litigating prior matters).

As to prejudice, Plaintiff herein would be subjected to another round of "medical discovery" where depositions of her health-care providers would require additional review of medical records produced almost one year ago, further witness preparation, and the resulting fees and expenses of a second round of discovery. The granting of a deferral of "medical discovery" essentially acts as an after the fact bifurcation of discovery and, in essence, re-opens the discovery period in this case. Granting the deferral also presents issues regarding case management as it leaves it to Defendant to decide when Defendant is ready to conduct these depositions; and prejudices Plaintiff in that it will require additional time, expense, and fees for discovery that was not envisioned during the court-ordered discovery period. Moreover, Plaintiff would also be tasked with preparing for pretrial and trial while at the same time preparing for and conducting "medical discovery" of her physicians. For the undue prejudice caused to Plaintiff, the motion must be denied.

As pertaining to diligence, the parties jointly moved for extensions of discovery on three occasions, all of which were granted, and at no time therein did Defendant notice depositions of Plaintiff's health care providers. Defendant had ample time and opportunity, commencing as early as August 2007 (almost one year ago), within which to (at least) specifically notice the depositions of Plaintiff's health care providers, but did not. Defendant has presented no justifiable reason for failing to complete "medical discovery" during the thrice enlarged discovery period. Further, at no time did the Defendant ever request bifurcation of discovery to conduct "medical discovery" after the close of discovery and / or after resolution of any motion for summary judgment. Moreover, at no time did Plaintiff enter into any other stipulations (other than for the IME) to conduct additional "medical discovery" after the close of the court-ordered discovery period. See generally, Fed. R. Civ. P. 29 (allowing for parties to stipulate to matters regarding depositions provided that such agreements require the Court's approval should it result in interference with the time set for completing discovery). Finally, as evidenced by the absence of any notices in Defendant's Motion, and contrary to the requirements of Fed. R. Civ. P. 30(a) and 30(b)(1), at no time during the court-ordered additional sixty day discovery period did Defendant ever issue notices of depositions and subpoenas (ad testificandum) to Plaintiff's health care providers. See also, Williams v. Johanns, 2007 WL 1723662, * 3 (D.D.C. June 14, 2007) (counsel's stated intent to depose witness does not trump requirement of service of notice). Defendant cannot be said to have acted diligently in pursuing depositions of Plaintiff's physicians where, for a period of sixty additional days (as ordered by the Court), no notices and subpoenas for deposition testimony were ever served. For this reason, the Defendant's motion must be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's requests as to conducting depositions of Plaintiff's health care providers after resolution of any summary judgment motion should be denied as Defendant has failed to show good cause for an entry of an order "deferring medical discovery" (other than for the IME), and as such additional rounds of discovery would be unduly prejudicial to Plaintiff.

Respectfully submitted,

/s/

/s/ Diana J. Veilleux
D.C. Bar No. 418292
Dveilleux@shawbransford.com
/s/ Ralph C. Conte
D.C. Bar No. 447022
rconte@shawbransford.com
/s/ Lisa A. Bernstein
D.C. Bar No. 466215
lbernstein@shawbransford.com
Shaw, Bransford, Veilleux & Roth, P.C.
1100 Connecticut Avenue, N.W., Suite 900
Washington, D.C. 20036
Telephone: (202) 463-8400
Facsimile: (202) 833-8082

Counsel for Plaintiff