EXHIBIT
PLTF'S #2

SHAW, BRANSFORD, VEILLEUX & ROTH
ATTORNEYS AT LAW
PROFESSIONAL CORPORATION
1100 CONNECTICUT AVENUE, N.W., SUITE 900
WASHINGTON, D.C. 20036
(202) 463-8400

FAX:
(202) 833-8082

WEB:
www.shawbransford.com

October 4, 2007

VIA EMAIL AND REGULAR MAIL

Alan Burch, Esq.
Assistant United States Attorney
Office of the U.S. Attorney for
the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

Re: Sharon L. Nuskey v. James H. Lambright, Chairman and President, Export-Import Bank of the United States, Civil Action No: 1:06CV01573

Dear Mr. Burch:

We are writing in response to your letter, dated October 1, 2007, with regard to several matters that you raise related to discovery in Ms. Nuskey's case against the Bank.

First, we disagree with the bases that you provide in support of the agency's objections to our notice of the depositions of former Vice-Chair April Foley[1] and current Vice Chair Linda Conlin. Both have relevant personal knowledge about the claims and issues in Ms. Nuskey's EEO complaint, which is largely evident by the affidavits that they provided during the agency investigation of Ms. Nuskey's formal EEO complaint and which are included as part of the report of investigation. Accordingly, their depositions are reasonably calculated to lead to the discovery of admissible evidence. Moreover, their current or former rank of employment with the federal government is irrelevant for the purposes of scheduling their depositions and is not a legitimate ground for the government's objections. If the government is still unwilling to produce Ms. Foley and Ms. Conlin for their depositions notwithstanding these contentions, we plan to move to compel their attendance with the Judge.

Second, with regard to the other depositions that the government has not objected to, we are scheduling depositions for the following witnesses on the following dates based on your October 1, 2007 letter. Notices of depositions for each of these witnesses will be sent to you

---

[1] We understand that Ms. Foley is presently located in Hungary, and therefore Ms. Nuskey is prepared to take her deposition by telephone.

under a separate letter:

1. C. Michael Forgione - Wednesday, October 31, 2007, commencing at 10:00 a.m.

2. Craig O'Connor - Thursday, November 1, 2007, commencing at 10:00 a.m.

3. John Emmens - Friday, November 2, 2007, commencing at 10:00 a.m.

4. Jeffrey Miller - to be determined once we hear back from you about his dates of availability

5. Margaret Kostic - Tuesday, October 23, 2007, commencing at 10:00 a.m.

8. Gregory DaDamio, Thursday, October 25, 2007, commencing at 10:00 a.m.

9. Ana Patricia Guzman-Evans, commencing shortly after the completion of Mr. DaDamio's deposition on Thursday, October 25, 2007.

10. Patrease Jones Brown - Tuesday, October 30, 2007, commencing at 10:00 a.m.

Third, Ms. Nuskey will not agree to the stipulations set forth in your October 1st letter with regard to limiting her claim for damages. As stated in Ms. Nuskey's responses to the agency's Second Requests for the Production of Documents, she is in the process of obtaining records from her health care providers in support of her claim for damages. We will forward them to the agency once they are received. Therefore, Ms. Nuskey has been cooperating with the agency with regard to that part of its written discovery requests. However, she will not voluntarily agree to subject herself to an independent medical examination based on the nature of her damages. The agency can notice the depositions of her health care providers that were listed in her written discovery responses and can ask Ms. Nuskey about her claim for damages if it chooses to take her deposition. Given the broad language and time frame[2] set forth in the draft medical authorization releases propounded by the agency, Ms. Nuskey believes that it is likely that the IME will only be an invasion of her privacy and will seek to discover information that is

---

[2] It is curious that while the agency has requested medical information on Ms. Nuskey for a ten year time frame even though she was employed by the agency for less than one year and was removed two and a half years ago, it is attempting to significantly narrow the time frame for its responses to her written discovery requests.

irrelevant and completely unrelated to the issues raised in her civil complaint. Accordingly, Ms. Nuskey objects to any request for an IME.

It is our hope to resolve these issues amongst the parties, along with any issues that the agency may have with the ESI language in the draft supplemental meet and confer report. However, if we cannot informally resolve those issues, then the parties should jointly schedule a teleconference call with the Judge Friedman sometime within the next ten calendar days.

Thank you for your prompt attention to these matters.

Very truly yours,

Diana J. Veilleux
Lisa A. Bernstein