UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON L. NUSKEY,<br><br>Plaintiff,<br><br>v.<br><br>JAMES H. LAMBRIGHT,<br><br>Defendant. | Civil Action No.: 06-1573 (PLF) (JMF) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION**
**TO DEFER MEDICAL DISCOVERY**

Defendant James H. Lambright, Chairman and President, Export-Import Bank of the United States ("Ex-Im Bank"), respectfully files this reply in support of its motion, no. [40], to defer discovery regarding Plaintiff's medical condition and independent medical examination ("IME"), until after resolution of Defendant's forthcoming motion for summary judgment.

Plaintiff's opposition, no. [42], cites several examples of Defendant's alleged lack of diligence in pursuing depositions of Plaintiff's treating physicians, but Plaintiff's opposition conveniently ignores Plaintiff's gamesmanship in delaying the key step that logically should have come first--the IME of Plaintiff. Plaintiff's opposition does not rebut the core factual allegation in Defendant's motion--that Plaintiff failed to cooperate by ignoring several requests, both in writing and telephone calls to counsel, to schedule the IME. Indeed, Plaintiff does not offer any explanation whatsoever for her failure to cooperate on this matter. It is apparent from the record that she has always resisted the IME vigorously, and it now appears that even the Court's order of June 10, 2008, has not moved her to cooperate in scheduling the IME.

Nor does Plaintiff rebut Defendant's explanations for why the deferral makes sense.

Most importantly, taking the IME prior to the depositions of Plaintiff's medical professionals will maximize the ability of the respective sides' medical professionals to understand each others' opinions, methodologies, and conclusions in advance of trial, which in turn will result in the most thorough explication of any differences and provide the Court the deepest and broadest explanation of the evidence of Plaintiff's non-economic damages. Plaintiff's refusal to cooperate in scheduling the IME undermines this goal, without justification.

In addition, having the IME and related depositions closer in time to the trial will provide a more accurate assessment of such damages. And it is also true that resolution of Defendant's upcoming summary judgment motion may well make the issue moot. Plaintiff's opposition does not seriously attempt to challenge the merits of these reasons.

At the same time, Plaintiff's claims of prejudice are exaggerated. First, Defendant's request will not result in "additional" time or expense for discovery, contra Plf. Opp. at 8, because Defendant is not seeking to expand the scope of discovery beyond what Plaintiff has herself made necessary. Instead, Defendant is merely seeking to take the discovery at a later time (and preserve the chance it will be unnecessary and so save time and expense). Second, the claim of prejudice from having to defend discovery while preparing for trial at the same time, see id., assumes a great deal about the scheduling of such proceedings, but the more reasonable assumption is that the Court could easily schedule things to avoid any such prejudice.

Two other points deserve brief mention. Plaintiff claims she "immediately" provided releases for Defendant to subpoena her medical records, id. at 4, but this was after her months' long resistance necessitated the June 10, 2008, Order compelling her to give the releases and even thereafter it was something short of "immediate" because the signed releases were not

received by counsel for Defendant until nearly two weeks after that. Hence, Plaintiff's delay here also contributed to the difficulty in obtaining the medical records. Finally, Plaintiff does not dispute that it makes sense to obtain the written medical records first prior to proceeding with depositions. Depending on their contents and the results of the IME, it is still possible that Defendant may decide not to take any additional depositions.

Plaintiff is correct in recognizing that the Court has broad discretion in controlling discovery and crafting discovery orders and procedures. Here, Defendant's motion facilitates the fullest exploration of Plaintiff's non-economic damages, and Plaintiff's ongoing refusal to schedule her IME has thwarted that goal without good reason. Defendant's motion is the most reasonable response to her failure to cooperate.

August 27, 2008

Respectfully submitted,

__________________________________

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/

ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

OF COUNSEL:
Brian Sonfield
Office of the General Counsel
Export-Import Bank of the United States