UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
SHARON L. NUSKEY,                       )
                                        )
                 Plaintiff,             )
                                        )
         v.                             )        Civil Action No. 06-1573 (PLF)
                                        )
FRED P. HOCHBERG,                       )
                                        )
                 Defendant.             )
_____)


MEMORANDUM OPINION

This is an employment discrimination case in which the plaintiff, Sharon Nuskey,

alleges gender discrimination and retaliation against the U.S. Export-Import Bank under Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16.

Plaintiff seeks to call Colleen Getz, Michael Cushing, Monika Edwards, Cheryl

Conlin, and Mary Beth Adamchick as trial witnesses to offer so-called "me too" testimony. See

Sprint v. Mendelsohn, 552 U.S. 379 (2008).[1]  Plaintiff also seeks to introduce portions of

Margaret Kostic's deposition into evidence as "me too" testimony.  Ms. Kostic is not available

for trial, as she died on May 26, 2010.  The purpose for which plaintiff offers such testimony is to

support the inference that the plaintiff's supervisor, Michael Forgione, discriminated and

_____

[1]        Plaintiff failed to disclose that it planned to call Mr. Cushing, Ms. Edwards, and
Ms. Getz until it included them as potential witnesses in the Joint Pretrial Statement, filed on
July 7, 2010.  Because defendant sought to determine all persons who might have information
relevant to the case and the names of all persons plaintiff expected to call as witnesses during
discovery, plaintiff's failure to disclose these witnesses is a violation of Local Civil Rule
16.5(b)(5).  Plaintiff therefore is precluded under Rules 26 and 37 of the Federal Rules of Civil
Procedure from calling them as witnesses unless her failure to identify them earlier was
substantially justified or harmless.  See Elion v. Jackson, 544 F. Supp. 2d 1, 4-7 (D.D.C. 2008).

retaliated against her when he terminated her on the ground that she was "not a good fit" for the

Bank.  See Joint Pretrial Statement at 5.  Defendant urges the Court to exclude all of these "me

too" witnesses.  At the Final Pretrial Conference, the Court stated that it would exclude the

testimony of Colleen Getz, Michael Cushing, and Monika Edwards and reserved judgment as to

Mary Beth Adamchick and Margaret Kostic.  This Memorandum Opinion explains the Court's

reasoning for excluding or admitting the "me too" testimony.

        The Federal Rules of Evidence permit the admission of "relevant evidence," see

FED. R. EVID. 401, 402, provided such evidence is not otherwise excluded by the Rules and

> its probative value is [not] substantially outweighed by the danger
> of unfair prejudice, confusion of the issues, or misleading the jury,
> or by considerations of undue delay, waste of time, or needless
> presentation of cumulative evidence.

FED. R. EVID. 403.  Evidence of an employer's past discriminatory or retaliatory behavior toward

other employees – so-called "me too" testimony – may, depending on the circumstances, be

relevant to whether an employer discriminated or retaliated against a plaintiff.  See Sprint v.

Mendelsohn, 552 U.S. at 385-88; Parker v. HUD, 891 F.2d 316, 321 (D.C. Cir. 1989); Elion v.

Jackson, 544 F. Supp. 2d at 8.  Such testimony is neither *per se* admissible nor *per se*

inadmissible; the question whether such testimony is relevant and sufficiently more probative

than unfairly prejudicial in a particular case is "fact-based and depends on many factors,

including how closely related the evidence is to the plaintiff's circumstances and theory of the

case." Sprint v. Mendelsohn, 552 U.S. at 387-88.  As this Court has explained, among the

factors to consider are whether such past discriminatory behavior by the employer is close in time

to the events at issue in the case, whether the same decisionmakers were involved, whether the

witness and the plaintiff were treated in a similar manner, and whether the witness and the

plaintiff were otherwise similarly situated.  See Elion v. Jackson, 544 F. Supp. 2d at 8; see also

White v. United States Catholic Conference, Civil Action No. 97-1253, 1998 WL 429842, at *5

(D.D.C. May 22, 1998).[2]

*A.  Colleen Getz*

During Ms. Nuskey's tenure at the Bank, Dr. Getz was the Director of Economic

Analysis.  Plaintiff proffers that Dr. Getz will testify that while she was working at the Bank she

suffered sex discrimination from a male superior, someone other then Mr. Forgione.  Plaintiff

contends that the purported gender discrimination against Dr. Getz was close in time to the

events at issue in this case and that the testimony should be admitted based on the Elion factors.

See Joint Pretrial Statement at 12-13.

Plaintiff's contention that the events at issue were close in time is misplaced.

Although their tenures at the bank overlapped, the incidents that gave rise to Dr. Getz's

complaint occurred approximately ten years before the events at issue in the instant case.

Furthermore, Dr. Getz never worked for Mr. Forgione or for Craig O'Connor (another of

plaintiff's supervisors), and the parties agree that neither of these individuals is implicated in the

Getz case.  Moreover, Dr. Getz and the plaintiff were not similarly situated.  In fact, Dr. Getz had

a different title, different job responsibilities, and reported to different supervisors.  The only

ascertainable similarities to the Getz situation and the instant case are that Dr. Getz is a woman,

the purported discrimination against her also was gender-based, and the purported discrimination

---

[2]        Such testimony does not run afoul of Rule 404(b) of the Federal Rules of
Evidence because that Rule explicitly contemplates the admission of "other acts" as evidence to
show motive or intent.  FED. R. EVID. 404(b).

originated with a male supervisor. These similarities are not enough to overcome the fact that the incidents were not close in time and that there were different decisionmakers involved. See Elion v. Jackson, 544 F. Supp. 2d at 8-9. Dr. Getz's "me too" testimony is not relevant and will be excluded.

### B. Michael Cushing

Mr. Cushing is currently the Vice-President in charge of personnel at the Bank. Plaintiff contends that Mr. Cushing had some involvement in the present case and also can testify to the manner in which Bank management handled the Getz case. See Joint Pretrial Statement at 8. Because the Court has ruled that Dr. Getz's "me too" testimony is irrelevant, see *supra* at 3-4, it follows that Mr. Cushing's testimony regarding the Getz case is also irrelevant.

With respect to the instant case, Mr. Cushing had no involvement in the plaintiff's termination, does not work for Mr. Forgione, and cannot speak to Ms. Nuskey's travel plans. Mr. Cushing is a male and is a Vice-President at the bank and therefore is not similarly situated. There is no indication that Mr. Cushing can personally attest to the plaintiff's discrimination complaints against Mr. Forgione, except to the extent that he was the Bank's representative in the attempt at mediating this matter. The parties have agreed that testimony about settlement efforts and mediation will not be admitted at trial. Mr. Cushing's proposed testimony is irrelevant.

### C. Monika Edwards

Monika Edwards is currently employed with the Planning and Policy Office at the Bank. Plaintiff proffers Ms. Edwards to testify about her own experience being treated in a sexist manner by a male supervisor while employed at the Bank. She is further proffered to

testify that the Bank made similar promises to both Ms. Edwards and Ms. Nuskey in order to procure their employment. See Joint Pretrial Statement at 10-11.

Ms. Edwards's testimony about her sexist treatment by a supervisor relates to events that occurred approximately three years after the allegedly unlawful conduct in the instant case. While this does not necessarily render her "me too" testimony irrelevant, "[s]ubsequent actions by an employer . . . may be less probative of an employer's intent than prior actions . . . . That is not to say, however, that subsequent acts can have no probative value; they may still be relevant to intent." See Elion v. Jackson, 544 F. Supp. 2d at 9 (quoting Ansell v. Green Acres Contracting Co., Inc., 347 F.3d 515, 524 (3d Cir. 2003)). In this case, however, Ms. Edwards will testify that a different male supervisor, not Mr. Forgione or Mr. O'Connor, engaged in the allegedly sexist conduct. Moreover, based on the record before the Court, the plaintiff has not shown that Ms. Edwards and Ms. Nuskey were similarly situated or that the plaintiff and the witness were treated in a similar manner. Plaintiff's contentions on these issues are conclusory, as there is little factual evidence presented in either plaintiff's motion in limine or in the Joint Pretrial Statement. On the record before the Court, the Court concludes that Ms. Edwards's testimony should be excluded under Elion.

*D. Cheryl Conlin*

For the first time, in Plaintiffs Motion to Reconsider, plaintiff's counsel proffers "me too" testimony from Ms. Conlin that Mr. Forgione made sexist comments directly to Ms. Conlin. Based on the exhibits cited by plaintiff's counsel, it is unclear what the comments were and whether they were made close in time to the events at issue in this case. The Court reserves ruling on this issue until plaintiff's counsel provides a specific proffer as to the matters about which Ms. Conlin will testify.

*E. Mary Beth Adamchick*

Ms. Adamchick was a special assistant to Senior Vice-President Jeffrey Miller at the time of the events at issue in this case. Plaintiff proffers Ms. Adamchick to testify that Mr. Forgione made sexist comments directly to Ms. Adamchick, that she worked in the same physical area as Ms. Nuskey, and that she was present when Mr. Forgione and other supervisors discussed plaintiff's termination.

Ms. Adamchick's testimony involves the same decisionmaker and events close in time to the events in this case. Furthermore, Ms. Adamchick and Ms. Nuskey appear to have been treated in a similar manner by the same person. Ms. Adamchick's testimony about Mr. Forgione's treatment of her and of other women is admissible, provided it is based on Ms. Adamchick's personal knowledge or observations and involves specific events (rather than vague generalizations) that are indicative of defendant's intent. See Howard v. Dist. of Columbia Pub. Sch., 531 F. Supp. 2d 115, 117-18 (D.D.C. 2008). Furthermore, her testimony must be about incidents that occurred during Ms. Nusky's tenure at the Bank and it may not constitute an impermissible lay opinion. See FED. R. EVID. 701. Ms. Adamchick will also be permitted to testify about meetings she attended or conversations by supervisors that she heard concerning Ms. Nusky's termination. Ms. Adamchick, however, will not be permitted to testify about materials another Bank employee received and transmitted on his office computer, because such testimony would be unduly prejudicial and does not implicate the person alleged to be the primary discriminating official in this case.

*F. Margaret Kostic*

Ms. Kostic was Ms. Nuskey's initial first-line supervisor and later became Director of the Russia and CSIS Branch of the Bank. Plaintiff seeks to present those portions of Ms. Kostic's deposition that: (1) describe Mr. Forgione's sexist conduct or lack of professionalism, (2) indicate Ms. Kostic's high regard for Ms. Nuskey's work at the Bank, and (3) relate to the travel dispute that may have led to Mr. Forgione's firing of Ms. Nuskey.

With respect to the first category, to the extent that the testimony relates to Ms. Kostic's own direct personal observations and experiences about how Mr. Forgione treated Ms. Nuskey, Ms. Kostic herself, or other women, and so long as the events about which she was deposed were close in time to the events in this case, the testimony will be admitted. To the extent that her testimony is based on reputation or hearsay, is not close in time to the events in this case, or does not relate to Mr. Forgione, the testimony will not be admitted.

As to the second category, consistent with its ruling on other witnesses, see Final Pretrial Order at 4, the Court will admit Ms. Kostic's testimony about her own high regard for Ms. Nuskey's work, provided that the testimony reflects Ms. Kostic's own personal observations.

Because the travel issue is directly related to the purported pretext for terminating Ms. Nuskey, Ms. Kostic's testimony on this matter is relevant. In addition, Ms. Kostic personally had conversations with Mr. Forgione regarding Ms. Nuskey's travel plans. Her testimony on both these matters therefore will be permitted.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: July 19, 2010